IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO.: 1:12 cv 1082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE: Christopher A. Boyko |
| vs. | ) | |
| | ) | |
| LYNX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S EXPEDITED MOTION FOR CLARIFICATION

Plaintiff, MRI Software, LLC ("MRI"), by and through its undersigned counsel, respectfully moves this Court for an Order clarifying the following two orders, which were issued yesterday: (1) "Order [non-document] granting in part Plaintiff's Motion to exceed page limitations (Related Doc # [5]); Plaintiff's memorandum shall not exceed 20 pages"; and 2) "Order [non-document] granting Defendant's stipulated [9] Motion to extend time until 5/28/2012 to respond to motion for preliminary injunction."

On May 1, 2012, MRI filed its Motion for Leave to Exceed Page Limitation *Instanter* [Doc. #5]. Therein, MRI respectfully requested an order increasing the page limitation for Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction to 31 pages. Also on May 1, MRI filed its 31-page Memorandum in Support of Preliminary Injunction Motion [Doc. #6-2]. The foregoing going papers were all personally served upon Defendant, Lynx Systems, Inc. ("Lynx"), on May 2, 2012. *See* Doc. # 8, Affidavit/Declaration of Service.

MRI's Motion to exceed the page limitation was supported by very good cause. MRI's Motion for Preliminary Injunction raises several substantive and important issues. Additional

pages were necessary to show that MRI is clearly likely to prevail on each of its claims for copyright infringement, violation of the DMCA, false advertising, disparagement and deceptive trade practices, and to explain how Lynx's conduct is immediately and irreparably harming MRI with each passing day, thus strongly warranting the requested preliminary injunctive relief. MRI's Complaint sets forth **_17_** separate causes of action against Lynx; however, in the interest of judicial economy, to conserve pages, and mindful of this Court's page limitations, MRI chose to pursue a preliminary injunction as to only **_5_** of its claims.

Yesterday, twenty-one days after the foregoing papers were served on Lynx, the Court issued an order permitting MRI to file a 20-page brief.  The Court's Order was not accompanied by an opinion finding that good cause did not exist for the 31 pages requested by MRI.  The effect of the Court's order is to require MRI to expend significant additional resources and costs in preparing a new 20-page memorandum in support of its Preliminary Injunction Motion, to replace its previously filed and served 31-page memorandum.  In the meantime, as set out in MRI's Memorandum in Support of Motion for Preliminary Injunction [Doc. # 6-2], Lynx is causing ongoing and irreparable harm to MRI by, among other acts, infringing MRI's copyrights and trademarks.

Furthermore, just minutes following the Court's order on MRI's motion to exceed the page limit, the Court issued an order *granting* the parties' stipulated motion to extend the time until May 28 for Lynx to respond to MRI's Motion for Preliminary Injunction.  From this order, it seems clear it was *not* the Court's intention that MRI be required to submit a new brief in support its Motion for Preliminary Injunction.  Moreover, the Court's silence for 22 days following MRI's filing further strongly suggests that it was not the Court's intention that Lynx's time for response to MRI's Motion for Preliminary Injunction be tolled during the interim.

Rather, the Court's order makes clear that Lynx is to respond to MRI's Motion and Memorandum in Support of Preliminary Injunction Motion -- which Lynx has had since May 2 -- on May 28, as Lynx stipulated it would do. Nonetheless, Lynx has now adopted the position that its previous stipulation that it would file its opposition brief by May 28, and the Court's order requiring Lynx to file its opposition brief on May 28, are both meaningless.

If the Court's Orders are not clarified, during the time that MRI will need to prepare a new memorandum, Lynx's infringing and improper conduct will continue unabated to the continued harm of MRI. This outcome is particularly harmful and prejudicial in view of the fact that Lynx has had MRI's Motion for Preliminary Injunction and Supporting Memorandum for 22 days. In addition, Lynx has indicated that it does not and will not oppose the 31-pages requested by MRI, and MRI has agreed that Lynx be permitted an equal number of pages for its opposition.[a]

In view of the foregoing considerations, and particularly in view of the extremely important interests of both MRI and the public at issue in MRI's Motion for Preliminary Injunction, MRI respectfully requests that the Court clarify the foregoing conflict by issuing an order accepting MRI's Memorandum in Support of its Motion for Preliminary Injunction [Doc. # 6-2] as filed on May 1, 2012 and served on May 2, 2012.

---

[a] Lynx's assent to mutual 31-page briefs was reflected in its Proposed Order appended to its Motion for Expedited Discovery and Briefing Schedule (Doc. #11-3), as well as in a telephone call between counsel today. MRI opposes the relief requested in Lynx's foregoing motion (indeed, Lynx's requests therein directly contradict its earlier stipulation), and MRI will file its opposition to that motion promptly.

May 24, 2012                                    Respectfully submitted,

By: */s/ Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail:dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Georgia E. Yanchar*
One of the Attorneys for Plaintiff
