UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082-CAB |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | Lynx's Response To MRI's |
| Lynx Systems, Inc., | ) | Motion For Clarification |
| | ) | |
| Defendant. | ) | |

MRI Software, LLC, has moved for clarification of three recent procedural orders relating to its complaint and preliminary injunction motion. (ECF # 13.) For the reasons set forth below, defendant Lynx Systems, Inc., believes that the Court's orders are clear and unambiguous and no clarification is needed: MRI has not properly filed or served its complaint and injunction motion as permitted by the Court's orders, so the time for Lynx to respond has not yet started to run.

MRI has not yet filed or served a complaint or preliminary injunction motion that complies with the Federal and Local Civil Rules. The Court granted MRI leave to file an exhibit to its complaint and its injunction motion under seal. (ECF # 12.) While MRI filed that exhibit under seal, it has not yet served it on Lynx. The Court also permitted MRI to file a 20-page brief in support of its preliminary injunction motion, but not a 31-page brief as MRI requested. (May 23, 2012 Order, granting ECF # 5.) MRI, however, has not yet filed or served a page-compliant brief. The time periods for Lynx to file and serve responses to MRI's complaint and injunction motion therefore have not commenced – and will not commence until MRI does so.

{3793250:}

Lynx's time to respond to MRI's preliminary injunction motion will not start to run until MRI files and serves a supporting memorandum that complies with all of the Court's requirements. *See* Local Civil Rule 7.1(c). That has not yet occurred. The Court granted MRI leave to file its exhibit under seal, and it granted MRI leave for an additional 5 pages for its supporting memorandum, but not the 16 additional pages MRI sought. Since then, MRI has neither served the sealed exhibit nor filed a page-compliant brief, so Lynx still has not seen all of the evidence on which MRI relies and it does not know what arguments MRI will make once it complies with the Court's 20-page limit.[1] Therefore, the time for Lynx to respond will not start until MRI files and serves a page-compliant memorandum that includes a copy of the sealed exhibit.[2]

Lynx's time to respond to MRI's complaint also has not commenced because MRI has not properly served its complaint upon Lynx. Federal Rule of Civil Procedure 4 requires delivery of a summons and a copy of the complaint to effect proper service of process. *See* Fed. R. Civ. P. 4(c)(1). Because an exhibit to a complaint is "a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), MRI must deliver a copy of its complaint with all exhibits to perfect service on Lynx. *See Gill v. Waikiki Lanai, Inc.*, Civ. No. 10-00557, 2011 WL 3648772, at *7 (D. Haw. Aug. 18, 2011) (dismissing case for failure of service where plaintiff served

---

[1] Moreover, the Court has not ruled on Lynx's pending motion for limited discovery and a modified briefing schedule. (ECF # 11.)

[2] Since there is no memorandum in support of an injunction properly of record, Lynx could only respond at this time by opposing MRI's injunction motion as unsupported.

incomplete complaint). Although MRI has now filed the omitted exhibit under seal, it still has not served that document. Lynx therefore cannot move, plead or otherwise respond to any of the claims and allegations to which that document relate, and by rule the time for its response will not run until that document is served on Lynx.

The parties' stipulated motion for extension does not change the analysis or the conclusion. Lynx requested and MRI agreed to <u>additional</u> time because Lynx had just retained counsel and "need[ed] more time to review MRI's complaint and motion." (ECF # 9.) Lynx did not determine until it subsequently reviewed MRI's complaint and motion – which comprise more than 600 pages – that MRI did not properly served its complaint and that it did not have the Court's permission to file a 31-page brief. But now, MRI wants the Court to conclude that, because Lynx did not discover that MRI failed to comply with its filing requirements until it had an actual opportunity to review MRI's filings, it somehow forfeited its entitlement to the time afforded every defendant as a matter of right. That is not consistent with either the letter or the spirit of the parties' stipulated motion, the applicable Rules, or the Court's orders, and should not be credited by the Court.

For the foregoing reasons, Lynx respectfully asks that the Court confirm that Lynx's time to respond to MRI's complaint shall commence upon MRI's service of a complete copy of the complaint, inclusive of all exhibits, upon Lynx and that Lynx's time to respond to MRI's preliminary injunction motion shall commence upon MRI's filing and service of a page-compliant memorandum in support that

includes all relevant exhibits and evidence. Lynx further asks that the Court permit it limited discovery and that it modify the briefing schedule for MRI's preliminary injunction motion as set forth in Lynx's Motion for Expedited Discovery and Briefing Schedule (ECF # 11).

Respectfully submitted,

Dated: May 29, 2012

s/ David T. Movius
David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

John T. McLandrich (OH 0021494)
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861
jmclandrich@mrrlaw.com

*Counsel for Lynx Systems, Inc.*

Certificate Of Service

I hereby certify that on May 29, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                            s/ David T. Movius
                                         *Counsel for Lynx Systems, Inc.*

{3793250;}