# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MRI SOFTWARE, LLC,** | ) | **CASE NO.1:12CV1082** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **LYNX SYSTEMS, INC.** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Expedited Motion for Clarification (ECF # 13).

By way of background, Plaintiff filed a fifty-five page Complaint on May 1, 2012, alleging Copyright

Infringement, violation of the Computer Fraud and Abuse Act, violation of Title II of the Electronic

Communications Privacy Act, violation of the Digital Millennium Copyright Act, violation of the

Canadian Copyright Act, Misappropriation of Confidential Business Information and/or Trade Secret in

violation of Ohio law, Trespass, Breach of Contract, Inducement of Breach, Intentional or Negligent

Interference with Existing and Prospective Economic Advantage, Trademark Infringement, Unfair

Competition, Commercial Disparagement, False Advertising, Deceptive Trade Practices, Unjust

Enrichment/Restitution, and Action for Accounting against Defendant for its alleged improper business practices. According to Plaintiff's Complaint, Defendant holds itself out as a provider of support services for licensees of Plaintiff's proprietary software. In doing so, Plaintiff alleges Defendant improperly and unlawfully accesses, copies and creates derivative works of Plaintiff's software. Furthermore, Plaintiff contends Defendant disparages Plaintiff's product while falsely holding itself out as a partner or affiliate of Plaintiff.

On the same day it filed its Complaint, Plaintiff also filed a Motion for Leave to Exceed the Page Limitations *Instanter,* requesting the Court permit Plaintiff to file a thirty-one page brief in support of its Motion for Preliminary Injunction. Without first obtaining leave, and in violation of Local Rule 7.1(f), Plaintiff filed its non-compliant brief on May 1, 2012. On May 14, 2012, the parties filed a Stipulated Motion for Extension of Time requesting a 10-day extension of time, until May 28, 2012, for Defendant to respond to Plaintiff's Motion for Preliminary Injunction and a 10-day extension, until June 4, 2012, to move, plead, or otherwise respond to the Complaint.

On May 22, 2012, Defendant filed a Motion for Expedited Discovery and Briefing Schedule (ECF # 11). Defendant's Motion asks the Court to permit limited discovery in the form of four depositions in order that Defendant may adequately respond to Plaintiff's Preliminary Injunction Motion. Defendant's Motion further asks the Court to continue the date for its opposition brief to the Motion for Preliminary Injunction until fourteen days after the limited discovery is complete. Plaintiff filed its opposition on May 29, 2012.

On May 23, 2012, the Court granted, in part, and denying, in part, Plaintiff's Motion for Leave

2

to Exceed the Page Limitations, granting Plaintiff an additional five pages for total of twenty pages on a non-dispositive motion.  That same day, the Court also granted the parties' stipulated joint motion to extend the time for Defendant to both answer the Complaint and oppose the Preliminary Injunction. On May 24, 2012, Plaintiff filed its Motion for Clarification of the Court's May 23, 2012 rulings.

**Plaintiff's Motion**

Plaintiff's Motion is, in actuality, a motion for reconsideration of the Court's ruling limiting Plaintiff's Motion for Preliminary Injunction to twenty pages as evidenced by its request the Court accept the thirty-one page Memorandum.   Plaintiff complains that the Court did not issue an opinion finding that good cause did not exist to file a thirty-one page non-dispositive motion; that the Court was silent for 22 days before ruling on Plaintiff's motion for leave to exceed the page limitations and that this silence indicates the Court did not intend to toll Defendant's time to oppose the Motion; the Court's rulings are inconsistent with requiring Plaintiff file a new Motion for Preliminary Injunction in that it limits a Motion, already filed, to eleven pages less than its current form, then grants the parties' stipulation that Defendant have until May 28 to respond to the Motion.  Plaintiff further complains that Defendant assented to the thirty-one page limit as evidenced by its proposed order attached to its Motion for Limited Discovery.

The Federal Rules of Civil Procedure do not provide for motions to reconsider.  Although motions for reconsideration may frequently be brought, they are granted only in rare and unusual circumstances.[1]  *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999);

---

[1]     In fact, at least one Judge in this district routinely sanctions unfounded Motions for Reconsideration.  See *DIRECTV, Inc. v. Kruse*, No. 3:03CV7407, 2004 WL

3

*Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

> "Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.  To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues."

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (internal citations and quotations omitted).

Furthermore, a "motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."  *Davie v. Mitchell*, 291 F. Supp.2d 573, 634 (N.D. Ohio 2003).  Plaintiff's motion accomplishes none of those goals; rather, it merely expresses disagreement with the Court's ruling.

Plaintiff's Motion for Clarification evidences a number of Plaintiff's misapprehensions.  Plaintiff misapprehends the operation of a motion for leave to file *instanter*.  No party is entitled to file a non-compliant brief for which leave has not yet been granted.  This Court's Local Rule 7.1 expressly states that all legal memoranda relating to non-dispositive motions "must not exceed fifteen (15) pages in length."  Plaintiff, in direct contravention of the Local Rule, presumptively filed its non-compliant brief in support of its Motion for Preliminary Injunction prior to obtaining leave.  Therefore, in the absence of Leave, the non-compliant brief in support of Plaintiff's Motion for Preliminary Injunction was never

---

1490437, (N.D. Ohio May 4, 2004).

4

properly pending before the Court and is stricken.[2]  Thus, any confusion was precipitated by Plaintiff's

failure to abide by the Local Rule.

       Plaintiff's Motion for Clarification further complains that the Court was "silent" for twenty-two

days before ruling on the Motion for Leave.[3]  It is apparent that Plaintiff further misapprehends the

adversarial nature of our judicial system.   No matter how brilliant or unassailable Plaintiff's Motion may

be to Plaintiff, Defendant is still entitled to proffer an opposition to it.   Plaintiff's Motion for Leave to

Exceed the Page Limitations did not indicate its Motion was consented to, unopposed, or stipulated to

by Defendant.   Once again, a cursory glance at Local Rule 7.1(d) indicates that a party has fourteen

days after service to file an opposition to a non-dispositive motion.  This would include Plaintiff's

Motion for Leave to Exceed the Page Limitations.  Local Rule 7.1(d) further extends the time to

respond another three days depending on how service was perfected.  Even if unopposed, Local Rule

7.1(g) reads, the Court may rule on an unopposed motion "after the time for filing an opposition has

expired."  By the Court's calculation, the time to oppose expired on May 18, 2012, a Friday.

Therefore, the earliest the Court could have ruled on the Motion was Monday, May 21, 2012.  While

-------------------

[2]    Plaintiff contends the Court's delay in ruling on its Motion for Leave should not serve to toll the time Defendant must respond to the Motion for Preliminary Injunction.  By filing the non-compliant brief in support of its Motion for Preliminary Injunction without first obtaining Leave to Exceed the Page Limitations Defendant's obligation to respond was not triggered under the Rules until Plaintiff filed a compliant brief.  Thus, Defendant's time to respond runs from May 30, 2012.

[3]    Plaintiff's counsel further contacted the Court's staff to complain that the Court "sat-on" the Motion for Leave for nearly a month.  Plaintiff's counsel is admonished not to waste the time of its staff with complaints, instead, Plaintiff should file a motion or send a letter addressing any issues she may have with the Court's ruling.  Any further such conduct will result in sanctions.

the Court recognizes its inherent duty to drop all other motions and proceedings to attend to Plaintiff's

Motion for Leave, regrettably it was unable to rule on the Motion for a total of TWO DAYS.

Apparently, while the Court "has the inherent power to manage its docket, subject of course to statutes

requiring special treatment for specified types of cases," *In re Prevot,* 59 F.3d 556, 566 (6th

Cir.1995), there exists an exception for motions filed by Plaintiff's counsel.

Plaintiff further misapprehends the Court's ruling by complaining the Court failed to render an

opinion demonstrating a lack of good cause to exceed the page limitations imposed by Local Rule 7.1.

Clearly, the Court FOUND good cause to exceed the page limitations when it granted Plaintiff an extra

five pages beyond the rule.

Finally, the Court's granting Defendant an extension of time to answer the Complaint and

oppose Plaintiff's Motion for Preliminary Injunction does not require any clarification.  The dates were

stipulated to by parties and accepted by the Court.  Plaintiff could simply have filed a modified,

compliant Motion for Preliminary Injunction shortly after the Court's ruling.  It would then have been up

to Defendant to determine if it needed additional time to oppose.  Instead, Plaintiff has chosen to seek

reconsideration of the Court's Order limiting the pages to twenty.  Plaintiff filed its compliant brief on

May 30, 2012, two days after the stipulated date for Defendant to respond, thus, Plaintiff's own actions

rendered the stipulated time to oppose moot.[4]

---

[4]     Furthermore, in filing its Motion for Expedited Discovery, Defendant asked the Court
to continue the date for its response to the Motion for Preliminary Injunction until
fourteen days after completion of depositions.  Therefore, Plaintiff was on notice that
Defendant was seeking additional time to respond.  Rather than oppose the Motion
prior to the May 28 stipulated date to respond, Plaintiff waited until May 29, 2012 to
oppose the Motion.

Plaintiff's counsel is admonished to consult and abide by the Local Rules, refrain from complaining to the Court's staff about rulings she deems unfavorable, refrain from usurping the Court's role in managing its docket, and refrain from assuming the Court will rubber stamp her motions without allowing opposing counsel the opportunity to respond.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  May 31, 2012