UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:11-cv-1702 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | Notice Of Incomplete Service |
| Lynx Systems, Inc., | ) | Or, In The Alternative, Motion |
| | ) | <u>For Scheduling Order</u> |
| Defendant. | ) | |

Defendant Lynx Systems, Inc., gives notice that plaintiff MRI Software, LLC has not perfected service of its complaint (ECF # 1) upon Lynx. Accordingly, unless the Court orders otherwise, Lynx will move, plead, or otherwise respond to MRI's complaint within 21 days after MRI serves Lynx with a complete copy of the complaint in accordance with the Federal Rules of Civil Procedure. If, however, the Court disagrees with Lynx's interpretation of the circumstances and controlling law, Lynx asks the Court to direct MRI to immediately serve the "Master Agreement" exhibit to the complaint, which is filed under seal but not served, and to provide Lynx with 10 days after such service to move, plead, or otherwise respond to the complaint.

Upon retaining counsel, Lynx asked MRI to consent to a 28-day extension of all deadlines so that Lynx could have time to read and investigate the over 600 pages that MRI filed when it initiated this action on May 1, 2012. MRI, however, refused to consent to more than a 10-day extension. Lynx accepted that short extension, but told MRI that Lynx may need to move the Court for additional time

{3805715:}

once it has a chance to more thoroughly review the filings. The parties then filed a stipulated motion for extension, which jointly represented to the Court that Lynx "needs more time to review MRI's complaint and motion." (ECF # 9.) The Court granted the extension motion as unopposed. (Dkt. Entry, May 23, 2012.)

Upon reviewing the filings and conferring with its client, Lynx's counsel discovered that MRI had not perfected service of its complaint or its injunction motion because MRI has not served Lynx with the "Master Agreement," which it designated as an exhibit to both its complaint and injunction motion. While MRI has now filed that exhibit under seal, it has not served it upon Lynx.

Lynx cannot answer or otherwise respond to the complaint without a copy of that exhibit. By rule, it is part of the complaint. *See* Fed. R. Civ. P. 10(c). And MRI references and relies on it as the foundation for at least one of its claims (Count IX, "Inducement of Breach of MRI Client Contracts"). Indeed, if MRI does not believe the Master Agreement is material and important, then it would not have incorporated it as an exhibit to its complaint. At a minimum, due process demands that Lynx see that document, and know all of the allegations against it, before having to respond to MRI's allegations. *See Gill v. Waikiki Lanai, Inc.*, Civ. No. 10-00557, 2011 WL 3648772, at *7 (D. Haw. Aug. 18, 2011) (dismissing case for failure of service where plaintiff served incomplete complaint). Therefore, because MRI has failed to perfect service, Lynx's time to respond to the complaint will not begin to run until MRI serves that document upon Lynx.

MRI obtaining leave to file the Master Agreement under seal does not relieve MRI of its obligation to serve that document upon Lynx. If MRI wanted the Court to place restrictions on Lynx's post-service use of the Master Agreement, then it should have asked for such relief in its motion to file under seal. Failing to ask for such restrictions does not relieve MRI of its service obligations. Also, Lynx's stipulated extension motion (ECF # 9) does not change the analysis because moving for an extension does not waive the Rule 12 defenses for insufficient process and insufficient service of process that Lynx since discovered and now relies upon. *See Fisher v. Merryman*, 32 Fed.Appx. 721, 723 (6th Cir. 2002) (moving for an extension does not waive insufficient service defenses).

Therefore, Lynx will move, plead, or otherwise respond to MRI's complaint within 21 days of MRI properly serving the Master Agreement. If, however, the Court disagrees with Lynx's position, then Lynx asks that the Court: (i) order MRI to immediately serve the "Master Agreement" exhibit upon Lynx; and (ii) allow Lynx 10 days after service of that document to move, plead, or otherwise respond to the complaint.

Dated:  June 4, 2012

Respectfully submitted,

   s/ Matthew J. Cavanagh
David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

John T. McLandrich (OH 0021494)
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861
jmclandrich@mrrlaw.com

*Counsel for Lynx Systems, Inc.*

{3805715:}

4

<u>Certificate Of Service</u>

  I hereby certify that on June 4, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                  s/ Matthew J. Cavanagh
                  *Counsel for Lynx Systems, Inc.*

{3805715:}