IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC**,** | ) | CASE NO.:  1:12 cv 1082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE:  Christopher A. Boyko |
| vs. | ) | |
| | ) | |
| LYNX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF INCOMPLETE
SERVICE OR, IN THE ALTERNATIVE, MOTION FOR SCHEDULING ORDER**

Plaintiff, MRI Software, LLC ("MRI"), by and through its undersigned counsel, respectfully submits this Opposition to the "Notice of Incomplete Service Or, In the Alternative, Motion for Scheduling Order" filed by Defendant, Lynx Systems, Inc. ("Lynx") (herein "Lynx's Instant Motion").  Doc. # 21.  Lynx's Instant Motion should be denied because it contradicts ***three*** prior orders of this Court, as set out below.

**I.      FACTS**

Lynx was served with MRI's Motion for Leave to File Confidential Client Agreement Under Seal (Dkt. # 4) on May 2.  *See* Dkt. #8, Affidavit of Service.  As set out therein, the terms and conditions of the Master Agreement are "Confidential Information" pursuant to the terms thereof.  Moreover, the legal terms by which MRI defines its relationships with its clients are sensitive business information of MRI.  For example, if the terms of the Master Agreement

{01516686.DOC;1 }

become generally known,  competitors of MRI could use them to negotiate against MRI or gain unfair market advantage.  *See* Doc. #4.[a]

On May 14 (almost two weeks after receiving MRI's pleadings, including MRI's motion to seal the Master Agreement), Lynx filed a Stipulated Motion stipulating that its original deadline for response to the Complaint was May 23, and that, by agreement with MRI, Lynx would respond to the Complaint by June 4.

On May 23, the Court granted Lynx's Stipulated Motion, and ordered  Lynx to respond to the Complaint by June 4.

On May 25 (more than three weeks after receiving MRI's Complaint), Lynx first requested the Master Agreement.  *See* Exh. A, Email Exchange.

Counsel for MRI *immediately* offered to email the Master Agreement to Lynx's counsel, subject to a simple (and necessary) 2-page confidentiality agreement.  *See id* (attaching proposed confidentiality agreement).  Lynx provided no response for four days, at which point, counsel for MRI followed up by email.  *See id.*  When Lynx's counsel then replied, he requested that his client be permitted access to the Master Agreement, rather than it being maintained as "attorneys' eyes only."  *See id.*  Though disagreeing with Lynx's request, that same day, counsel for MRI sent Lynx's counsel a revised proposed Confidentiality Agreement permitting such access.  *See id.*  Hearing nothing further, counsel for MRI followed up again on June 1, at which point, Lynx's counsel responded that it could not agree to a "one-off side deal between the parties but not the Court," that the Court's order permitting filing under seal "did not impose any restrictions on Lynx," and that "Lynx's time to respond to MRI's complaint will not run until MRI serves the Master Agreement."  *Id.*

---

[a] Indeed, because of the sensitivity of the terms, MRI does not even send the Master Agreement to new prospective clients unless such prospects first execute a confidentiality agreement.

Meanwhile, on May 29, Lynx filed its Opposition to MRI's Expedited Motion for Clarification.  *See* Doc. #17.  Therein, Lynx argued it should be relieved of the June 4 deadline to which it stipulated on May 14 (and which this Court ordered on May 23), because "Lynx did not determine until it *subsequently* reviewed MRI's complaint and motion . . . that MRI did not properly serve its complaint . . ."  Lynx Oppn. doc. #17, at p. 3.  In other words, Lynx argued it should not be held to its stipulations, because it didn't review MRI's papers and discover the alleged deficiencies until *after* it had already stipulated to its response dates.  Therefore, Lynx asked the Court for order to "confirm that Lynx's time to respond to MRI's complaint shall commence upon MRI's service of a complete copy of the complaint, inclusive of all exhibits, upon Lynx . . ."  *Id*. at p. 3.

The Court's May 31 Order stated that the Court's May 23 order "does not require any clarification.  The dates were stipulated to by parties and accepted by the Court."  Doc. # 20, at p. 6.

Lynx's Instant Motion raises the same argument Lynx made in its May 29 Opposition Brief (Doc. #17).  Lynx's argument conflicts with 1) this Court's Order permitting MRI to file the Master Agreement under seal, 2) Lynx's stipulation, and 3) the Court's May 23 and May 31 Orders directing Lynx to respond to MRI's Complaint by June 4.  Therefore, Lynx's Instant Motion should be denied.

## II.  LEGAL ANALYSIS

### A.  Lynx's Request For An Order Commanding MRI To Serve Its Master Agreement Without Any Confidentiality Restrictions Should Be Denied.

There is no reasonable basis for Lynx's continued refusal to agree to maintain the confidentiality of the Master Agreement.  Lynx's only purported basis for refusal to sign the simple Confidentiality Agreement proposed by MRI is that it prefers a protective order.

However, MRI's proposed agreement expressly provides that the Master Agreement be subject an appropriate protective order in the litigation.  *See* Exh. A, Proposed Agreement at ¶ 9. Moreover, it is obviously common practice for parties to agree to maintain the confidentiality of documents prior to the Court's entry of a protective order.  It appears Lynx refuses to provide such assurances only to preserve its argument that the longer it goes without having the Master Agreement, the longer will be its time for response.  *See id*.

In sum, Lynx's argument that MRI should be compelled to serve the Master Agreement without confidentiality restrictions conflicts with this Court's order granting MRI's Motion to File the Master Agreement under Seal, is without any reasonable or legal basis, and should be rejected.

**B.      Lynx's Request For Additional Time To Respond To The Complaint Should Be Denied.**

The Court's May 31 Order stated that its May 23 Order directing Lynx to respond to the Complaint on June 4 "does not require any clarification.  The dates were stipulated to by parties and accepted by the Court."  Doc. # 20, at p. 6.  Thus, apart from Lynx's own stipulation, there are now not one, *but two*, Orders directing Lynx to serve its response to MRI's Complaint by June 4.

In addition to ignoring this Court's Orders, Lynx's argument also finds no basis in fact or law.  MRI previously addressed the merits of Lynx's argument in its Reply in Support of Expedited Motion for Clarification, which MRI filed on May 31.  *See* Doc. # 19.  In the interests of efficiency, MRI will not repeat all of those arguments here, but rather incorporates them by reference.  *Id*.  Lynx cannot plausibly argue it has not received fair notice of MRI's claims.  MRI had no obligation to attach the Master Agreement to its pleadings.  In addition, the relevant terms of the Master Agreement are all quoted or summarized in MRI's Complaint, as well as in the

Declaration of David Post, both of which were personally served upon Lynx on May 2.  *See* Complaint, Dkt #1, ¶¶ 35-43; Dec. D. Post, Dkt. # 6-3, ¶¶ 14-23; *see also* Return of Service, Dkt. #7 and Affidavit of Service, Dkt. #8.  Thus, the papers served on Lynx on May 2 are more than adequate to put Lynx on fair notice of MRI's claims, and to enable Lynx to formulate its response.  Moreover, the fact Lynx apparently failed to *even notice* it didn't have the Master Agreement until more than *three weeks* after receiving MRI's Complaint illustrates that Lynx has in no way been prejudiced by not having the Master Agreement.

If Lynx claimed it had not received adequate notice of MRI's claims, it could have brought a motion pursuant to Rule 12(e) for more definite statement, or Rule 12(b)(5) for insufficient service of process.  *See* Fed. R. Civ. P. 12; *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 998-99 (2002).  Lynx has done neither, electing simply to refrain from responding to the Complaint.  Accordingly, MRI reserves its right to show by affidavit Lynx's failure to plead as ordered by the Court, and to request the Clerk to enter default.  *See* Fed. R. Civ. P. 55(a).

## III.    CONCLUSION.

Lynx's demand that MRI serve the Master Agreement on Lynx, despite its refusal to agree to keep the Master Agreement confidential, conflicts with this Court's order permitting MRI to submit the Master Agreement under seal.  Lynx's refusal to respond to MRI's Complaint on June 4, as twice Ordered by the Court, puts Lynx in default.

MRI respectfully requests that Lynx's Instant Motion be denied.

June 5, 2012                                    Respectfully submitted,


By: */s/ Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Georgia E. Yanchar*
One of the Attorneys for Plaintiff