UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082-CAB |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | Reply In Support Of Lynx's |
| Lynx Systems, Inc., | ) | Motion For Expedited Discovery |
| | ) | And Briefing Schedule |
| Defendant. | ) | |

## Introduction

MRI's injunction evidence – declarations from MRI's CEO and three MRI employees – shows that its case is built upon what those individuals believe, suppose, or infer from things they have seen on Lynx's website or claim to have heard from others. Lynx disputes the factual premises of MRI's motion, and expects that short, limited-scope depositions will expose the insufficiency of MRI's evidence. The Court should grant Lynx's motion for expedited discovery.

## Reply Argument

### I.    MRI Fails To Rebut Lynx's "Good Cause" Showing

MRI concedes that expedited discovery is allowed for "good cause." (MRI Br. 4, ECF # 16.) Good cause exists for the discovery Lynx seeks because it needs to cross-examine MRI's witnesses to fairly oppose MRI's injunction motion. Limited depositions will probe the factual bases, or lack thereof, for each declarant's averments and should elicit specifics regarding their more general averments, of

which there are many. The Court should grant Lynx's motion because MRI's opposition has not rebutted Lynx's good cause showing.

MRI argues that Lynx somehow waived its right to seek discovery by filing a stipulated motion to extend all deadlines. (MRI Br. 4.) Not so. As the parties represented in that joint motion, the extension was requested because Lynx "need[ed] more time to review MRI's complaint and motion," which comprised over 600 pages. (ECF # 9.) Moreover, Lynx explicitly told MRI that Lynx would likely seek discovery or more time after having an opportunity to thoroughly review the filings. (Cavanagh Decl. ¶ 5-24, ECF # 11-2.) Neither the parties' discussions, the text of that motion, or any order by the Court preclude Lynx from seeking discovery. Regardless, the Court has now stricken MRI's over-length 31-page injunction brief that MRI filed without leave. Thus, as the Court stated, "Plaintiff's own actions rendered the stipulated time to oppose moot." (Order 6, ECF # 20.)

Next, MRI argues that Lynx needs no depositions because Lynx should rely exclusively on the testimony of its own personnel and evidence to dispute MRI's allegations. (MRI Br. 7-8.) MRI incorrectly presumes that it has carried its burden to prove its injunction motion by clear and convincing evidence. *See Draudt v. Wooster City School Dist. Bd. of Educ.*, 246 F. Supp. 2d 820, 825 (N.D. Ohio 2003) (to obtain preliminary injunction, plaintiff "must establish its case by clear and convincing evidence"). Lynx, however, does not concede that point. To the contrary, Lynx expects to obtain admissions and expose additional facts at deposition that will show MRI cannot meet its burden of proof, which could obviate the need for an

evidentiary hearing or at least narrow the factual disputes for the hearing. *See Certified Restoration Dr. Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552-53 (6th Cir. 2007) (no evidentiary hearing required for preliminary injunction where material facts are undisputed). If MRI cannot meet its clear and convincing burden, Lynx has no reciprocal burden to dispute MRI's allegations, although Lynx reserves it right to do so. Lynx's depositions would aim to expose that MRI cannot meet its heavy burden. Whether Lynx will set forth affirmative evidence disputing MRI's evidence is a separate issue, not relevant to Lynx's pending motion.

The case law cited by MRI is not against the limited discovery Lynx seeks. *Thomas*[1] and *Certified Restoration*[2] are inapplicable because, unlike here, the defendants in those cases did not request discovery. (*See* MRI Br. 8.) In *BorgWarner*, the defendant requested broad discovery in seven different areas, including plaintiff's research efforts, sales and revenues, and patent infringement analyses. The Court denied discovery simply because it was "not relevant or relied upon by the court in its analysis." *BorgWarner, Inc. v. Dorman Prods., Inc.*, No. 09-11602, 2009 WL 4885009, at *6 (E.D. Mich. Dec. 11, 2009). Here, Lynx's discovery requests are narrow: 4 short depositions of the witnesses on whom MRI relies. Thus, the discovery Lynx seeks is both narrowly tailored and directly relevant to the facts that MRI has placed at issue.

---

[1] *Ohio State Univ. v. Thomas*, 738 F. Supp. 2d 743, 757 (S.D. Ohio 2010).

[2] 511 F.3d at 552-53.

## II.    Lynx Seeks Limited Discovery, Not A Broad "Fishing Expedition"

MRI next argues that Lynx's discovery requests are not "appropriately narrow and targeted" and therefore constitute a "fishing expedition." (MRI Br. 9-10.) The scope of Lynx's discovery requests, which are just one factor for the Court to consider, are very narrow and targeted. Again, Lynx seeks only short depositions, with scope confined only to the factual allegations upon which MRI relies in support of its injunction motion.

For example, MRI's Eric Smith has testified that there is a "high probability" that reports on Lynx's website "were generated using the MRI Software." (Smith Decl. ¶ 19, ECF # 6-9.) Targeted cross-examination of Mr. Smith should show what facts, if any, Mr. Smith bases his opinion upon and should expose that Mr. Smith has no personal knowledge of how the Lynx reports were generated, who generated them, or when they were generated.

Current MRI employee, Vicky Nodzak, has testified that she previously worked for Lynx until May 2009. (Nodzak Decl. ¶ 3.)  Because MRI admits Lynx had rights to use MRI software during that period, it appears that Ms. Nodzak has no personal knowledge about Lynx's activities in the relevant period since then. Cross-examination should confirm that fact.

MRI's Shannon Zdanowicz testified about the password-protected "myMRI Client Portal," which MRI alleges that Lynx accessed without permission. Cross-examination should confirm that Ms. Zdanowicz – who manages the portal – has no personal knowledge of Lynx accessing the portal without permission.

Lastly, MRI's CEO David Post, who apparently now is too busy to be burdened by the litigation he authorized (*see* MRI Br. 10-11), submitted a 20-page, 96-paragraph declaration, which consists almost entirely of speculation, unfounded inferences, and belief. For example, Mr. Post testifies based on unidentified hearsay and unidentified "company records," (Post Decl. ¶ 40, 42, 86); on what he has "learned" "[b]ased on recent investigations," (*id*. ¶ 47); on "reports" and "discussions" with others, (i*d*. ¶ 48, 66, 77); and on what he "believe[s]," (i*d*. ¶ 65). Lynx should be allowed to ask Mr. Post about his investigations, the records and reports he inspected, the basis for his beliefs, and the persons Mr. Post spoke to and what they said. Cross-examining Mr. Post should reveal that he has no personal knowledge of any wrongdoing by Lynx, and that what he states as facts are actually supposition.

Lynx asks only for short depositions (without prejudice to its right to discovery following the Court's disposition of MRI's injunction motion), such that Mr. Post's deposition should last no more than three hours and the other depositions should last no more than two hours each.

## III.    Expedited Discovery Will Not Cause Prejudicial Delay

MRI also complains that allowing Lynx to depose its witnesses would harm MRI by delaying the case. (MRI Br. 10.) There, however, is no real urgency because, according to MRI's own papers, Lynx's challenged conduct has been ongoing since the Lynx contract allegedly ended in October 2009. (MRI Br. 2 ("Lynx's right to use such software expired years ago"); Post Decl. ¶ 41, ECF # 6-3

(alleging Lynx's software rights ended in October 2009).) Moreover, that MRI filed for the copyright registrations it needed to file this lawsuit in December 2011 demonstrates it had been working on this suit for months before it filed its injunction motion. (Compl., Ex. 1, ECF # 1-1.)

Lastly, any perceived delay is due to MRI's own conduct. Lynx offered to have a Rule 26(f) conference on Monday, May 21, and to have the depositions later that week or early the following week. (Cavanagh Decl. ¶ 21, ECF # 11-2.) If MRI did not resist Lynx's efforts, these depositions would be done. Also, because MRI refuses to serve a complete copy of its injunction motion upon Lynx – by withholding the sealed "Master Agreement" exhibit – the time for Lynx to respond to MRI's motion still has not begun to run.[3] In addition, MRI reduced its nonconforming 31-page brief, now stricken, to 20 pages mostly by shortening margins and reducing font size, so even MRI's recent filing may not be proper.[4] (*See* ECF # 18.) Lynx should be able to complete the four depositions shortly after MRI properly serves its motion. Thus, MRI should not be heard to complain that granting Lynx limited discovery would cause prejudicial delay.

---

[3] The Court's May 31, 2012, Order states that Lynx's time to respond runs from the date MRI filed its "substituted" 20-page brief, May 30, 2012. (Order 5 n.2, ECF # 20.) Because MRI did not serve its "Master Agreement" exhibit to that brief upon Lynx, it does not believe the time to respond has begun to run. Lynx expects to discuss this issue at the June 8, 2012, status conference and will file a motion, if the Court deems it appropriate.

[4] Comparing MRI's two briefs reveals that it reduced the left margin from 1" to 0.75" and reduced font size to fit more words in a single page. Lynx declines to move to strike that brief, but notes that changing format, rather than deleting words, is contrary to the spirit (if not the letter) of the Court's order and the Local Rules.

**IV.**     **The Court Should Reject MRI's "Alternative" Request For Discovery**

Sensing that Lynx may get the short depositions it needs, MRI now asks, in the alternative, for "mutual expedited discovery" after Lynx files its opposition. (Br. 12.) As explained, Lynx needs depositions now to show that MRI's evidence fails to prove MRI's case by clear and convincing evidence. Thus, Lynx needs those depositions <u>before</u> it responds to MRI's motion, not after, as MRI proposes.

MRI's own injunction motion further confirms it has no genuine need for discovery. By moving for an injunction without requesting discovery, MRI contends that it has sufficient evidence to obtain a preliminary injunction and that its evidentiary record is complete. Indeed, if it needed discovery, MRI had an opportunity to obtain "mutual" discovery by participating in the Rule 26(f) conference that Lynx requested weeks ago, but MRI has steadfastly refused. Finally, that MRI suggests a "mutual" discovery period before a hearing on its motion confirms that allowing discovery will cause no prejudicial delay, as it would take *longer* for both parties to take discovery than for just Lynx to take limited discovery. The Court therefore should not allow MRI any discovery until after it participates in a Rule 26(f) conference and Lynx has completed the limited discovery it now seeks.

## Conclusion

For the foregoing reasons, and for those explained in Lynx's opening brief (ECF # 11-1), the Court should grant Lynx the expedited discovery it needs.

Dated: June 6, 2012                                            Respectfully submitted,

                                              s/ Matthew J. Cavanagh
                                          David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

John T. McLandrich (OH 0021494)
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861
jmclandrich@mrrlaw.com

*Counsel for Lynx Systems, Inc.*

<u>Certificate Of Service</u>

I hereby certify that on June 6, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.


  s/ Matthew J. Cavanagh
*Counsel for Lynx Systems, Inc.*