**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MRI SOFTWARE, LLC, ) | CASE NO. 1:12-cv-01082-CAB |
| ) | |
| Plaintiff, ) | JUDGE Christopher A. Boyko |
| ) | |
| v. ) | |
| ) | |
| LYNX SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(b), a meeting was held on June 19, 2012, and was attended by:

 Daniel McMullen and Georgia Yanchar, counsel for Plaintiff MRI Software, LLC

 John McLandrich and Matthew Cavanagh counsel for Defendant Lynx Systems, Inc..

2. The parties:

____ have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order;

__X__ will exchange such disclosures by June 29, 2012.

● MRI has requested that each party include with its initial disclosures copies of the documents currently in its possession, custody or control, that it will use to support its claims or defenses, including specifically the documents in Lynx's possession that support its allegations that the 2002 Agreement between the parties was modified or extended, or that the relationship between MRI and Lynx continued after the termination of the 2002 Agreement.

{01530193.DOC;1 }

- Lynx does not believe it will be able to gather and produce all of the documents it may use to support its claims or defenses by June 29, 2012, and therefore proposes that it describe "by category and location" those documents in accordance with Rule 26(a)(1)(A).

\_\_\_\_ have not been required to make initial disclosures.

3. The parties recommend the following track:

\_\_\_ Expedited       \_X\_ Standard       \_\_\_ Complex

\_\_\_ Administrative    \_\_\_ Mass Tort

4. Pursuant to Local Rule 5.1(c) all documents must be electronically filed absent a showing of good cause.

5. MRI believes the case may be suitable for ADR after discovery. Lynx believes the case is suitable for mediation.

6. The parties \_\_\_ do/ \_X\_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c); however, MRI is in favor of submitting discovery disputes to the Magistrate Judge.

7. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.
<u>The parties will conduct written discovery on all matters relating to liability and damages, as well as take depositions and expert discovery. In view of the number of claims and counterclaims in issue, the parties agree that 35 interrogatories may be served per side.</u>

(b) Non-Expert discovery cut-off date: January 15, 2013.

(c) Plaintiff's and Counterclaim Plaintiff's expert reports due date: March 1, 2013

{01530193.DOC;1 }                              2

    (d) Defendant's and Counterclaim Defendant's expert reports due date: April 15, 2013

    (e) Expert discovery cut-off date: June 1, 2013

  8. Recommended cut-off date for amending the pleadings and/or adding additional parties without leave of court: MRI proposes September 30, 2012. Lynx proposes July 31, 2012.

  9. Recommended dispositive motion date: July 15, 2013.

  10. Recommended date for a Status Hearing/Settlement Conference: October 15, 2012.

  11. Other matters for the attention of the Court: MRI's Motion for Preliminary Injunction and Lynx's Motion for Expedited Briefing Schedule and Briefing Schedule are before the Court. The parties have discussed the proposed schedule for discovery and completion of briefing as to MRI's Preliminary Injunction Motion. Lynx's position is as set forth in its Motion for Expedited Discovery and Briefing Schedule. MRI requests that if Lynx is provided the relief requested therein -- namely, that Lynx be permitted an extension of the deadline to file its brief in opposition to MRI's Preliminary Injunction Motion until 14 days after deposing MRI's declarants --- that MRI likewise be permitted to file its reply brief in support of its Motion for Preliminary Injunction 14 days after taking limited discovery of Lynx, relevant to the issues raised in MRI's Motion for Preliminary Injunction that are disputed by Lynx.

          Respectfully submitted,

          */s/ Georgia K.E. Yanchar*
          Daniel J. McMullen (Ohio Bar No. 0034380)
          Georgia K.E. Yanchar (0071458)
          CALFEE, HALTER & GRISWOLD LLP
          1405 East Sixth Street

        Cleveland, OH   44114
        (216) 622-8233 / (216) 241-0816 Fax
        gyanchar@calfee.com

        Attorneys for Plaintiff, MRI Software, LLC


          s/ Matthew J. Cavanagh
        David T. Movius (OH 0070132)
        Matthew J. Cavanagh (OH 0079522)
        MCDONALD HOPKINS LLC
        600 Superior Avenue, East, Ste. 2100
        Cleveland, Ohio 44114
        t 216.348.5400 │ f 216.348.5474
        dmovius@mcdonaldhopkins.com
        mcavanagh@mcdonaldhopkins.com

        and

        John T. McLandrich (OH 0021494)
        MAZANEC, RASKIN & RYDER CO., L.P.A.
        100 Franklin's Row
        34305 Solon Road
        Cleveland, Ohio 44139
        t 440.248.7906 │ f 440.248.8861
        jmclandrich@mrrlaw.com

        *Counsel for Lynx Systems, Inc.*