UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO. 1:12-cv-01082-CAB |
| | ) | |
| Plaintiff, | ) | JUDGE Christopher A. Boyko |
| | ) | |
| v. | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| LYNX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order. Accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery (by parties or third-parties), including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, all voluntary productions of information or documents, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents. Such a designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party or third-party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

4. **Documents Which May be Designated ATTORNEYS' EYES ONLY.** Any party or third-party may designate documents as ATTORNEYS' EYES ONLY upon making a good faith determination that the documents contain highly sensitive competitive or confidential information, including, without limitation, trade secret or other confidential research, development, financial, or other commercial information.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated and made at the deposition or within 14 days after the designating party's receipt of the transcript from the court reporter. The parties shall treat all deposition testimony as ATTORNEYS' EYES ONLY until the expiration of 14 days after the designating party's receipt of the transcript. Thereafter, the deposition transcript and any ofthose portions so designated shall be protected in accordance with the designation made, pending objection, under the terms of this Order.

6. **Protection of CONFIDENTIAL Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order.

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

7. **Protection of ATTORNEYS' EYES ONLY Material.**

(a) **General Protections.** Documents designated ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by outside counsel for the parties or any other persons identified in ¶ 7(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** Outside counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY documents to any third person or entity except as set forth in subparagraphs (1)-(4). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS' EYES ONLY:

(1) **Outside Counsel.** Outside counsel of record for the parties and employees and agents of such counsel who have responsibility for the preparation and trial of the action;

(2) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(3) **Independent Consultants, Investigators, and Experts.** Independent consultants, investigators, or experts specially retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding. The right of a person to receive any ATTORNEYS' EYES ONLY documents under this subparagraph will be subject to the advance approval of disclosure to such person by the producing party or by permission of the Court. The party seeking approval of disclosure to an independent consultant, investigator, or expert must provide the producing party with the name and curriculum vitae of the proposed individual and an executed copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, in advance of providing any ATTORNEYS' EYES ONLY documents of the producing party to that person. Any objection by the producing party to disclosure to an independent consultant, investigator, or expert receiving ATTORNEYS' EYES ONLY documents must be made in writing within 5 business days following receipt of the identification of the proposed person, must be made upon counsel's good faith belief that disclosure to such person would threaten the producing party's business, and must set forth how disclosure to the proposed recipient would threaten the producing party's business. Within 3 business days after the receipt of such writing, the party seeking approval of disclosure to the independent person shall inform the producing party whether it intends to proceed with the disclosure to the independent person or withdraw its request for approval. If the party seeking approval does not withdraw its request for approval, the producing party may file a motion for protective order with the Court. ATTORNEYS' EYES ONLY documents may be disclosed to an independent consultant, investigator, or expert if no motion for protective order has been filed by the producing party within 10 business days following receipt of the identification of the proposed person. Approval of independent consultants, investigators, or experts must not be unreasonably withheld; and

    (4) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  8. **Outside Counsel's Advice.** Nothing in this Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents protected under this Order; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions of this Order.

  9. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

  10. **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as to "copies") of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

  11.

    **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be governed by Fed. R. Evid. 502.

  12. **Filing of CONFIDENTIAL or ATTORNEYS' EYES ONLY Under Seal.** Any documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or that contain information protected under this Order shall be submitted to the Clerk of the Court under seal in accordance with N.D. Ohio Local Rule 5.2.

  13. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

14. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

15. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Return of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 10, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of any documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY and any work-product derived therefrom as counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action. Such copies shall not be disclosed to anyone outside of counsel's law firm.

    (c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:_____     _____
                            U.S. District Judge U.S.
                            Christopher A. Boyko

| | |
|---|---|
| **WE SO MOVE/STIPULATE** and agree to abide by the terms of this Order | **WE SO MOVE/STIPULATE** and agree to abide by the terms of this Order |
| Signature /s/ Georgia Yanchar <br> Daniel McMullen (0034380) <br> Georgia Yanchar (0071458) <br> CALFEE, HALTER & GRISWOLD, LLP <br> The Calfee Building <br> 1405 East Sixth Street <br> Cleveland, OH  44114-1607 <br> Telephone: (216) 622-8200 <br> Facsimile: (216) 241-0816 <br> dmcmullen@calfee.com <br> gyanchar@calfee.com | Signature /s/ Matthew J. Cavanagh (with consent) <br> David T. Movius (0070132) <br> Matthew J. Cavanagh (0079522) <br> MCDONALD HOPKINS LLC <br> 600 Superior Ave., East, Suite 2100 <br> Cleveland, OH  44114 <br> Telephone: (216) 348-5400 <br> Facsimile: (216) 348-5474 <br> dmovius@mcdonaldhopkins.com <br> mcavanagh@mcdonaldhopkins.com <br><br> John T. McLandrich (0021494) <br> MAZANEC, RASKIN & RYDER CO., LPA <br> 100 Franklin's Row <br> 34305 Solon Road <br> Cleveland, OH  44139 <br> Telephone: (440) 248-7906 <br> Facsimile: (440) 248-8861 <br> jmclandrich@mrrlaw.com |
| Counsel for MRI Software, LLC | Counsel for Lynx Systems, Inc. |
| Dated:_____July 6, 2012_____ | Dated:_____July 6, 2012_____ |