IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO.: 1:12 cv 1082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE: Christopher A. Boyko |
| vs. | ) | |
| | ) | |
| LYNX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiff MRI Software, LLC ("MRI") hereby replies to the Counterclaim of Defendant Lynx Systems, Inc. ("Lynx"). Except where specifically admitted herein, MRI denies the allegations and averments in the Counterclaim.

### Parties

1. MRI admits the allegations of paragraph 1.

2. MRI admits the allegations of paragraph 2.

### Jurisdiction

3. MRI admits the allegations of paragraph 3.

4. MRI admits the allegations of paragraph 4.

### Facts

I. **Lynx Provides Exceptional Service To The Real Estate Industry**

5. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies the same.

6. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies the same.

7. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies the same.

8. In response to the allegations of paragraph 8, MRI admits several competing software providers exist. MRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies the same.

9. Based on its investigation, MRI admits that Lynx provides the services set forth in paragraph 9, but denies that Lynx has the requisite permission or authority to legally provide all of the services listed.

10. Based on its investigation, MRI admits that, Lynx provides the services set forth in paragraph 10, but denies that Lynx has the requisite permission or authority to legally provide all of the services listed.

11. MRI denies the allegations of paragraph 11.

12. MRI denies the allegations of paragraph 12.

13. MRI admits the property laws of Canada may differ in at least some respects from the laws of the United States. MRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore denies the same

14. MRI denies the allegations of paragraph 14.

15. MRI admits that its predecessor in interest, Management Reports, Inc., entered into an agreement with Lynx entitled MRI Product Service Provider Agreement dated August 22, 2000. MRI states that that document speaks for itself, and therefore denies the remaining allegations of paragraph 15.

16. MRI admits that a document that appears to be a draft of the agreement referenced in paragraph 16 contains an express assignment clause. MRI lacks any direct knowledge of the negotiation of the agreement referenced in paragraph 15 and therefore denies the remaining allegations of paragraph 16.

17. MRI admits that the executed version of the agreement referenced in paragraph 17 does not contain the express assignment clause contained in the document referenced in paragraph 16. MRI lacks any direct knowledge of the negotiation of that agreement and therefore denies the remaining allegations of paragraph 17.

18. MRI denies the allegations of paragraph 18.

19. MRI denies the allegations of paragraph 19.

20. MRI denies the allegations of paragraph 20.

21. MRI admits that in August of 2002, Management Reports, Inc. and Lynx entered an agreement entitled "MRI Product Sub-Licensor and Service Provider Agreement," and denies the remaining allegations of paragraph 21.

22. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies the same.

23. MRI denies the allegations of paragraph 23.

24. MRI denies the allegations of paragraph 24.

25. MRI denies the allegations of paragraph 25.

26. MRI denies the allegations of paragraph 26.

27. MRI denies the allegations of paragraph 27.

28. MRI is without sufficient information to form a belief as to the allegations of paragraph 28 and therefore denies them.

29. In response to the allegations of paragraph 29, MRI states that the rights and obligations of the parties are reflected in the 2002 Agreement, and that document speaks for itself.

30. In response to the allegations of paragraph 30, MRI admits copies of many modules of the MRI Software, including the MRI Base Application, MRI for Windows and the MRI Software Application Tool Kit (including Menu Design, Report Design, View Design and Web Design) were provided to Lynx in connection with the 2002 Agreement.  MRI further states that pursuant to its terms, the 2002 Agreement expired or terminated no later than August 1, 2008.  MRI further states that an employee of MRI may have permitted Lynx to use the MRI Software as late as October 31, 2009.  MRI denies the remaining allegations of paragraph 30.

31. MRI admits that only the 2002 Agreement permitted Lynx to provide services, including customizations, to certain licensees of the MRI Software, strictly subject to the terms of the 2002 Agreement, and otherwise denies the allegations of paragraph 31.

32. In response to the allegations of paragraph 32, MRI states that it is unclear which "period" is intended to be referenced.  MRI admits that consideration was exchanged by the parties during the term of the 2002 Agreement consistent with its terms.  To the extent MRI understands the remaining allegations of paragraph 32, MRI denies them.

33. MRI denies the allegations of paragraph 33.

34. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies the same.

35. MRI admits that during 2007, Lynx and Intuit Real Estate Solutions attempted to negotiate a new agreement to govern their rights and responsibilities.  To the extent not specifically admitted, MRI denies the remaining the allegations of paragraph 35.

36. MRI admits that during 2007, Lynx and Intuit Real Estate Solutions attempted to negotiate a new agreement to govern their rights and responsibilities. To the extent not specifically admitted, MRI denies the remaining the allegations of paragraph 36.

37. MRI denies the allegations of paragraph 37.

38. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies the same.

39. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies the same.

40. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lynx's reasons for rejecting any proposed terms, and therefore denies the same. MRI denies the remaining allegations of paragraph 40.

41. MRI denies the allegations of paragraph 41.

42. In response to the allegations of paragraph 42, MRI states that it is unclear what time period is intended to be referenced. To the extent MRI understands the allegations of paragraph 42, MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

43. In response to the allegations of paragraph 43, MRI states that the referenced document speaks for itself.

44. MRI states that by its own terms the 2002 Agreement terminated as of August 1, 2008 and otherwise denies the allegations of paragraph 44.

45. MRI denies the allegations of paragraph 45.

46. MRI denies the allegations of paragraph 46.

47. MRI denies the allegations of paragraph 47.

48. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore denies them.

49. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

50. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore denies them.

51. MRI denies the allegations of paragraph 51.

52. MRI denies the allegations of paragraph 52.

53. MRI admits the allegations of paragraph 53.

54. MRI denies the allegations of paragraph 54.

55. MRI admits Lynx contacted MRI after Vista Equity Partners purchased the assets of IRES. MRI denies the remaining allegations of paragraph 55.

56. MRI denies the allegations of paragraph 56.

57. MRI denies the allegations of paragraph 57.

58. In response to the allegations of paragraph 58, MRI states that it is unclear what is meant by "actively preparing to file this lawsuit." MRI admits that it registered copyrights in the MRI Software before December 2011.

59. MRI denies the allegations of paragraph 59.

60. MRI admits the allegations of paragraph 60.

61. In response to the allegations of paragraph 61, MRI admits that it filed a motion for preliminary injunction and that its motion for preliminary injunction and substituted memorandum in support remain pending before the Court.

62. MRI denies the allegations of paragraph 62; however, MRI admits that the evidence submitted in support of its May 1 Motion for Preliminary Injunction included declarations, to which were appended two copies of Lynx's voluminous website.

63. MRI denies the allegations of paragraph 63.

64. MRI admits that it has alleged Lynx violated the Digital Millennium Copyright Act. The remaining allegations of paragraph 64 constitute legal conclusions as to which no response is required and are therefore denied.

65. MRI admits that it has alleged Lynx violated the Computer Fraud and Abuse Act. The remaining allegations of paragraph 65 constitute legal conclusions as to which no response is required and are therefore denied.

66. MRI admits that Exhibit A appears to be a copy of an email sent by David Post and otherwise denies the allegations of paragraph 66.

67. MRI denies the allegations of paragraph 67.

68. MRI denies the allegations of paragraph 68.

69. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the volume of Lynx's business before or after the filing of the instant lawsuit and therefore denies the same. MRI denies the remaining allegations of paragraph 69.

70. MRI denies the allegations of paragraph 70.

71. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71, and therefore denies the same.

72. MRI denies the allegations of paragraph 72.

73. MRI denies the allegations of paragraph 73.

74. In response to the allegations of paragraph 74, MRI admits that its agreements with its clients typically include a Master Agreement, a Perpetual Software License and Maintenance and Support Schedule, an Order Document and a Professional Services Schedule, and that an exemplar of the foregoing documents was filed under seal as Exhibit 3 to MRI's Complaint.

75. MRI denies the allegations of paragraph 75.

76. MRI denies the allegations of paragraph 76.

77. MRI lacks knowledge regarding any complaints Lynx purports to have received. MRI denies the allegations of paragraph 77.

## Count One
*Defamation*

78. MRI incorporates its responses to paragraphs 1-77 herein.

79. MRI denies the allegations of paragraph 79.

80. MRI denies the allegations of paragraph 80.

81. MRI admits that Exhibit A to Lynx's Counterclaim is a true and correct copy of an email that was sent on May 1 to customers of MRI. MRI denies the remaining allegations of paragraph 81.

82. MRI denies the allegations of paragraph 82.

83. MRI denies the allegations of paragraph 83.

84. MRI denies the allegations of paragraph 84.

85. MRI denies the allegations of paragraph 85.

86. MRI denies the allegations of paragraph 85.

## Count Two
*Commercial Disparagement*

87. MRI incorporates its responses to paragraphs 1-86 herein.

88. MRI denies the allegations of paragraph 88.

89. MRI denies the allegations of paragraph 89.

90. MRI denies the allegations of paragraph 90.

### Count Three
*False Advertising*

91. MRI incorporates and realleges its responses to paragraphs 1-90 herein.

92. MRI denies the allegations of paragraph 92.

2. MRI denies the allegations of paragraph 2 [sic] under "Count Three."

3. MRI denies the allegations of paragraph 3 [sic] under "Count Three."

### Count Four
*Tortious Interference with Contracts and Business Relationships*

93. MRI incorporates its responses to paragraphs 1-92 and paragraphs 2 and 3 under "Count Three" herein.

94. MRI admits that Lynx targets its advertising, marketing and promotional efforts to users of MRI Software and admits that Lynx performs services for MRI Software users. MRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94, and therefore denies the same.

95. MRI denies the allegations of paragraph 95.

96. MRI denies the allegations of paragraph 96.

97. MRI denies the allegations of paragraph 97.

### Count Five
*Abuse of Process*

98. MRI incorporates and realleges its responses to paragraphs 1-97 and paragraphs 2 and 3 under "Count Three" herein.

99. To the extent that paragraph 99 contains any factual allegations, MRI denies them. MRI specifically denies that its lawsuit constitutes an abuse of process, or that Lynx has properly stated or pled a claim for abuse of process. MRI denies the remaining allegations and assertions of paragraph 99.

100. MRI denies the allegations of paragraph 100.

101. MRI denies the allegations of paragraph 101.

102. MRI denies the allegations of paragraph 102.

## Count Six
*Unfair Competition*

103. MRI incorporates and realleges its responses to paragraphs 1-102 and paragraphs 2 and 3 under "Count Three" herein.

104. MRI denies the allegations of paragraph 104.

105. MRI denies the allegations of paragraph 105.

106. MRI denies the allegations of paragraph 106.

## Count Seven
*Breach of the 2002 Agreement*

107. MRI incorporates and realleges its responses to paragraphs 1-106 and paragraphs 2 and 3 under "Count Three" herein.

108. MRI denies the allegations of paragraph 108.

109. In response to the allegations of paragraph 109, MRI states that the 2002 Agreement speaks for itself.

110. MRI denies the allegations of paragraph 110.

111. MRI denies the allegations of paragraph 111.

### Count Eight
*Inducement of Breach of Vicky Nodzak Contract*

112. MRI incorporates and realleges its responses to paragraphs 1-111 and paragraphs 2 and 3 under "Count Three" herein.

113. Based on its investigation, MRI admits that from June of 2007 to May of 2009, Vicky Nodzak worked as a consultant for Lynx Systems.

114. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 and therefore denies the same.

115. The allegations of paragraph 115 constitute legal conclusions as to which no response is required and are therefore denied.

116. MRI denies the allegations of paragraph 116.

117. MRI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 and therefore denies the same.

118. MRI denies the allegations of paragraph 118.

119. MRI denies the allegations of paragraph 119.

120. MRI denies the allegations of paragraph 120.

121. MRI denies the allegations of paragraph 121.

122. MRI denies the allegations of paragraph 122.

### Count Nine
*Declaratory Relief*
*(Copyright Misuse)*

123. MRI incorporates and realleges its responses to paragraphs 1-123 and paragraphs 2 and 3 under "Count Three" herein.

124. MRI admits the allegations of paragraph 124.

125. MRI denies the allegations of paragraph 125.

126. MRI denies the allegations of paragraph 126.

127. MRI denies the allegations of paragraph 127.

128. The allegations of paragraph 128 constitute Lynx's request for relief to which no response is required and are therefore denied.

**Count Ten**
*Declaratory Relief*
*(Lynx's Ownership of Customizations)*

129. MRI incorporates and realleges its responses to paragraphs 1-128 and paragraphs 2 and 3 under "Count Three" herein.

130. MRI denies the allegations of paragraph 130.

131. MRI denies the allegations of paragraph 131.

132. MRI denies the allegations of paragraph 132.

133. MRI denies the allegations of paragraph 133.

**Count Eleven**
*Declaratory Relief*
*(Promissory Estoppel)*

134. MRI incorporates and realleges its responses to paragraphs 1-133 and paragraphs 2 and 3 under "Count Three" herein.

135. The allegations of paragraph 128 constitute legal conclusions to which no response is required and are therefore denied.

136. MRI denies the allegations of paragraph 136.

137. MRI denies the allegations of paragraph 137.

138. MRI denies the allegations of paragraph 138.

139. MRI denies the allegations of paragraph 139.

140. MRI denies the allegations of paragraph 140.

141. MRI denies the allegations of paragraph 141.

## **AFFIRMATIVE DEFENSES**

Responding further to Lynx's Counterclaim, Lynx's claims are barred if, as MRI reasonably anticipates, discovery establishes the following affirmative defenses:

1. Each of Lynx's claims fails, in whole or in part, to state a claim upon which relief can be granted.

2. Lynx's claims are barred, in whole or in party, by Lynx's fraudulent conduct.

3. Lynx's claims are barred, in whole or in part, because the alleged statements by MRI giving rise to Lynx's claims are true.

4. Lynx's claims are barred, in whole or in part, because the alleged conduct by MRI giving rise to Lynx's claims is protected by an absolute or qualified privilege.

5. Lynx's claims are barred, in whole or in part, because the alleged statements by MRI giving rise to Lynx's claims were not made in commercial advertising or promotion.

6. Lynx's claims are barred, in whole or in part, by doctrines of laches, waiver, estoppel and/or unclean hands.

7. Lynx's claims are barred, in whole or in part, by the applicable statutes of limitations.

8. Lynx's claims are barred, in whole or in part, by public policy.

9. Lynx's claims are barred, in whole or in part, by the parol evidence rule.

10. Lynx's claims are barred, in whole or in part, by Lynx's failure to first perform its obligations.

11. Lynx's claims are barred, in whole or in part, by Lynx's failure to properly notify MRI of alleged breach, thereby denying MRI an opportunity to remedy the alleged problem.

12. Lynx's claims are barred, in whole or in part, by statute of frauds.

13. Lynx is not entitled to injunctive relief because any injury to Lynx is not immediate or irreparable, and Lynx has an adequate remedy at law.

14. The relief sought by Lynx is legally and factually excessive under the doctrine of unjust enrichment.

15. Lynx's damages are barred, in whole or in part, by Lynx's failure to mitigate its damages.

16. All of Lynx's damages, if any, were caused by third persons over whom MRI has no control or right of control.

17. At all times relevant to this lawsuit, MRI has acted in good faith with regard to Lynx and has had reasonable grounds for believing its actions were not in violation of any law.

## Prayer for Relief

WHEREFORE, as to Lynx's Counterclaim, MRI prays for the following relief:

A. A judgment for MRI and against Lynx, dismissing with prejudice Lynx's Counterclaim and all claims asserted therein against MRI;

B. A judgment that this is an exceptional case, and an award to MRI of its costs and reasonable attorneys' fees, together with interest, including prejudgment interest, thereon; and

C. Such other and further relief as may be deemed just and appropriate.

July 9, 2012                                              Respectfully submitted,

By: */s/ Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail:dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Georgia E. Yanchar*
One of the Attorneys for Plaintiff
