UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE, LLC, | ) CASE NO.: 1:12-CV-01082 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) **BRIEF IN OPPOSITION TO** |
| | ) **PLAINTIFF'S MOTION TO COMPEL** |
| LYNX SYSTEMS, INC., | ) **DISCOVERY** |
| Defendant. | ) |

Now comes Defendant, Lynx Systems, Inc., by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and hereby submits its Brief in Opposition to Plaintiff's Motion to Compel Discovery. For the reasons set forth in the Brief in Opposition, attached hereto and incorporated by referenced herein, Defendant is willing to produce documents responsive to Requests 7 and 10 by March 8, 2010 and states that Plaintiff's Motion to Compel Discovery be denied with respect to the remaining items.

Based upon the foregoing, Defendant, Lynx Systems, Inc., respectfully requests that the Court deny Plaintiff's Motion to Compel and request for attorneys' fees or order production under specified limiting circumstances.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Tami Z. Hannon*
JOHN T. MCLANDRICH  (0021494)
TAMI Z. HANNON  (0079812)
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio  44139
(440) 248-7906; (440) 248-8861 - Fax
Email:   jmclandrich@mrrlaw.com
            thannon@mrrlaw.com
*Counsel for Defendant Lynx Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2013, a copy of the foregoing Brief in Opposition to Plaintiff's Motion to Compel Discovery was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Tami Z. Hannon*
JOHN T. MCLANDRICH  (0021494)
TAMI Z. HANNON  (0079812)

*Counsel for Defendant Lynx Systems, Inc.*

BERKL-120121/BIO Mtn to Compel

**BRIEF IN SUPPORT**

I.  **LYNX WILL PRODUCE DOCUMENTS RESPONSIVE TO REQUEST NO. 7 BY MARCH 8, 2013.**

Plaintiff seeks an order compelling the production of professional services orders and professional services agreements.  Lynx agrees this information is discoverable and is in the process of compiling this information.  Lynx will produce the requested professional services orders and agreements by March 8, 2013.

II.  **LYNX WILL PRODUCE DOCUMENTS RESPONSIVE TO PRODUCTION REQUEST NO. 10 BY MARCH 8, 2013.**

Plaintiff's Request for Production No. 10 seeks electronic files showing Lynx's possession, storage of or access to MRI Software, including all customizations and enhancements.  No changes were made to MRI source code and, as such, there are no responsive documents related to enhancements.  Lynx will produce source code for all customizations for the "MRI Report Library," the "Lynx-Products MRI" libraries and the "Multi-Report Tool" as those terms are used in the Stipulated Injunction (Docket #36) to MRI by March 8, 2013.  Lynx will continue to review its files and produce any additional responsive documents in the event additional responsive information is located.

III.  **THE CORRESPONDENCE REGARDING INSURANCE COVERAGE IS NOT DISCOVERABLE.**

Plaintiff's Requests for Production 11 and 12 seek to obtain copies of all memorandums and correspondence related to insurance coverage, reservations of rights or the insurance company's obligations under the policies.  It is undisputed that Lynx properly provided Plaintiff with copies of all policies applicable in this case.

The information requested by Plaintiff is not relevant to the suit.  Plaintiff's only stated need for this information is "to determine whether such positions and delays [in settlement

discussions] have been justified and to fully assess the value of the claims." Civil Rule 26 provides for discovery of all evidence which is relevant. "Relevant" evidence includes evidence which is admissible at trial or is reasonably calculated to lead to the discovery of admissible evidence.

Under Ohio law, communications contained in an insurer's claim file are protected by the attorney-client privilege and not subject to discovery. *See In re Klemann*, 132 Ohio St. 187 (1936); *see also XPan, L.L.C. v. Computer Task Group, Inc.*, U.S. District Court for the Northern District of Ohio, Case No. 5:03CV225. The work product doctrine protects any documents prepared in anticipate of litigation by or for the attorney. *In re Antitrust Grand Jury*, 805 F.2dd 155, 163 (6th Cir. 1986). "In Ohio, courts have traditionally permitted discovery of an insurer's claims files only in instances where bad faith is alleged or where a prevailing party seeks prejudgment interest." *Kraus v. Maurer*, 138 Ohio App. 3d 163, 167 (2000). In this case, there is no bad faith claim. While there is a request for prejudgment interest, it is questionable whether such interest is awardable as the statutes do not expressly provide for prejudgment interest. *Robert R. Jones Associates, Inc. v. Nino Homes*, 858 F.2d 274, 282 (6th Cir. 1988).

Further,

> … district courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment—aside from those insurance-related disclosures made pursuant to Rule 26(a)(1)(A)(iv), or where punitive damages are available—on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Dickson v. Nat'l Maintenance & Repair of Ky., Inc.,* No. 5:08–CV–8, 2011 WL 2610195, at *1–2 (W.D.Ky. July 1, 2011) (unpublished) (denying motion to reopen discovery to permit plaintiff to seek discovery of reservation of rights letters and information about the defendant's assets and ability to pay a judgment) (citing *Ranney–Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.,* 75 F.R.D. 3, 5 (S.D.Ohio 1977)) ("Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible

evidence."); *DiNapoli v. Int'l Alliance of Theatrical Stage Employees 8,* Civ. Action No. 09–5924, 2011 WL 1004576, at *7 (E.D.Pa. Mar. 18, 2011) (unpublished) ("If the plaintiff does not claim punitive damages, or if punitive damages are unavailable, the court will not allow discovery to determine whether the defendant has the means to satisfy a judgment because a defendant's ability to satisfy a judgment has little to do with the subject matter of the litigation notwithstanding a claim for punitive damages.") (citing *Grosek v. Panther Transp., Inc.,* 251 F.R.D. 162, 165 (M.D.Pa.2008)); *Hallford v. Cal. Dep't of Corrections,* No. CIV S–05–0573 FCD DAD P, 2010 WL 921166, at *2 (E.D.Cal. Mar. 12, 2010) (unpublished) (denying, on relevance grounds among others, plaintiff's motion to compel the production of a copy of salary schedules for employees in the individual defendants' employment positions for the purpose of considering an offer of settlement); *Lincoln Elec. Co. v. MPM Techs., Inc.,* No. 1:08–CV–2853, 2009 WL 2413625, at *3 & n. 2 (N.D.Ohio Aug. 5, 2009) (unpublished) (questioning the wisdom of the prevailing rule, but in any event denying on relevance grounds plaintiff's motion to compel discovery responses regarding the defendant's financial status or ability to satisfy a judgment in a breach of contract and warranties action); *Mack Boring & Parts Co. v. Novis Marine Ltd.,* Civ. Action No. 06–2692(HAA), 2008 WL 5136955, at *1–3 (D.N.J. Dec. 5, 2008) (unpublished) (collecting cases and denying motion to compel discovery of defendant's ability to satisfy a soon-to-be entered judgment in a contract-based action where punitive damages were *610 not implicated); *U.S. EEOC v. Ian Schrager Hotels, Inc.,* No. CV 99–0987GAFRCX, 2000 WL 307470, at *4 (C.D.Cal. Mar. 8, 2000) (unpublished) (granting on part a motion to compel in a Title VII action, requiring the defendants to produce their financial information so plaintiff could determine, relative to a claim for punitive damages, whether defendants had attempted to transfer income or assets to others to avoid potential liability if defendants lose the pending litigation); *cf. U.S. for the Use and Benefit of P.W. Berry Co. v. Gen. Elec. Co.,* 158 F.R.D. 161, 164 (D.Or.1994) (granting motion for protective order in a breach of contract action, precluding pre-judgment discovery of corporate and individual financial information including tax returns and financial statements, because that information was not relevant within the meaning of Rule 26(b)(1)); *accord* James Wm. Moore, 6 *Moore's Federal Practice* § 26.41[8][a] (Matthew Bender 3d ed. 2011) (discussing the increasingly restrictive standards pertaining to discovery of a party's financial condition and stating that "[t]he relevancy requirement is not met when a party wants to know the opposing party's assets prejudgment to determine what assets are available for attachment should that party succeed in obtaining a favorable judgment").

Rather than conduct pre-judgment discovery into a defendant's assets or ability to satisfy a judgment, an appropriate means of obtaining such information is to conduct post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a)(2).

3

*Sierrapine v. Refiner Products Manufacturing, Inc.*, 275 F.R.D. 604, 609-610 (E.D.Ca. 2011).

As generally recognized by the courts, information regarding a defendant's ability to satisfy a judgment is not generally relevant to discovery. While there is an exception where punitive damages are requested (which they are in this case), the rational underlying that exception does not apply in this situation to permit access to the insurance file as insurance policies are generally prohibited from providing coverage for punitive damages. *See Lumbermens Mutual Casaulty Co. v. S-W Industries, Inc.*, 39 F.3d 1324, 1329 (6th Cir. 1994).

Civil Rule 26(a) has carved out a requirement that a party produce an insurance *agreement* under which an insurance company may be liable to satisfy all or part of a judgment. It is undisputed that Lynx has provided Plaintiff with copies of all potentially applicable policies. Civil Rule 26 does not require any further production by Lynx nor does it require the production of a coverage analysis or reservation of rights letter.

Further, information regarding insurance coverage is not admissible at trial to show liability. The Rules of Evidence permit limited admission of this information to prove "a witness's bias or prejudice or [for] proving agency, ownership or control." F.R.E. 411. Plaintiff is not seeking the insurance coverage information for any of these limited purposes, nor is the requested information likely to lead to evidence which would be admissible for any of these limited purposes.

Plaintiff further has not explained the need for this information or how this information would be relevant. Plaintiff cites some need to evaluate the alleged delays in the settlement negotiations; however, any such delays are not relevant to Plaintiff's underlying claims against Lynx. Further, Plaintiff alleges that this information is needed to fully assess the value of its claims. Presumably, Plaintiff believes that the value of its claims changes with the potential

4

amount of available insurance coverage. To the extent this belief has merit, Plaintiff has the policy and is capable of conducting its own review of the policies. In fact, Plaintiff admits that it has already conducted such a coverage review and issued a coverage opinion as to which of its claims are covered under the policies. Plaintiff is not an insured under Lynx's policies and currently has no rights under those policies. As such, any dispute between Plaintiff and the insurance coverage as to the potential amount of available coverage is irrelevant to the present suit.

### IV. PLAINTIFF IS NOT ENTITLED TO AN ORDER COMPELLING DEPOSITIONS.

Plaintiff seeks an order to compel the depositions of Howard Mednick and Garen Hagopian. Neither of these individuals are parties to this suit. While Plaintiff has submitted a request for the depositions of Mr. Mednick and Mr. Hagopian, Plaintiff has not proposed any dates for their depositions despite the fact that a notice of deposition was issued.

Further, Plaintiff is without authority to notice these depositions and the individuals are beyond the subpoena power of the Court. Both Mr. Mednick and Mr. Hagopian are citizens of Canada. They are not subject to the personal jurisdiction of the Court and have no personal ties with this forum. *Estate of Ungar v. Palestinian Authority*, 412 F.Supp.2d 328 (S.D.N.Y. 2006); *Arstocrat Leisure Ltd. v. Deutsche Bank Trust Company Americas*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009) (collecting cases). The fact that these individuals are non-officer employees of Lynx is insufficient to subject them to jurisdiction in this court on the basis of Lynx's party status. *Id.* These individuals are beyond the subpoena power of this court. Absent jurisdiction over these individuals, a notice of deposition is insufficient to require them to appear for deposition and a motion to compel is likewise ineffectual. *Id.* As Mr. Mednick and Mr.

Hagopian are not subject to the Court's jurisdiction, the Court cannot order the requested motion compelling their depositions.

The request that the depositions occur in Cleveland, Ohio is likewise improper. Under Civil Rule 45, a deposition must occur within 100 miles of the witness. Civ. R. 45(c)(3)(A)(ii). The witnesses are located in Toronto, Ontario, which is almost 300 miles away from Cleveland, Ohio. Even assuming that these witnesses can be compelled to attend depositions, the request that the witnesses appear for deposition in Cleveland is in violation of the Civil Rules. As Plaintiff has not shown that the requested depositions are proper or comply with the Civil Rules and jurisdictional limitations of the Court, it is not entitled to an order compelling the depositions of Mr. Mednick and Mr. Hagopian.

## V.  PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES.

Plaintiff's Motion to Compel includes a request for an unspecified amount of attorneys' fees associated with preparing its motion to compel. Under Civil Rule 37(a)(5)(A), the Court shall not award attorneys' fees if it determines that the non-disclosure or objection was substantially justified. In interpreting a similar provision of Civil Rule 37, the 6th Circuit Court of Appeals held that an action is substantially justified

> if it raises an issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. As noted by the Supreme Court, "the one [connotation] most naturally conveyed by the phrase before us here ["substantially justified"] is not 'justified to a high degree,' but rather 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person."
>
> *Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 765 (6th Cir. 2005); *see also Satterwhite v. Faurecia Exhaust Systems, Inc.*, 2005 WL 1279253 (S.D.Ohio 2005) (finding substantial justification for failing to produce documents where party felt requests were improper and unwarranted).

As set forth above, there was a genuine dispute where reasonable people could differ with respect to whether the requested information was discoverable.  Given the existence of a genuine dispute, Lynx's failure to provide the requested information was substantially justified such that an award of attorneys' fees in this situation is not merited.

Based upon the foregoing, Defendant, Lynx Systems, Inc., respectfully requests that the Court permit it until March 8, 2013 to produce documents responsive to Plaintiff's Request No. 7 and 10 and deny Plaintiff's Motion to Compel and request for attorneys' fees with respect to the remaining items.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Tami Z. Hannon*
JOHN T. MCLANDRICH  (0021494)
TAMI Z. HANNON  (0079812)
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio  44139
(440) 248-7906
(440) 248-8861 - Fax
Email:   jmclandrich@mrrlaw.com
            thannon@mrrlaw.com

*Counsel for Defendant Lynx Systems, Inc.*

7