IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE LLC, | ) CASE NO.: 1:12-cv-01082 |
| Plaintiff, | ) |
| vs. | ) JUDGE: Christopher A. Boyko |
| LYNX SYSTEMS, INC., | ) |
| Defendant. | ) |

**NOTICE OF OUTSTANDING DISCOVERY REQUESTED FROM LYNX**

Pursuant to the Court's April 8, 2013 Order (Doc. 64), Plaintiff, MRI Software LLC ("MRI"), respectfully submits this Notice of Outstanding Discovery Requested from Defendant, Lynx Systems, Inc. ("Lynx").

### I. SUMMARY OF LYNX'S MARCH 8 PRODUCTION

On February 7, 2013, MRI moved to compel Lynx to conduct a search for and produce *all* documents responsive to Document Request Nos. 7, 10, 11 and 12, and to make at least two of its witnesses, Howard Mednick and Garen Hagopian, available for deposition two weeks following Lynx's production. On March 8 (a month *after* MRI's Motion to Compel), Lynx produced the following documents:

    a.    some of the documents responsive to MRI's Request No. 7, namely some of the professional services orders (PSOs) and professional service agreements (PSAs) referenced in the second column of the "Sales by Customer Summary" provided by Lynx in its Response to MRI's Interrogatory No. 4[1]; and

---

[1] Lynx's Response to MRI's Interrogatory No. 4 was submitted to the Court under seal as Document 57.

    b.    some of the electronic files responsive to MRI's Request No. 10, namely, native files corresponding to the "MRI Report Library," the "Lynx-Products MRI" and the "Multi-Report Tool."

## II. OUTSTANDING DISCOVERY REQUESTED FROM LYNX IN MRI'S FEBRUARY 7, 2013 MOTION TO COMPEL

Even after MRI's Motion to Compel and Lynx's March 8 production, Lynx has still not provided:  1) many documents responsive to Request No. 7; 2) many documents response to Request No. 10; 3) any documents responsive to Requests Nos. 11 and 12; or 4) the depositions of Howard Mednick and Garen Hagopian.

More specifically with respect to Request No. 7, MRI has identified the following deficiencies in Lynx's March 8 production:

    a.    Many PSOs referenced in the second column of the "Sales by Customer Summary" provided by Lynx in its Response to MRI's Interrogatory No. 4 (submitted under seal as Doc. 57) could not be located in Lynx's March 8 production (or in the small set of PSOs previously produced by Lynx on December 6).  Based on the descriptions in Lynx's response to Interrogatory No. 4, some of the apparently missing PSOs appear to relate to installations of Upgrades and Enhancements, and thus, may be very relevant to many of MRI's claims and Lynx's defenses.

    b.    Only 1 PSA from each of the years 2008 and 2011 was produced, and no PSAs from the year 2009 were produced.  By contrast, 13 PSAs for the year 2010 were produced.  Lynx has not represented that it has searched for or produced all PSAs.

    c.    Files related to two Customizations listed in the MRI Report Library (namely, the "Top Performers Report" and the "Enhanced Financial Report in MRI NEW!") appear to be absent from Lynx's production.

    d.    No documents reflecting informal agreements to provide MRI related services were included in Lynx's production.  For example, offers to provide services, and

acceptance of such offers, reflected in emails between Lynx and its customers are responsive to Request No. 7. Lynx has not represented that it has searched for such documents.

With respect to Request No. 10, MRI has identified the following specific deficiencies in Lynx's March 8 production:

a. No Enhancements, or documents or electronic files reflecting Lynx's "access to . . . Enhancements" were included in Lynx's production, and Lynx has not represented that it has searched for such documents. The numerous references to installation and implementation of Enhancements (e.g., upgrades, such as new versions of the MRI Software) in Lynx's response to Interrogatory No. 4 (Doc. 57) show Lynx has had access to Enhancements, yet Lynx has produced no underlying documents.

b. Other than the "MRI Report Library," the "Lynx-Products MRI" and the "Multi-Report Tool," no files corresponding to any Customizations were produced. As discussed on pages 3-5 of MRI's Reply In Support of Its Motion to Compel (Doc. 51), dozens, if not hundreds, of additional Customization files are referenced in Lynx's Response to Interrogatory No. 4. On April 11, Lynx's new counsel, David Movius,[2] sent an email to undersigned counsel stating that he has in his possession "what I understand to be all of the remaining responsive Customizations . . ." and invited discussion as to "how they can best be produced." *See* Exhibit A, 4/11/13 Email, D. Movius to G. Yanchar. Lynx's prior (and current) counsel, John McLandrich, required no such discussion before making Lynx's March 8 production, simply uploading Customization files to an

---

[2] Mr. Movius was Lynx's initial counsel in this case. Mr. Movius formally withdrew as counsel in October 2012, and re-appeared on Lynx's behalf on April 8.

{01942416.DOC;4 } 3

FTP site for MRI to download. That process worked well. Moreover, at no other time since Request No. 10 was propounded (*in June 2012*), has Lynx ever suggested any need for a discussion of the method of production, nor is any needed now. MRI therefore, continues to respectfully request that Lynx be ordered to produce *all* Customization (and other) files responsive to Request No. 10, and requests that Lynx's supplemental production be made in the same manner as its March 8 production.

### III. ADDITIONAL OUTSTANDING DISCOVERY REQUESTED FROM LYNX

Pursuant to the April 8 Order's instruction to provide "a summary of any outstanding discovery requested," MRI identifies the following additional discovery issues that have arisen since the filing of MRI's Motion to Compel on February 7:

1) <u>Requests for Production No. 17</u>: This request was served on December 13, 2013, and seeks communications, including emails, with Lynx-MRI Customers referring to or describing MRI Related Services provided by Lynx. Lynx initially objected to producing any email whatsoever. *See* Exh. B, Lynx's Objections and Responses to MRI's Third Set of Requests for Production. In correspondence dated March 25 and April 2 (attached as Exhibits C and D, respectively), MRI made good faith efforts to resolve this dispute. On April 3, Lynx's counsel, John McLandrich, promised to provide proposed search terms for identifying relevant emails. *See* Exhibit D, 4/3/13 Email from J. McLandrich to D. McMullen. Having failed to received any such proposal, MRI followed up on April 9. *See* Exh. E, 4/9/13 Letter G. Yanchar to J. McLandrich, copying D. Movius. Lynx's latest correspondence on this issue, dated April 11, from Lynx's new counsel, fails to provide proposed search terms, a commitment to conduct a

reasonable search, or a commitment to provide responsive documents by a date certain. *See* Exh. A.[3]

2) <u>Interrogatory No. 7</u>: This interrogatory, served on December 13, 2012, asks Lynx to describe in detail all steps taken by Lynx to comply with the November 9 Preliminary Injunction Order. Lynx's response provides no detail whatsoever. *See* Exh. F, Defendant's Answer to Plaintiff's Third Set of Interrogatories. Lynx has not responded to MRI's request for a more detailed response. *See* Exh. E, A.

3) <u>MRI's Fourth Set of Requests for Production</u>: MRI's Fourth Set of Requests for Production (Nos. 28-32) and Fourth Set of Interrogatories (No. 14) were served on January 18, 2013. Having received no timely response, on March 18, MRI sent an email requesting Lynx's responses. *See* Exh. G, 3/18/13 Email Yanchar to McLandrich. Without seeking or obtaining from MRI an extension of time to respond, Lynx served its responses on April 2, almost six weeks after the due date for Lynx's responses. *See* Exh. H, Lynx's Responses and Objections to MRI's Fourth Set of Requests for Production. No production of documents accompanied Lynx's written responses. As set out in MRI's April 9 letter (Exh. E), Lynx's failure to produce any documents responsive to these requests is not justified.

4) <u>Depositions</u>: In addition to noticing the depositions of Garen Hagopian and Howard Mednick, on December 13, 2012, MRI served notices of deposition for the following additional Lynx employees: Lori Spale, Raj Patel, Jackie Jordon, Carol Dewhirst, and Tracy White. Lynx failed to object to any of the foregoing deposition notices. Based on Lynx's interrogatory responses and Mr. Robinson's deposition testimony, all of these individuals clearly meet the "managing agent" threshold sufficient to compel their appearances for deposition

---

[3] In his April 11 correspondence, Lynx's new counsel instead offers to "talk about the details of how electronic discovery will be completed," ignoring the April 2 and 3 correspondence by Lynx's prior counsel. Apparently attempting to put itself on equal footing with MRI, Lynx also ignores that MRI's request for email was served *four months ago*, whereas Lynx's request for email was served *just that day*. *See* Exh. A.

{01942416.DOC;4 } 5

pursuant to F.R.C.P. 30.  *See* Doc. 51, MRI's Reply Brief in Support of Motion to Compel, at p. 10-11 (setting forth legal standard); Doc. 57 (submitted under seal), Lynx's Response to Interrogatory No. 5 (identifying Raj Patel as Lynx's Director of MRI Services, and Lori Spale as Lynx's Client Manager); Exh. I, Dep. Tr. of D. Robinson at page 16, lines 11-22 (identifying Carol Dewhirst as Lynx's marketing director); page 17, lines 10-15 (identifying Tracy White as Lynx's finance director), page 17, lines 16-24 (identifying Jackie Jordon as Lynx's most senior sales person); and page 17, line 25 - page 18, line 23 (identifying Raj Patel as the person who leads Lynx's professional services for MRI Software).  As requested in MRI's April 9 letter (Exhibit E), upon substantial completion of Lynx's document production, MRI wishes to schedule the foregoing depositions at a mutually convenient time and place, in addition to continuing the deposition of Donald Robinson, and the deposition of Lynx, pursuant to the notices served by MRI on June 20, 2012.  Lynx has provided no commitment to provide any of the requested depositions.

   5)   <u>Records of Services Provided By Lynx During the July 24 Stipulation Term</u>: Pursuant to the parties' July 24 Stipulation (Doc. 31), Lynx agreed to maintain, and upon request, provide to MRI, records of Lynx's development, distribution and implementation of Customizations, implementation of Enhancements, and hosting and technical support services provided during the Stipulation Term. By letter dated January 15, MRI requested such records, and on January 31, Lynx agreed to promptly provide them.  *See* Exh. J and K, respectively.  Having not received the records, MRI followed up by email on March 18.  *See* Exh. G, 3/18/13 Email G. Yanchar to J. McLandrich.  MRI continues to await Lynx's records.

   6)   <u>Improper Designation of March 8 Production as Attorneys' Eyes Only</u>:  As explained in MRI's April 9, 2013 letter to Lynx, Lynx improperly designated its entire March 8 production as "Attorneys' Eyes Only."  *See* Exhibit E, 4/9/13 Letter, G. Yanchar to J. McLandrich (copying D. Movius).  Because the Customization files are native software file types, Lynx's improper restriction unnecessarily impedes MRI's ability to analyze them.  Lynx

has not responded to MRI's request to re-designate the documents "CONFIDENTIAL" under the Stipulated Protective Order. *See id.*

April 15, 2013                          Respectfully submitted,

By: */s/ Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2013 a true and correct copy of the foregoing was filed electronically with the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and parties may access this filing through the Court's System.

                                              */s/ Georgia E. Yanchar*
                                              One of the Attorneys for Plaintiff