UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI Software, LLC, ) | Case No. 1:12-cv-01082 |
| ) | |
| Plaintiff, ) | Judge Christopher A. Boyko |
| ) | |
| vs. ) | |
| ) | |
| Lynx Systems, Inc., ) | |
| ) | |
| Defendant. ) | |

**Response to MRI Software, LLC's Motion for Oral Argument
and/or Leave to File Written Response to Lynx's April 15 Declarations**

Having already filed two over-length briefs in support of its show cause motion, MRI seeks oral argument or for leave to file a third memorandum so it can respond to the declarations Lynx and its counsel filed at the Court's direction.[1] While Lynx does not join in MRI's motion for oral argument, it is prepared to address the Court should it order oral argument. Lynx does, however, oppose MRI's request for further briefing for at least the following reasons:

**Protective Order:** MRI claims it needs a response to paragraphs 41 and 42 of Lynx's declaration because MRI's designation of the names of the alleged "Master Agreement Signatories" under the Stipulated Protective Order "was never before raised by Lynx." But on page 7 of its opposition brief, Lynx did just that, stating:

> MRI has not put Lynx on "written notice" of who those alleged signatories are as required by Section 3(b) of the Stipulated Injunction. Rather, MRI merely has supplied lists of customers to Lynx's counsel,

---

[1] Lynx notes that MRI filed a motion seeking a unilateral extension of the fact discovery cut-off (ECF # 71). Lynx continues to work with MRI in good faith on all outstanding discovery issues, including the deficiencies with MRI's responses to Lynx's outstanding discovery requests, and it will respond to MRI's motion within the time permitted by the Local Rules.

{4272011:2}

>but not Lynx itself, which it has marked as "Attorneys' Eyes Only." (Stipulated Injunction § 3(b).) Lynx itself therefore has no way of knowing whether a particular customer is a Master Agreement Signatory. That is more than a formality, as Lynx must have actual notice of what is prohibited before it can be held in contempt. *See Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ("[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.").

(Lynx Br. in Opp., ECF # 46, at 7.) MRI likewise responded to this issue on pages 5 and 6 of its reply. Therefore, issue has been fully briefed.

***Assessment Technologies v. Wiredata:*** Next, MRI claims that Lynx's statements identifying the near factual identity between this case and *Assessment Technologies v. Wiredata*, 350 F.3d 640 (7th Cir. 2003), warrant further briefing. Those issues, however, already were addressed in Lynx's opposition and MRI's reply briefs. Furthermore, MRI attempts to distinguish *Wiredata* are illusory, at best. Although *Assessment Technologies* did not decide whether an injunction had been violated, it did involve a permanent injunction and resulted in a reversal with express "instructions to vacate the permanent injunction." *Id.* at 648. The Seventh Circuit also did not rely solely on "fair use rationale" as MRI suggests, but instead reversed because "there are at least four possible methods by which [the defendant] can obtain the data it is seeking without infringing [the plaintiff's] copyright," only one of which even arguably implicated the fair use doctrine (which the opinion addressed only in dicta). *Id.* at 647-48. Additional briefing on the applicability of *Wiredata* and its factual similarity to this case therefore is not warranted.

{4272011:2}

**Lynx's Understanding of the Stipulated Injunction:** Finally, Lynx's statements regarding its understanding of the Stipulated Injunction do not warrant further briefing. Lynx necessarily had to say what it understands the Stipulated Injunction to prohibit and why it did not violate those prohibitions to respond to MRI's allegations as the Court ordered. That MRI disagrees with Lynx's understanding is not surprising, and it already has detailed its disagreement in its 30+ pages of prior briefing. Therefore, no further briefing on this issue is warranted.

For these reasons, Lynx submits that MRI already has been heard fully and that further briefing is not necessary or warranted. If, however, the Court grants MRI additional briefing to argue its quarrels with Lynx's declaration, Lynx requests that it be afforded a like opportunity to respond. Otherwise, Lynx is prepared to address the Court directly if it elects to order oral argument on MRI's motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 8, 2013 | /s/ David T. Movius |

David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

## Certificate of Service

I hereby certify that, on April 19, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

    /s/ David T. Movius
*Attorney for Lynx Systems, Inc.*

{4272011:2}