UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Response to MRI's Motion to Extend Fact Discovery of Lynx and Cross-Motion to Extend Fact Discovery of MRI and for a Status Conference**

MRI Software, LLC has asked the Court to extend its fact discovery of Lynx Systems, Inc. by sixty days without extending Lynx's fact discovery of MRI by a like amount of time (ECF # 71). While Lynx agrees that an extension of fact discovery is both warranted and necessary, it strongly objects to MRI's request that the extension only run to its favor.[1]

Both parties have discovery that remains outstanding, and both parties should be afforded additional time to obtain the discovery that they have already requested. Moreover, having two non-concurrent fact discovery periods would significantly complicate a case that already has seen an inordinate number of procedural wrinkles and complications. Finally, while MRI identifies reasons why it wants an extension, it does not provide any reason why the extension it requests should only be limited exclusively to MRI.

---

[1] Lynx has asked MRI to consent to a mutual 60-day extension of fact discovery, and it will notify the Court if MRI agrees.

{4291535:}

Lynx therefore opposes MRI's motion as filed and cross-moves for a sixty-day extension of time for <u>both</u> parties to complete fact discovery, with a like extension of the other case deadlines previously set. Lynx further proposes an in-person status conference to address the status of discovery, the pending motions, and the prospects for settlement of this case short of a trial on the merits

A.  **The Court Should Grant A Mutual Extension Because Substantial Discovery Remains for Both Parties to Complete**

Lynx does not disagree that an extension of fact discovery is warranted. It does, however, disagree with MRI's apparent position that it alone should benefit from an extension. Lynx therefore respectfully submits that a mutual extension is warranted because substantial discovery remains for both parties to complete.

Given the highly-technical and contested nature of this case, discovery has been both difficult and voluminous. For example, MRI's request for the source code for all of the "Customizations" created by Lynx during the relevant years required Lynx to search for, collect and produce nearly 1,500 individual files comprising more than 87 million bytes of data. As another example, Lynx continues to collect and review materials responsive to MRI's Request No. 17, which calls for the following:

> **Request for Production No. 17:** All communications, including without limitation, emails with any Lynx-MRI Customer that refer or describe MRI Related Services provided by Lynx.

After unsuccessfully trying to negotiate search terms with MRI,[2] Lynx has endeavored to identify and collect responsive emails manually, starting with its

---

[2] MRI's proposal was for Lynx to search for and produce every email that includes the term "MRI," which Lynx indicated would be both over-inclusive and under-inclusive. Based on Lynx's manual review to date, that has proven to be the case.

primary MRI-centric customer service representatives. From just those few persons, Lynx already has identified <u>fifteen thousand individual, multi-page documents</u>, which it is now diligently reviewing for privilege and relevancy. While Lynx will complete that review and produce those and the other materials requested by MRI, that process likely will take hundreds upon hundreds of hours of additional work.

Additional time likewise is needed for Lynx to complete its discovery of MRI. For example, MRI objected to many of Lynx's document requests directed to the basis for MRI's specific claims on the basis that they were "premature" and that its "investigation is ongoing." Then, without clarifying the degree to which it is relying on that objection to withhold or delay production, it has produced only limited documents on a "rolling" basis, and it has so far declined to confirm whether that "rolling" production is complete. It likewise has withheld more than 1,000 of the maintenance and support agreements that are essential to a majority of MRI's claims against Lynx and the damages it seeks.

Rather than burden the Court with motion practice over these and Lynx's other issues with MRI's discovery responses, Lynx has continued to try to work with MRI, and it further has served detailed follow-on discovery requests that are specifically tailored to address MRI's previously-stated objections. MRI's responses to those discovery requests are due May 11, 2013, and Lynx has requested to take depositions of key MRI personnel thereafter. Lynx therefore is hopeful that it will be receiving the discovery required to fairly defend itself against MRI's claims in short order. That being said, an extension of fact discovery is needed to permit Lynx

a reasonable opportunity to review MRI's responses and then complete the necessary depositions in a reasonable and orderly manner.

An extension also would afford Lynx and MRI an opportunity to meet and confer regarding any deficiencies with MRI's responses that remain following MRI's responses and production that are due on or before May 11, 2013. Otherwise, Lynx will have no choice but to seek relief from the Court in the form of a Rule 37 motion before the discovery cut-off. An extension therefore would afford Lynx a reasonable opportunity to assimilate MRI's responses, work with MRI to address any deficiencies without immediately involving the Court, and complete the depositions of MRI's witnesses—just as it would permit MRI the time needed for it to initiate and follow through on the letters rogatory procedures under the Hague Convention required for it to take testimony of Lynx's personnel.

For the foregoing reasons, Lynx respectfully submits that a sixty-day mutual extension of the fact discovery cut-off and corresponding extensions of the subsequent case deadlines is warranted and should be granted.

B.     <u>A Status Conference May Focus this Case and Promote Resolution</u>

Lynx also respectfully suggests that an in-person status conference with the Court would be helpful to the parties at this stage of the case. In addition to helping resolve the discovery issues addressed above, a status conference could help resolve or at least simplify a number of the complications in this case, including MRI's pending motion to show cause. Moreover, despite the recent contention between the parties, the issues legitimately in dispute have narrowed and the economics of the case have come more sharply into focus. A status conference therefore may be useful

for assessing whether this case is now suitable for a referral to mediation or other options for resolution short of a trial on the merits.

Respectfully submitted,

Dated: May 6, 2013
/s/ David T. Movius
David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

**Certificate of Service**

I hereby certify that, on May 6, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

  /s/ David T. Movius
*Attorney for Lynx Systems, Inc.*