IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE LLC, | ) CASE NO.: 1:12 cv 1082 |
| Plaintiff, | ) |
| vs. | ) JUDGE: Christopher A. Boyko |
| LYNX SYSTEMS, INC., | ) |
| Defendant. | ) |

**NOTICE OF AGREEMENT AS TO CERTAIN
DISCOVERY DISPUTES AND JOINT MOTION TO EXTEND CASE DEADLINES**

Plaintiff, MRI Software LLC ("MRI") and Defendant, Lynx Systems, Inc. ("Lynx") jointly submit this Notice of Agreement as to Certain Discovery Disputes, to inform the Court of issues on which the parties have now agreed. The following disputes related to discovery and case deadlines are pending before the Court:

1. MRI's Motion to Compel Discovery, whereby MRI moved to compel Lynx to search for and produce all documents responsive to Document Request Nos. 7, 10, 11 and 12, and to make at least two of its witnesses, Howard Mednick and Garen Hagopian, available for deposition two weeks following Lynx's production, and for an order requiring Lynx to reimburse MRI for its legal fees incurred in making such motion. See Doc. # 45.

2. MRI's April 15 Notice of Outstanding Discovery Requested from Lynx, summarizing the discovery disputes remaining following Lynx's March 8 production of documents. See Doc. # 67.

3. MRI's Motion to Extend Fact Discovery of Lynx, requesting sixty (60) additional days to complete discovery of Lynx, after the time that Lynx cures the discovery

{01985327.DOC;1 }

  deficiencies summarized in MRI's April 15 Notice of Outstanding Discovery. *See* Doc. #71.

4. Lynx's Cross-Motion seeking a sixty-day mutual extension of the fact discovery cut-off and corresponding extensions of the subsequent case deadline, and for a status conference. *See* Doc. # 74 .

The parties have reached the following agreements:

1. With the Court's leave, the parties wish to extend all case deadlines sixty (60) days, resulting in the following deadlines:

- Non-expert Discovery due by 7/15/2013;
- Expert reports due by 9/2/2013 and 10/16/2013;
- Expert Discovery due by 12/2/2013; and
- Dispositive Motions due by 1/15/2014.

2. As to MRI's Request for Production No. 7, Lynx will use reasonable efforts to search for and produce the remaining responsive documents (e.g., PSOs and PSAs) by June 15.

3. As to MRI's Request for Production No. 10, since the filing of MRI's April 15 Notice, Lynx has produced the majority of the additional Customization files. Lynx has represented that it has now conducted a search for all files responsive to Request for Production No. 10, and that all responsive documents either have been produced or will be produced by June 15.

4. As to MRI's requests for depositions, Lynx will make available for deposition in Cleveland, Ohio, or Toronto, Ontario, all witnesses whose depositions have been

noticed by MRI who are employed by or otherwise under the control of Lynx on mutually agreed upon dates between June 15 and July 15.

5. As to MRI's Document Request No. 17, the emails provided by Lynx to its counsel to date (approximately 15,000), and determined to be responsive to MRI's Document Request 17 (or other request), will be produced by Lynx to MRI as expeditiously as possible, and in no event, later than June 15. Thereafter, Lynx will produce all remaining responsive emails and communications as expeditiously as possible.

6. As to MRI's Fourth Set of Requests for Production, Lynx has represented that no additional documents responsive to Request Nos. 28-31 exist other than those that have already been produced, or that will be produced in response to Request for Production No. 17, as discussed above. Lynx will produce the document responsive to Request No. 32 by no later than June 15.

7. Lynx will produce records of the services provided by Lynx during the July 24 Stipulation Term by no later than June 15.

8. Lynx will re-designate the PSOs and PSAs produced in response to MRI's Request No. 7 as CONFIDENTIAL, and will produce a redacted copy of Mr. Robinson's April 15 Stipulation as CONFIDENTIAL. The parties will further meet and confer regarding whether the Customization files produced by Lynx can properly continue to be designated ATTORNEYS EYES ONLY.

In sum, the parties have resolved all discovery issues raised in Docket Nos. 45, 67, 71 and 74, except as to MRI's Requests for Production Nos. 11 and 12, which seek certain communications between Lynx and its insurers, and MRI's requests for its attorneys' fees

incurred in moving to compel.[1]  In addition to the foregoing discovery issues, the other issues remaining before the Court include those raised in MRI's Motion to Show Cause Why Lynx Should Not be Held in Contempt of the November 9, 2012 Order (Doc. # 40), and MRI's Motion for Leave to Respond to Lynx's April 15 Declarations (Doc. #72).  Accordingly, the parties continue to respectfully request a ruling on those issues, which have been fully briefed.

The parties agree a status conference with the Court would be helpful, as requested in Lynx's May 6 cross-motion.

May 15, 2013

Respectfully submitted,

/s/ Georgia K.E. Yanchar
Daniel J. McMullen (Ohio Bar No. 0034380)
Georgia K.E. Yanchar (Ohio Bar No. 0071458)
Calfee, Halter & Griswold LLP
1405 East Sixth Street
Cleveland, OH   44114
(216) 622-8233 / (216) 241-0816 Fax
gyanchar@calfee.com

Attorneys for Plaintiff, MRI Software LLC

 /s/ John T. McLandrich
David T. Movius
MCDONALD HOPKINS LLC
600 Superior Ave., East, Suite 2100
Cleveland, OH  44114

John T. McLandrich
MAZANEC, RASKIN & RYDER CO., LPA
100 Franklin's Row
34305 Solon Road

Attorneys for Defendant, Lynx Systems, Inc.

---

[1] MRI respectfully submits that Lynx's agreement to provide some of the discovery requested in MRI's Motion to Compel, subsequent to MRI's filing of said motion, does not affect MRI's entitlement to its fees incurred in making said motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  As set forth in its opposition brief, Lynx disagrees MRI is entitled to its fees, and its agreement with MRI to resolve certain matters raised by MRI in its motion does not constitute an admission that MRI's motion was well-taken.