UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Notice of Supplemental Authority in Response to
MRI Software's Motion for an Order to Show Cause**

Lynx Systems, Inc. submits this Notice to bring to the Court's attention the opinion in *Hogan Systems, Inc. v. Cybresource Int'l, Inc.,* 158 F.3d 319 (5th Cir. 1998) (copy attached), which counsel for Lynx found this week while researching an unrelated issue. Lynx submits that *Hogan Systems* is relevant to whether using WebEx to remotely view its clients' computer screens violates Section 3(c) of the Stipulated Injunction, as MRI contends in its show cause motion.

In *Hogan Systems,* the Fifth Circuit affirmed summary judgment in favor of defendant Cybresource, finding that it did not infringe Hogan's copyrights by remotely accessing software that Hogan licensed to Norwest under an agreement that allowed third party access only "during the period such other persons are on [Norwest's] premises[.]" *Hogan,* 158 F.3d at 322. While the Fifth Circuit agreed that Hogan's license with Norwest "only allows on-premise access to Hogan's software," it affirmed the summary judgment of noninfringement because remotely accessing that software did not result in any infringing copying. *Id.* The court explained:

{4343633:}

> Cybresource replies that the remote access Hogan complains of is simply remote viewing, not unlike pulling up a case in Westlaw. Indeed, Cybresource argues that it never removed the Software from any Norwest terminal, but merely displayed it from Norwest's mainframe. Cybresource reiterates the argument it made to the district court, which found it convincing: there is no summary judgment evidence indicating that such use constitutes copying under federal copyright law. We agree.

*Id.* at 324. The Fifth Circuit thus affirmed the district court's summary judgment, finding that "Hogan has not demonstrated that the copying of which it complains has actually occurred." *Id.*

As the only case identified by either party addressing whether remotely viewing output generated by software running on a licensee's computer constitutes "copying," Lynx submits that *Hogan Systems* is persuasive authority that using WebEx to remotely view its client's computer screens similarly does not constitute "accessing" that software in violation of Section 3(c) of the Stipulated Injunction.

|  | Respectfully submitted, |
|---|---|
| Dated: June 7, 2013 | /s/ David T. Movius |

David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

## Certificate of Service

I hereby certify that, on June 7, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

       /s/ David T. Movius
*Attorney for Lynx Systems, Inc.*