UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO.: 1:12-CV-01082 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | **DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES** |
| LYNX SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

Now comes Defendant, Lynx Systems, Inc., by and through counsel, and hereby moves this Court for an Order compelling Plaintiff, MRI Software, LLC, to respond to its third set of discovery requests.

On April 11, 2013, Defendant propounded its Third Set of Discovery Requests to Plaintiff. A copy of those requests is attached hereto as Exhibit "A," and MRI's responses to Lynx's discovery requests were due by May 14, 2013. Plaintiff subsequently requested, and was granted, a two week extension of time to respond to Defendant's discovery requests, making Plaintiff's responses due by May 28, 2013. On May 23, 2013, Plaintiff requested an additional extension, until June 11, 2013, to respond to Defendant's pending discovery requests. With only limited time remaining to complete discovery, Plaintiff was advised that no further extension could be granted, and Plaintiff did not provide any response to Lynx's discovery requests by its May 28, 2013, deadline.

Plaintiff subsequently produced written objections and responses to Defendant's document requests on May 30, 2013 – two days after they were due. Plaintiff did not, however,

provide any responsive documents.[1] Moreover, Plaintiff completely failed to provide any response to Defendant's interrogatories and instead stated that it was unilaterally taking the further extension to which Defendant had not consented. Plaintiff's May 30, 2013, written responses are attached hereto as Exhibit "B," and the e-mail string including the relevant correspondence between counsel is attached hereto as Exhibit "C."

In view of the foregoing, counsel for Defendant certifies pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1 that it has sincerely and in good faith conferred with counsel for Plaintiff to secure its timely responses to its pending discovery requests in an effort to obtain them without court action but was unable to do so. Defendant accordingly asks the Court to compel Plaintiff to respond immediately and in full to all of Defendant's outstanding discovery requests.

Federal Rule of Civil Procedure 37(a)(3) provides that:

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: …

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

The Rule further provides that, "for purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." F.R.C.P. 37(a)(4). Plaintiff has completely failed to respond to Defendant's interrogatories, and it has further provided incomplete and evasive answers to the request for production of documents, making boilerplate objections and indicating the responsive documents will be produced, but failing to identify any responsive documentation.

---

[1] In a June 10, 2013 email, Plaintiff did indicate that it would produce responsive documents on June 11, 2013.

2

The information requested in the Third Set of Discovery Requests is relevant and necessary for Defendant to investigate Plaintiff's claims and evaluate the claims and potential defenses. Despite being advised of the inability to grant a further extension of time to respond, Plaintiff has failed to produce responses, seek an extension from this Court or request a protective order. Rather, Plaintiff chose to provide inadequate and incomplete responses to the request for production of documents and completely failed to respond to the interrogatories. The failure to produce this information prejudices Defendant's ability to prepare its case. As such, Defendant requests that the Court compel Plaintiff to respond to the discovery requests or be prohibited from introducing into evidence any responsive information, documents or witnesses. Finally, because Defendant's failure to provide proper responses to Lynx's discovery requests is not substantially justified, Defendant should be required to pay Plaintiff's fees incurred in bringing this motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

Based upon the foregoing, Defendant, Lynx Systems, Inc., respectfully requests that the Court issue an Order compelling Plaintiff to respond to Defendant's Third Set of Discovery Requests.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Tami Z. Hannon*
JOHN T. MCLANDRICH (0021494)
TAMI Z. HANNON (0079812)
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
(440) 248-7906
(440) 248-8861 - Fax
Email: jmclandrich@mrrlaw.com
thannon@mrrlaw.com

DAVID T. MOVIUS (0070132)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
(216) 348-5400
(216) 348-5474 – Fax
Email: dmovius@mcdonaldhopkins.com

*Counsel for Defendant Lynx Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, a copy of the foregoing Defendant's Motion To Compel Discovery Responses was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Tami Z. Hannon*
JOHN T. MCLANDRICH (0021494)
TAMI Z. HANNON (0079812)

*Counsel for Defendant Lynx Systems, Inc.*

BERKL-120121/Lynx Mtn Compel

4