UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### Lynx System, Inc.'s Third Set of
### Discovery Requests to MRI Software, LLC

Lynx Systems, Inc. ("Lynx") hereby propounds the following discovery requests to MRI Software, LLC ("MRI"), to be answered completely and fully within thirty (30) days as provided under the authority of Federal Rule of Civil Procedure 26, 33 and 34. The term "documents" (or "document") shall have the broadest meaning available under Federal Rule of Civil Procedure 34(a). Documents requested are to be produced at the offices of Mazanec, Raskin & Ryder Co., L.P.A., 100 Franklin's Row, 34305 Solon Road, Cleveland, Ohio 44139 or McDonald Hopkins LLC, 600 Superior Avenue, E., Suite 2100, Cleveland, Ohio 44114, or at such other time and place as the parties shall stipulate. Copies of the documents requested may be submitted in lieu of appearance. All documents produced are to be grouped and labeled according to each specific request for production.

If a claim of privilege is made with respect to any meeting, communication, act or document, state the basis for the privilege claimed and identify the document, and/or other matter that is claimed to be privileged. Defendant incorporates by

{4251484:}

reference the same definitions and instructions contained in MRI's First Set of Interrogatories to Lynx.

It is expressly contemplated that these Requests for Production are of a continuing nature and that MRI or its attorneys are required to supplement the answers and responses hereto as changes or additional information is obtained.

## Interrogatories

**Interrogatory No. 8:** Identify each alleged infringement by Lynx of any copyright owned by MRI (U.S. or Canadian) by identifying the date on which each alleged infringement occurred and the person(s) who committed such infringement on Lynx's behalf, the registration number of the infringed copyright and the manner in which such copyright was infringed. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 9**: Identify each alleged violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) by Lynx by identifying the date on which each alleged violation occurred and the person(s) who committed such violation(s) on Lynx's behalf, the protected computer(s) Lynx allegedly accessed and what, if anything, of value Lynx obtained as a result. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response**:

**Interrogatory No. 10:** Identify each alleged violation of the Electronic Communications Privacy Act (18 U.S.C. § 2701) by Lynx by identifying the date on which each alleged violation occurred and the person(s) who committed such violation(s) on Lynx's behalf, the specific electronic communications that Lynx allegedly obtained access, any third parties to whom Lynx allegedly disclosed such communications, and any persons with whom Lynx allegedly conspired, encouraged, aided, abetted or participated in with respect to such efforts. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

{4251484:}

**Interrogatory No. 11**: Identify each alleged violation of the Digital Millennium Copyright act (17 U.S.C. § 1201 *et seq.*) by Lynx by identifying the date on which each alleged violation occurred, the technological measure that Lynx circumvented or provided the means to do so without authorization from MRI, the manner in which Lynx circumvented such technological measure(s), and the person(s) who circumvented such technological measure(s) on Lynx's behalf. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 12:** Identify each alleged misappropriation of confidential business information and/or trade secret (O.R.C. 1333.61-69) by Lynx by identifying the date on which each alleged misappropriation occurred, the information or trade secret that Lynx misappropriated, the person(s) who committed such misappropriation on Lynx's behalf, and the manner in which Lynx misappropriated such information or trade secrets. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 13:** Identify each alleged breach of the 2002 Agreement by Lynx by identifying the date on which each alleged breach occurred, the date on which MRI first became aware of the breach, the provision(s) of the 2002 Agreement that Lynx breached, the person(s) who committed such breach on Lynx's behalf, and the manner in which Lynx breached the 2002 Agreement. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 14**: Identify each breach of an agreement between MRI and a client that MRI alleges that Lynx induced by identifying the date on which the alleged breach occurred, the identity of the client who breached its agreement with MRI as a result of Lynx's conduct, the provisions of the contract between MRI and the client that the client breached, the manner in which the client breached those provisions, and the person(s) who induced the breach on Lynx's behalf. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 15**: Identify each instance of interference with an economic advantage of MRI by Lynx by identifying the identity of current or prospective client with which MRI has an expectancy in continuing advantageous economic relationships, the date(s) on which Lynx interfered with such relationships, the person(s) who interfered with such relationships on Lynx's behalf, and the manner in which Lynx interfered with such relationships. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 16**: Identify each instance of trademark infringement by Lynx by identifying the mark that Lynx infringed, the date on which the infringement occurred, the manner in which Lynx infringed the mark and the person(s) who were actually or potentially confused as a result of Lynx's use of the mark. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 17:** Identify each instance of commercial disparagement by Lynx by identifying each disparaging statement, the date on which it was made by Lynx, the person who made such statement on Lynx's behalf, and the manner in which the statement was false. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 18:** Identify each instance of false advertising by Lynx by identifying each misrepresentation by Lynx, the person who made such misrepresentation on Lynx's behalf, and the manner in which the representation was false. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

**Response:**

**Interrogatory No. 19**: Identify each communication between a representative of MRI (including but not limited to David Post and John Ensign) and any Lynx client subsequent to Lynx identifying such client to MRI in this case regarding whether and the terms on which MRI provides or has proposed to provide service or maintenance to such client, including but not limited to any existing Service and Maintenance Agreement and any renewal, modification, extension, renegotiation or other change to such agreement.

**Response:**

## Requests for Production

**Document Request No. 1**: All documents comprising or relating to each copyright registration identified in paragraph 26 of MRI's complaint, including but not limited to (a) the application for each copyright registration, (b) all materials (*e.g.,* source code, documentation, etc.) submitted for deposit with each application for registration, (c) all correspondence and other filings relating to each application for registration, and (d) all documents relating to MRI's decision to file each application for registration and the timing of its decision(s).

**Response:**

**Document Request No. 2**: The complete source code for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint.

**Response:**

**Document Request No. 3**: The database schema for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint.

**Response:**

{4251484:}

**Document Request No. 4:** All documents showing that Lynx or anyone acting for or on its behalf accessed or attempted to access the myMRI portal, including but not limited to any server logs relating to or evidencing such access or attempted access.

**Response:**

**Document Request No. 5:** All documents and other materials disclosed to any third party in connection with a proposed or contemplated sale of all or part of MRI's business from May 1, 2012, to the present that refer or relate in any way to Lynx Systems, Inc., or the subject matter of this litigation.

**Response:**

**Document Request No. 6:** All communications between MRI and any third parties (including but not limited to any of MRI's licensees and any persons associated with or representing RealPage, Inc., Vista Equity Partners or Intuit, Inc.) that relate to Lynx Systems, Inc., or the subject matter of this litigation.

**Response:**

{4251484:}

**Document Request No. 7**: A complete copy of the Asset Purchase Agreement dated as of November 23, 2009, between Intuit Inc. and MRI Acquisition LLC, inclusive of all schedules, exhibits, addenda and other incorporated documents.

**Response**:

**Document Request No. 8**: A complete copy of the Asset Purchase Agreement dated January 15, 2010, between Intuit Inc. and MRI Acquisition, LLC, identified in paragraph 8 of the Declaration of David Post filed in this litigation as ECF # 6-3, inclusive of all schedules, exhibits, addenda and other incorporated documents.

**Response**:

**Document Request No. 9**: Documents identifying any allocation of the purchase price paid by MRI Acquisition LLC to Intuit Inc. (inclusive of assumed debt) for each of the intangible assets identified on the document produced by MRI as MRI/LYNX 000192, its depreciation of each identified intangible asset (*i.e.,* "Tradename," "Purchased Technology," and "Customer Relationship"), and the current book value of each identified intangible asset.

**Response**:

**Document Request No. 10**: All documents relating or referring to any access to, analysis of or other work (*e.g.,* modification, maintenance, support, creation of derivative works, reseal, etc.) relating to any Lynx customizations, reports or work product (including but not limited to any of the reports identified on Exhibits A to the Stipulated Injunction) that MRI obtained from any of Lynx's clients.

**Response:**

**Document Request No. 11**: All documents referring or relating to any proposals or sales involving both MRI Software and Lynx software or services, including all proposals and responses to request for proposals, quotations, correspondence between MRI and Lynx, correspondence between MRI and the potential customer, and any actual or proposed allocation of revenue between Lynx and MRI. By way of illustration and not limitation, this request calls for production of all documents referring or relating to the 2009/2010 proposals to Calloway, Tridel Enterprises, Inc., and Knightstone.

**Response:**

**Document Request No. 12:** All documents relating or referring to any effort or attempt by MRI to develop its own version, or otherwise replicate the functionality, of the "Condominium Management system / customization" referenced in the December 31, 2007, letter from Don Robinson to Andrew Rains produced by MRI as MRI/LYNX 00171-00172, and as reflected on the document entitled "Condominium Management" produced by MRI as MRI/LYNX 000173-000174.

**Response:**



**Document Request No. 13:** All documents relating or referring to any efforts by or on behalf of MRI to develop customizations to the MRI Software tailored for use in the Canadian market, including modifications to existing customizations, reports, modules, tools or other parts of the MRI Software for use in the Canadian market.

**Response:**

{4251484:}

**Document Request No. 14:** All documents relating or referring to any efforts by or on behalf of MRI to sell MRI Software into the Canadian market from November 9, 2008, to the present.

**Response:**

**Document Request No. 15:** All corporate records relating or referring to Lynx Systems, Inc. or the subject matter of this litigation, including but not limited to all board minutes and communications or disclosures to MRI's shareholders or members, whether individually or as a group.

**Response:**

**Document Request No. 16:** A copy of any insurance policy under which MRI may be insured for any liability arising out of or relating to any claim asserted against it by Lynx in this litigation, and all communications relating to anyone associated with the insurer under any such policy or policies that refers or relates to the subject matter of this litigation.

**Response:**

**Document Request No. 17**: All communications between MRI (or anyone acting for or on its behalf) and any actual or potential customer that mentions or refers to Lynx Systems, Inc., or this litigation (including but not limited to each press release, the communications identified by MRI in support of its motion to show cause (ECF # 40), and any customer-specific communications), including the identity of both the sender the intended recipient(s) for each such communication.

**Response:**

**Document Request No. 18**: All correspondence and other documents referring or relating to the "2002 Agreement" identified in paragraph 72 of MRI's complaint, including all documents relating to the drafting, negotiation and execution of that agreement and any extensions, revisions or modifications thereto.

**Response:**

**Document Request No. 19:** All documents referring or relating to MRI granting Lynx authorization to use any software owned or controlled by MRI, including but not limited to all documents relating to the issuance of "license refresh" codes to Lynx.

**Response:**

**Document Request No. 20:** All documents referring or relating to Lynx's use of MRI's claimed trademarks from November 9, 2008, to the present.

**Response:**

**Document Request No. 21:** All documents constituting or relating to invoices for any attorneys' fees or costs that MRI claims it is entitled to recover from Lynx in this litigation and MRI's payment of such attorneys' fees or costs.

**Response:**

**Document Request No. 22**: All documents constituting, relating or referring to MRI's allegation that Lynx accessed the myMRI Client Portal "knowingly, and with intent to defraud" as alleged in paragraph 177 of MRI's complaint.

**Response:**

**Document Request No. 23**: All documents evidencing, relating or referring to the "one or more things of value" that MRI alleges Lynx obtained in paragraph 177 of MRI's complaint, including all documents relating or referring to MRI's determination of the value of such things.

**Response:**

**Document Request No. 24**: All documents relating or referring to MRI's allegation in paragraph 184 of its complaint that Lynx accessed or exceeded its authorization to access the myMRI Client Portal.

**Response:**

**Document Request No. 25**: All electronic communications that MRI alleges that Lynx obtained access to while such communications were in electronic storage, as alleged in paragraph 184 of MRI's complaint.

**Response:**

**Document Request No. 26**: All documents relating or referring to MRI's allegation in paragraph 184 of its complaint that Lynx disclosed electronic communications to third parties not authorized to receive them.

**Response:**

**Document Request No. 27**: All documents relating or referring to MRI's allegation in paragraph 184 of its complaint that Lynx conspired, encouraged, aided, abetted or participated in efforts to commit any of the acts alleged recited in that paragraph, including but not limited to the identity of any third parties with which Lynx allegedly conspired, encouraged, aided, abetted or participated in efforts with.

**Response:**

**Document Request No. 28:** All documents identifying, referring or relating to the "certain technological measures … that effectively control access to one or more of the Copyrighted Works" alleged in paragraph 187 of MRI's complaint.

**Response:**

**Document Request No. 29:** All documents identifying, referring or relating to each instance in which Lynx "circumvented MRI's technological measure(s) and/or provided the means to do so" as alleged in paragraph 188 of MRI's complaint.

**Response:**

**Document Request No. 30:** All documents supporting, refuting or otherwise relating or referring to MRI's allegation that Lynx has directly or indirectly infringed MRI's Canadian copyrights as alleged in paragraph 195 of MRI's complaint.

**Response:**

{4251484:}

**Document Request No. 31:** All documents supporting, refuting or otherwise relating or referring to MRI's allegation in paragraph 203 of its complaint that "Lynx misappropriated the credentials used them for Lynx's benefit," including all documents that refer or relate to each allegedly-misappropriated credential.

**Response:**


**Document Request No. 32:** All communications between MRI and any client that refer or relate to any agreement that MRI alleges in paragraph 221 of its complaint that Lynx has actively induced an MRI client to breach.

**Response:**


**Document Request No. 33:** All documents supporting, refuting or otherwise relating or referring to Lynx's knowledge of the existence of the agreements between MRI and its clients, "including the limitations on MRI's clients' licenses to the MRI Software," as alleged in paragraph 219 of MRI's complaint.

**Response:**

**Document Request No. 34**: All documents referring or relating to any allegation or claim by any MRI client that MRI has not "at all times fully complied with all of its obligations to its clients under the foregoing contracts" as alleged in paragraph 220 of MRI's complaint.

**Response:**

**Document Request No. 35**: All documents that refer or relate to any effort by MRI to directly enforce or take other action with respect to any "material breach or the clients' agreements with MRI regarding the MRI Software" as alleged in paragraph 222 of MRI's complaint.

**Response:**

**Document Request No. 36**: All documents that refer or relate to any determination or claim by MRI that any of its clients have breached an agreement with MRI by working with Lynx in any capacity.

**Response:**

{4251484:}

**Document Request No. 37**: All documents that refer or relate to each instance that Lynx acted to interfere and disrupt MRI's economic relationships as alleged in paragraph 231 of MRI's complaint.

**Response:**

**Document Request No. 38**: All documents that refer or relate to Lynx failing to act with reasonable care as alleged in paragraph 232 of MRI's complaint.

**Response:**

**Document Request No. 39**: All documents referring or relating to each instance that Lynx infringed MRI's trademark rights as alleged in paragraph 240 and 241 of MRI's complaint.

**Response:**

**Document Request No. 40**: All documents referring or relating to "Lynx's verbal and written statements" as alleged in paragraph 251 of MRI's compliant.

**Response:**

**Document Request No. 41**: All documents constituting, referring or relating to each misrepresentation by Lynx as alleged in paragraphs 258 and 259 of MRI's complaint.

**Response:**

**Document Request No. 42**: All documents constituting, referring or relating to each false, misleading and disparaging statement by Lynx as alleged in paragraph 265 of MRI's complaint.

**Response:**

{4251484:}

**Document Request No. 43:** All documents that support, refute or otherwise refer or relate to the damages that MRI seeks in the "Prayer for Relief" in its complaint.

**Response:**

**Document Request No. 44:** All documents relating or referring to MRI's "investment of time, money and resources in the development of its software" as identified by David Post in paragraph 24 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

**Document Request No. 45:** All "company records" referred to by David Post in paragraph 40 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

**Document Request No. 46**: The "internal MRI record" referred to by David Post in paragraph 41 of his declaration filed in this litigation as ECF # 6-3.

**Response**:

**Document Request No. 47**: All documents referring or relating to the negotiation between Lynx and IRES identified by David Post in paragraph 42 of his declaration filed in this litigation as ECF # 6-3.

**Response**:

**Document Request No. 48**: All documents referring or relating to the "recent investigation" identified by David Post in paragraph 47 of his declaration filed in this litigation as ECF # 6-3.

**Response**:

**Document Request No. 49**: All documents referring or relating to Mr. Post's "personal investigation" identified in paragraph 48 of his declaration filed in this litigation as ECF # 6-3.

**Response**:

**Document Request No. 50**: All documents constituting, referring or relating to the "reports by MRI personnel" identified in paragraph 48 of his declaration filed in this litigation as ECF # 6-3.

**Response**:

**Document Request No. 51**: All documents constituting, referring or relating to the "discussions with MRI Software users" identified in paragraph 48 of his declaration filed in this litigation as ECF # 6-3.

**Response**:

**Document Request No. 52**: All documents constituting, referring or relating to "reports from MRI Software users and employees of MRI" identified in paragraph 65 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**



**Document Request No. 53**: All documents constituting, referring or relating to "reports from MRI Software users and employees of MRI and my investigation" identified in paragraph 66 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**



**Document Request No. 54**: All documents constituting, referring or relating to "multiple reports from MRI Software users and employees of MRI" identified in paragraph 70 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

**Document Request No. 55:** All documents constituting, referring or relating to "report from a long time MRI client" identified in paragraph 71 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all documents identifying the identity of the referenced client.

**Response:**


**Document Request No. 56:** All documents constituting, referring or relating to "reports that Lynx provided updates to the MRI Software to two of its client" identified in paragraph 73 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all documents identifying the identity of the referenced clients and the persons who made the reports to Mr. Post.

**Response:**


**Document Request No. 57:** All documents constituting, referring or relating to "discussions with members of MRI's development team" identified in paragraph 74 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all documents identifying the identity of the referenced client.

**Response:**

**Document Request No. 58**: All documents constituting, referring or relating to "discussions with members of MRI's executive and sales team" identified in paragraph 77 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

**Document Request No. 59**: All documents constituting, referring or relating to the "reports I have received from MRI customers and sales personnel" identified in paragraph 84 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

**Document Request No. 60**: All documents constituting, referring or relating to the "reports I have received from MRI customers and sales personnel" identified in paragraph 86 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

{4251484:}

**Document Request No. 61**: All documents constituting, referring or relating to the talks with MRI clients identified in paragraph 87 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response**:

**Document Request No. 62**: All documents referring or relating to the revenue that Lynx allegedly has deprived MRI of, as identified in paragraph 90 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including the calculation of such revenue and all costs and deductions applicable to or taken from MRI's gross revenue to determine its allegedly-lost net profit.

**Response**:

**Document Request No. 63**: All documents referring or relating to the multiple customers who discontinued maintenance and support contracts with MRI identified in paragraph 94 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response**:

{4251484:}

**Document Request No. 64:** All documents identifying, referring or relating to the "third party service providers, who, unlike Lynx, lawfully provide MRI Software support services" identified in paragraph 96 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

**Document Request No. 65:** All documents and other materials reviewed by David Post in preparation of his declaration filed in this litigation as ECF # 6-3.

**Response:**

**Document Request No. 66:** All draft versions of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all communications relating thereto.

**Response:**

**Document Request No. 67**: All documents and other materials reviewed by David Post in preparation of his declaration filed under seal in this litigation as ECF # 43.

**Response:**

**Document Request No. 68**: All draft versions of Mr. Post's declaration filed under seal in this litigation as ECF # 43, including all communications relating thereto.

**Response:**

**Document Request No. 69**: All documents constituting, relating or referring to communications received by Master Agreement Signatories as referenced by David Post in paragraph 4 of his declaration filed under seal in this litigation as ECF # 43.

**Response:**

{4251484:}

**Document Request No. 70**: All documents constituting, relating or referring to the November 26, 2012, message identified by David Post in paragraph 5 of his declaration filed under seal in this litigation as ECF # 43.

**Response:**

**Document Request No. 71**: All documents constituting, relating or referring to the December 5, 2012, message identified by David Post in paragraph 6 of his declaration filed under seal in this litigation as ECF # 43.

**Response:**

**Document Request No. 72**: All documents constituting, relating or referring to the November 30, 2012, December 4, 2012, December 9 and January 3, 2013, inquiries identified by David Post in paragraph 7 of his declaration filed under seal in this litigation as ECF # 43.

**Response:**

**Document Request No. 73**: All documents constituting, relating or referring to the January 25, 2013, request identified by David Post in paragraph 8 of his declaration filed under seal in this litigation as ECF # 43, including but not limited to all follow up communications as referenced in paragraph 8 of Mr. Post's declaration.

**Response**:


**Document Request No. 74**: All documents quantifying, supporting or refuting MRI's claim that Lynx's conduct has harmed MRI, as identified by David Post in paragraph 10 of his declaration filed under seal in this litigation as ECF # 43.

**Response**:


**Document Request No. 75**: All documents and other materials reviewed by Eric Smith in preparation of his declaration filed in this litigation as ECF # 6-9.

**Response**:

{4251484:}

**Document Request No. 76**: All draft versions of Mr. Smith's declaration filed in this litigation as ECF # 6-9, including all communications relating thereto.

**Response:**

**Document Request No. 77**: All notes, analyses and other documents relating to Mr. Smith's analysis set forth in paragraphs 17 through 32 of his declaration filed in this litigation as ECF # 6-9.

**Response:**

**Document Request No. 78**: All documents referring or relating to Mr. Smith's statement that, "if the MRI Reports and MRI Products advertised on Lynx's website were not generated using the MRI Application Toolkit, then, when they are provided to Lynx's customers, they will not run with the MRI Software, and therefore not be usable by Lynx's customers," as set forth in paragraph 30 of his declaration filed in this litigation as ECF # 6-9.

**Response:**

**Document Request No. 79**: All documents referring or relating to Mr. Smith's claim that "Lynx is currently selling copies of the foregoing MRI Reports and MRI Products to companies who use MRI Software," as set forth in paragraph 32 of his declaration filed in this litigation as ECF # 6-9.

**Response:**

**Document Request No. 80**: All documents referring or relating to the "revenue" of which Lynx allegedly "robs MRI," as identified in paragraph 52 of Mr. Smith's declaration filed in this litigation as ECF # 6-9, including the calculation of such revenue and all costs and deductions applicable to or taken from MRI's gross revenue to determine its allegedly-lost net profit.

**Response:**

**Document Request No. 81**: All documents referring or relating to any instance where a client ascribed fault to MRI or blamed MRI as identified in paragraph 52 of Mr. Smith's declaration filed in this litigation as ECF # 6-9.

**Response:**

{4251484:}

**Document Request No. 82**: All documents and other materials reviewed by Shannon Zdanowicz in preparation of her declaration filed in this litigation as ECF # 6-13.

**Response:**

**Document Request No. 83**: All draft versions of Ms. Zdanowicz's declaration filed in this litigation as ECF # 6-13, including all communications relating thereto.

**Response:**

**Document Request No. 84**: All records reviewed by Ms. Zdanowicz as identified in paragraph 26 of her declaration filed in this litigation as ECF # 6-13.

**Response:**

**Document Request No. 85**: All documents and other materials reviewed by Vicky Nodzak in preparation of her declaration filed in this litigation as ECF # 6-14.

**Response:**

**Document Request No. 86**: All draft versions of Ms. Nodzak's declaration filed in this litigation as ECF # 6-14, including all communications relating thereto.

**Response:**

**Document Request No. 87**: All documents and information provided to MRI by Ms. Nodzak that originated from or that otherwise relate or refer to Lynx Systems, Inc.

**Response:**

**Document Request No. 88**: MRI's complete employment file for Ms. Vicky Nodzak.

**Response:**

**Document Request No. 89**: All documents and other materials reviewed by Patrick Ghilani in preparation of his declaration filed in this litigation as ECF # 40-9.

**Response:**

**Document Request No. 90**: All draft versions of Patrick Ghilani's declaration filed in this litigation as ECF # 40-9, including all communications relating thereto.

**Response:**

**Document Request No. 91**: All documents supporting, refuting or otherwise relating or referring to Patrick Ghilani's statement in paragraph 17 of his declaration filed in this litigation as ECF # 40-9 that it "is extremely unlikely – virtually inconceivable – that Lynx is able to perform such services without at least accessing the database schema of the MRI Software."

**Response:**

**Document Request No. 92**: All documents relating or referring to the negotiation of MRI's current agreement(s) with each Master Agreement Signatory that MRI has identified to Lynx pursuant to Section 3(b) of the Stipulated Injunction entered as ECF # 36 in this litigation, including all communications and all other documents relating or referring to revisions or other changes proposed or requested by each Master Agreement Signatory irrespective of whether such revisions or other changes were agreed to by MRI.

**Response:**

**Document Request No. 93:** All documents relating or referring to any efforts by MRI to enforce any of the copyrights identified in paragraph 26 of its complaint, its registered or common law trademark rights identified in paragraph 28-34 of its complaint, or any other intellectual property rights against any third parties from November 1, 2009, to the present.

**Response:**

**Document Request No. 94:** All documents referring or relating to the support options (including but not limited to pricing, contractual terms and contract duration) for the nature and type of support services referred to in paragraphs 108 through 127 of its complaint, that MRI has offered its licensees from November 1, 2009, to the present, including the prices at which it offered such services and the prices at which it actually provided such services to its clients during that period.

**Response:**

**Document Request No. 95:** All documents constituting, referring or relating to any expert testimony that MRI intends to rely upon with respect to any issue in this case, including but not limited to all communications with such expert(s), all documents relating to compensation for the experts' study or testimony, the facts and data that MRI or its counsel provided and the expert(s) considered in forming the opinions to be expressed, any assumptions that MRI or its counsel provided and the expert(s) relied upon in forming the opinions to be expressed, all documents provided to such expert(s), and all documents relied upon by the expert in forming the opinions to be expressed (irrespective of whether the expert(s) ultimately cite to such documents).

**Response:**


**Document Request No. 96:** All documents constituting, referring or relating to any communications identified by MRI in response to Interrogatory No. 19, including but not limited to all emails, draft and prosed agreement terms and any notes, messages or other related materials.

**Response:**

Dated:  April 11, 2013

David T. Movius (OH 0070132)
 *dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474

John T. McLandrich (OH 0021494)
 *jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 | f 440.248.8861

*Counsel for Lynx Systems, Inc.*

{4251484:}

## Certificate of Service

A copy of the foregoing *Third Set of Discovery Requests* was served by hand delivery on April 11, 2013, by on the following:

Daniel J. McMullen, Esq.
Georgia K.E. Yanchar, Esq.
Calfee, Halter & Griswold
1405 East Sixth Street
Cleveland, OH  44114

*Counsel for Lynx Systems, Inc.*