UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| LYNX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MRI'S RESPONSES AND OBJECTIONS TO LYNX'S THIRD SET
OF DISCOVERY REQUESTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff MRI Software, LLC ("MRI"), objects and responds to the Third Set of Requests for Production of Documents (collectively, "Discovery Requests") served by Defendant Lynx Systems, Inc. ("Lynx"), as follows:

**<u>GENERAL OBJECTIONS</u>**

MRI incorporates by reference the General Objections set forth in MRI Software, LLC's Objections And Responses To Lynx Systems, Inc.'s First Set Of Interrogatories.  The following answers contain the information reasonably available to MRI at this time.  MRI reserves its right to amend or supplement its responses to the requests, as additional discovery and investigations continue, in the event that additional information is discovered, or in the event of error, inadvertent mistake or omission.

## Requests for Production

**Document Request No. 1:** All documents comprising or relating to each copyright registration identified in paragraph 26 of MRI's complaint, including but not limited to (a) the application for each copyright registration, (b) all materials (*e.g.,* source code, documentation, etc.) submitted for deposit with each application for registration, (c) all correspondence and other filings relating to each application for registration, and (d) all documents relating to MRI's decision to file each application for registration and the timing of its decision(s).

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  Many of the requested documents are publicly available.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 2:** The complete source code for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  MRI objects to this request as vague as Lynx has failed to define what it means by the term "source code".

**Document Request No. 3:** The database schema for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint.

**Response:**

MRI objects to this request as vague as Lynx has failed to define what it means by the term "database schema".  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 4:** All documents showing that Lynx or anyone acting for or on its behalf accessed or attempted to access the myMRI portal, including but not limited to any server logs relating to or evidencing such access or attempted access.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 5:** All documents and other materials disclosed to any third party in connection with a proposed or contemplated sale of all or part of MRI's business from May 1, 2012, to the present that refer or relate in any way to Lynx Systems, Inc., or the subject matter of this litigation.

**Response:**

MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 6:** All communications between MRI and any third parties (including but not limited to any of MRI's licensees and any persons associated with or representing RealPage, Inc., Vista Equity Partners or Intuit, Inc.) that relate to Lynx Systems, Inc., or the subject matter of this litigation.

**Response:**

MRI objects to this request as overly broad and unduly burdensome, e.g., it is not limited to any period of time.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 7:** A complete copy of the Asset Purchase Agreement dated as of November 23, 2009, between Intuit Inc. and MRI Acquisition LLC, inclusive of all schedules, exhibits, addenda and other incorporated documents.

**Response:**

MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 8:** A complete copy of the Asset Purchase Agreement dated January 15, 2010, between Intuit Inc. and MRI Acquisition, LLC, identified in paragraph 8 of the Declaration

of David Post filed in this litigation as ECF # 6-3, inclusive of all schedules, exhibits, addenda and other incorporated documents.

**Response:**

MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 9:** Documents identifying any allocation of the purchase price paid by MRI Acquisition LLC to Intuit Inc. (inclusive of assumed debt) for each of the intangible assets identified on the document produced by MRI as MRI/LYNX 000192, its depreciation of each identified intangible asset (*i.e.,* "Tradename," "Purchased Technology," and "Customer Relationship"), and the current book value of each identified intangible asset.

**Response:**

MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. MRI further objects to this request as vague as Lynx has failed to define what it means by the term "allocation of purchase price . . . for each intangible asset". Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 10:** All documents relating or referring to any access to, analysis of or other work (*e.g.,* modification, maintenance, support, creation of derivative works, resell, etc.) relating to any Lynx customizations, reports or work product (including but not limited to any of the reports identified on Exhibits A to the Stipulated Injunction) that MRI obtained from any of Lynx's clients.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 11:** All documents referring or relating to any proposals or sales involving both MRI Software and Lynx software or services, including all proposals and responses to request for proposals, quotations, correspondence between MRI and Lynx, correspondence between MRI and the potential customer, and any actual or proposed allocation of revenue between Lynx and MRI. By way of illustration and not limitation, this request calls for production of all documents referring or relating to the 2009/2010 proposals to Calloway, Tridel Enterprises, Inc., and Knightstone.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further objects to this request as vague as Lynx has failed to define what it means by the term "proposals or sales involving MRI and Lynx software or services . . ."  MRI further objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 12:** All documents relating or referring to any effort or attempt by MRI to develop its own version, or otherwise replicate the functionality, of the "Condominium Management system / customization" referenced in the December 31, 2007, letter from Don

Robinson to Andrew Rains produced by MRI as MRI/LYNX 00171-00172, and as reflected on the document entitled "Condominium Management" produced by MRI as MRI/LYNX 000173-000174.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 13:**  All documents relating or referring to any efforts by or on behalf of MRI to develop customizations to the MRI Software tailored for use in the Canadian market, including modifications to existing customizations, reports, modules, tools or other parts of the MRI Software for use in the Canadian market.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  Without waiving its specific and General Objections, MRI will

produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 14**:  All documents relating or referring to any efforts by or on behalf of MRI to sell MRI Software into the Canadian market from November 9, 2008, to the present.

**Response**:

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 15**: All corporate records relating or referring to Lynx Systems, Inc. or the subject matter of this litigation, including but not limited to all board minutes and communications or disclosures to MRI's shareholders or members, whether individually or as a group.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 16**: A copy of any insurance policy under which MRI may be insured for any liability arising out of or relating to any claim asserted against it by Lynx in this litigation, and all communications relating to anyone associated with the insurer under any such policy or policies that refers or relates to the subject matter of this litigation.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 17:** All communications between MRI (or anyone acting for or on its behalf) and any actual or potential customer that mentions or refers to Lynx Systems, Inc., or this litigation (including but not limited to each press release, the communications identified by MRI in support of its motion to show cause (ECF # 40), and any customer-specific communications), including the identity of both the sender the intended recipient(s) for each such communication.

**Response:**

MRI objects to this request as duplicative of Request No. 6 and overly broad and unduly burdensome. MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 18:** All correspondence and other documents referring or relating to the "2002 Agreement" identified in paragraph 72 of MRI's complaint, including all documents relating to the drafting, negotiation and execution of that agreement and any extensions, revisions or modifications thereto.

**Response:**

MRI objects to this request as overly broad and unduly burdensome. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. MRI further objects to this request to the extent it seeks documents that are

not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 19**: All documents referring or relating to MRI granting Lynx authorization to use any software owned or controlled by MRI, including but not limited to all documents relating to the issuance of "license refresh" codes to Lynx.

**Response**:

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 20**: All documents referring or relating to Lynx's use of MRI's claimed trademarks from November 9, 2008, to the present.

**Response**:

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 21**: All documents constituting or relating to invoices for any attorneys' fees or costs that MRI claims it is entitled to recover from Lynx in this litigation and MRI's payment of such attorneys' fees or costs.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as overly broad and unduly

burdensome.   MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.   MRI further objects to this request as premature.

**Document Request No. 22:** All documents constituting, relating or referring to MRI's allegation that Lynx accessed the myMRI Client Portal "knowingly, and with intent to defraud" as alleged in paragraph 177 of MRI's complaint.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.   MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.   Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 23:** All documents evidencing, relating or referring to the "one or more things of value" that MRI alleges Lynx obtained in paragraph 177 of MRI's complaint, including all documents relating or referring to MRI's determination of the value of such things.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.   Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 24:** All documents relating or referring to MRI's allegation in paragraph 184 of its complaint that Lynx accessed or exceeded its authorization to access the myMRI Client Portal.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 25:** All electronic communications that MRI alleges that Lynx obtained access to while such communications were in electronic storage, as alleged in paragraph 184 of MRI's complaint.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 26:** All documents relating or referring to MRI's allegation in paragraph 184 of its complaint that Lynx disclosed electronic communications to third parties not authorized to receive them.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 27:** All documents relating or referring to MRI's allegation in paragraph 184 of its complaint that Lynx conspired, encouraged, aided, abetted or participated in efforts to commit any of the acts alleged recited in that paragraph, including but not limited to the identity

of any third parties with which Lynx allegedly conspired, encouraged, aided, abetted or participated in efforts with.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 28:** All documents identifying, referring or relating to the "certain technological measures … that effectively control access to one or more of the Copyrighted Works" alleged in paragraph 187 of MRI's complaint.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as overly broad and unduly burdensome.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 29:** All documents identifying, referring or relating to each instance in which Lynx "circumvented MRI's technological measure(s) and/or provided the means to do so" as alleged in paragraph 188 of MRI's complaint.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 30:** All documents supporting, refuting or otherwise relating or referring to MRI's allegation that Lynx has directly or indirectly infringed MRI's Canadian copyrights as alleged in paragraph 195 of MRI's complaint.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 31:** All documents supporting, refuting or otherwise relating or referring to MRI's allegation in paragraph 203 of its complaint that "Lynx misappropriated the credentials used them for Lynx's benefit," including all documents that refer or relate to each allegedly-misappropriated credential.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 32:** All communications between MRI and any client that refer or relate to any agreement that MRI alleges in paragraph 221 of its complaint that Lynx has actively induced an MRI client to breach.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 33:** All documents supporting, refuting or otherwise relating or referring to Lynx's knowledge of the existence of the agreements between MRI and its clients, "including the limitations on MRI's clients' licenses to the MRI Software," as alleged in paragraph 219 of MRI's complaint.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control. MRI further objects to this request as overly broad and unduly burdensome. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 34:** All documents referring or relating to any allegation or claim by any MRI client that MRI has not "at all times fully complied with all of its obligations to its clients under the foregoing contracts" as alleged in paragraph 220 of MRI's complaint.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control. MRI further objects to this request as overly broad and unduly burdensome. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 35:** All documents that refer or relate to any effort by MRI to directly enforce or take other action with respect to any "material breach or the clients' agreements with MRI regarding the MRI Software" as alleged in paragraph 222 of MRI's complaint.


**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 36:** All documents that refer or relate to any determination or claim by MRI that any of its clients have breached an agreement with MRI by working with Lynx in any capacity.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 37:** All documents that refer or relate to each instance that Lynx acted to interfere and disrupt MRI's economic relationships as alleged in paragraph 231 of MRI's complaint.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further

objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as overly broad and unduly burdensome. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 38:** All documents that refer or relate to Lynx failing to act with reasonable care as alleged in paragraph 232 of MRI's complaint.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as overly broad and unduly burdensome.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 39:** All documents referring or relating to each instance that Lynx infringed MRI's trademark rights as alleged in paragraph 240 and 241 of MRI's complaint.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 40:** All documents referring or relating to "Lynx's verbal and written statements" as alleged in paragraph 251 of MRI's compliant.

**Response:**

MRI objects to this request as overly broad and unduly burdensome. MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control. MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 41:** All documents constituting, referring or relating to each misrepresentation by Lynx as alleged in paragraphs 258 and 259 of MRI's complaint.

**Response:**

MRI objects to this request as overly broad and unduly burdensome. MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control. MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 42:** All documents constituting, referring or relating to each false, misleading and disparaging statement by Lynx as alleged in paragraph 265 of MRI's complaint.

**Response:**

MRI objects to this request as overly broad and unduly burdensome. MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control. MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.

Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 43:** All documents that support, refute or otherwise refer or relate to the damages that MRI seeks in the "Prayer for Relief" in its complaint.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 44:** All documents relating or referring to MRI's "investment of time, money and resources in the development of its software" as identified by David Post in paragraph 24 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 45:** All "company records" referred to by David Post in paragraph 40 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further

objects to this request as overly broad and unduly burdensome.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 46:** The "internal MRI record" referred to by David Post in paragraph 41 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 47:** All documents referring or relating to the negotiation between Lynx and IRES identified by David Post in paragraph 42 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 48:** All documents referring or relating to the "recent investigation" identified by David Post in paragraph 47 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 49:** All documents referring or relating to Mr. Post's "personal investigation" identified in paragraph 48 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 50:** All documents constituting, referring or relating to the "reports by MRI personnel" identified in paragraph 48 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 51:** All documents constituting, referring or relating to the "discussions with MRI Software users" identified in paragraph 48 of his declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 52:** All documents constituting, referring or relating to "reports from MRI Software users and employees of MRI" identified in paragraph 65 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 53:** All documents constituting, referring or relating to "reports from MRI Software users and employees of MRI and my investigation" identified in paragraph 66 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 54:** All documents constituting, referring or relating to "multiple reports from MRI Software users and employees of MRI" identified in paragraph 70 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 55:** All documents constituting, referring or relating to "report from a long time MRI client" identified in paragraph 71 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all documents identifying the identity of the referenced client.

**Response:**

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 56:** All documents constituting, referring or relating to "reports that Lynx provided updates to the MRI Software to two of its client" identified in paragraph 73 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all documents identifying the identity of the referenced clients and the persons who made the reports to Mr. Post.

**Response**:

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 57:** All documents constituting, referring or relating to "discussions with members of MRI's development team" identified in paragraph 74 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all documents identifying the identity of the referenced client.

**Response**:

Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 58:** All documents constituting, referring or relating to "discussions with members of MRI's executive and sales team" identified in paragraph 77 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 59:** All documents constituting, referring or relating to the "reports I have received from MRI customers and sales personnel" identified in paragraph 84 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 60:** All documents constituting, referring or relating to the "reports I have received from MRI customers and sales personnel" identified in paragraph 86 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 61:** All documents constituting, referring or relating to the talks with MRI clients identified in paragraph 87 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 62:** All documents referring or relating to the revenue that Lynx allegedly has deprived MRI of, as identified in paragraph 90 of Mr. Post's declaration filed in this litigation as ECF # 6-3, including the calculation of such revenue and all costs and deductions applicable to or taken from MRI's gross revenue to determine its allegedly-lost net profit.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI objects to this request as overly broad and unduly burdensome. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 63:** All documents referring or relating to the multiple customers who discontinued maintenance and support contracts with MRI identified in paragraph 94 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI objects to this request as overly broad and unduly burdensome. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 64:** All documents identifying, referring or relating to the "third party service providers, who, unlike Lynx, lawfully provide MRI Software support services" identified in paragraph 96 of Mr. Post's declaration filed in this litigation as ECF # 6-3.

**Response**:

MRI objects to this request as overly broad and unduly burdensome.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 65:** All documents and other materials reviewed by David Post in preparation of his declaration filed in this litigation as ECF # 6-3.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 66**: All draft versions of Mr. Post's declaration filed in this litigation as ECF # 6-3, including all communications relating thereto.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 67**: All documents and other materials reviewed by David Post in preparation of his declaration filed under seal in this litigation as ECF # 43.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 68**: All draft versions of Mr. Post's declaration filed under seal in this litigation as ECF # 43, including all communications relating thereto.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 69**: All documents constituting, relating or referring to communications received by Master Agreement Signatories as referenced by David Post in paragraph 4 of his declaration filed under seal in this litigation as ECF # 43.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as overly broad and unduly burdensome.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 70**: All documents constituting, relating or referring to the November 26, 2012, message identified by David Post in paragraph 5 of his declaration filed under seal in this litigation as ECF # 43.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 71**: All documents constituting, relating or referring to the December 5, 2012, message identified by David Post in paragraph 6 of his declaration filed under seal in this litigation as ECF # 43.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 72:** All documents constituting, relating or referring to the November 30, 2012, December 4, 2012, December 9 and January 3, 2013, inquiries identified by David Post in paragraph 7 of his declaration filed under seal in this litigation as ECF # 43.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 73:** All documents constituting, relating or referring to the January 25, 2013, request identified by David Post in paragraph 8 of his declaration filed under seal in this litigation as ECF # 43, including but not limited to all follow up communications as referenced in paragraph 8 of Mr. Post's declaration.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 74:** All documents quantifying, supporting or refuting MRI's claim that Lynx's conduct has harmed MRI, as identified by David Post in paragraph 10 of his declaration filed under seal in this litigation as ECF # 43.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 75:** All documents and other materials reviewed by Eric Smith in preparation of his declaration filed in this litigation as ECF # 6-9.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 76:** All draft versions of Mr. Smith's declaration filed in this litigation as ECF # 6-9, including all communications relating thereto.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 77:** All notes, analyses and other documents relating to Mr. Smith's analysis set forth in paragraphs 17 through 32 of his declaration filed in this litigation as ECF # 6-9.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 78:** All documents referring or relating to Mr. Smith's statement that, "if the MRI Reports and MRI Products advertised on Lynx's website were not generated using the MRI Application Toolkit, then, when they are provided to Lynx's customers, they will not

run with the MRI Software, and therefore not be usable by Lynx's customers," as set forth in paragraph 30 of his declaration filed in this litigation as ECF # 6-9.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 79:** All documents referring or relating to Mr. Smith's claim that "Lynx is currently selling copies of the foregoing MRI Reports and MRI Products to companies who use MRI Software," as set forth in paragraph 32 of his declaration filed in this litigation as ECF # 6-9.

**Response:**

MRI objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 80:** All documents referring or relating to the "revenue" of which Lynx allegedly "robs MRI," as identified in paragraph 52 of Mr. Smith's declaration filed in this litigation as ECF # 6-9, including the calculation of such revenue and all costs and deductions applicable to or taken from MRI's gross revenue to determine its allegedly-lost net profit.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as overly broad and unduly

burdensome.  MRI further objects to this request as premature as MRI's investigation is ongoing. Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 81:** All documents referring or relating to any instance where a client ascribed fault to MRI or blamed MRI as identified in paragraph 52 of Mr. Smith's declaration filed in this litigation as ECF # 6-9.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 82:** All documents and other materials reviewed by Shannon Zdanowicz in preparation of her declaration filed in this litigation as ECF # 6-13.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 83:** All draft versions of Ms. Zdanowicz's declaration filed in this litigation as ECF # 6-13, including all communications relating thereto.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 84:** All records reviewed by Ms. Zdanowicz as identified in paragraph 26 of her declaration filed in this litigation as ECF # 6-13.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 85:** All documents and other materials reviewed by Vicky Nodzak in preparation of her declaration filed in this litigation as ECF # 6-14.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 86:** All draft versions of Ms. Nodzak's declaration filed in this litigation as ECF # 6-14, including all communications relating thereto.

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 87:** All documents and information provided to MRI by Ms. Nodzak that originated from or that otherwise relate or refer to Lynx Systems, Inc.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 88**: MRI's complete employment file for Ms. Vicky Nodzak.

**Response**:

MRI objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 89**: All documents and other materials reviewed by Patrick Ghilani in preparation of his declaration filed in this litigation as ECF # 40-9.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 90**: All draft versions of Patrick Ghilani's declaration filed in this litigation as ECF # 40-9, including all communications relating thereto.

**Response**:

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 91**: All documents supporting, refuting or otherwise relating or referring to Patrick Ghilani's statement in paragraph 17 of his declaration filed in this litigation

as ECF # 40-9 that it "is extremely unlikely – virtually inconceivable – that Lynx is able to perform such services without at least accessing the database schema of the MRI Software."

**Response:**

MRI objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request to the extent it seeks documents that are not in MRI's possession, custody or control, or that are already in Lynx's possession, custody or control.  MRI further objects to this request as overly broad and unduly burdensome.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 92:** All documents relating or referring to the negotiation of MRI's current agreement(s) with each Master Agreement Signatory that MRI has identified to Lynx pursuant to Section 3(b) of the Stipulated Injunction entered as ECF # 36 in this litigation, including all communications and all other documents relating or referring to revisions or other changes proposed or requested by each Master Agreement Signatory irrespective of whether such revisions or other changes were agreed to by MRI.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.

**Document Request No. 93:** All documents relating or referring to any efforts by MRI to enforce any of the copyrights identified in paragraph 26 of its complaint, its registered or common law

trademark rights identified in paragraph 28-34 of its complaint, or any other intellectual property rights against any third parties from November 1, 2009, to the present.

**Response:**

MRI objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence.  MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 94:** All documents referring or relating to the support options (including but not limited to pricing, contractual terms and contract duration) for the nature and type of support services referred to in paragraphs 108 through 127 of its complaint, that MRI has offered its licensees from November 1, 2009, to the present, including the prices at which it offered such services and the prices at which it actually provided such services to its clients during that period.

**Response:**

MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its specific and General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 95:** All documents constituting, referring or relating to any expert testimony that MRI intends to rely upon with respect to any issue in this case, including but not limited to all communications with such expert(s), all documents relating to compensation for the experts' study or testimony, the facts and data that MRI or its counsel provided and the expert(s)

considered in forming the opinions to be expressed, any assumptions that MRI or its counsel provided and the expert(s) relied upon in forming the opinions to be expressed, all documents provided to such expert(s), and all documents relied upon by the expert in forming the opinions to be expressed (irrespective of whether the expert(s) ultimately cite to such documents).

**Response:**

MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI further objects to this request as premature.  Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

**Document Request No. 96:**  All documents constituting, referring or relating to any communications identified by MRI in response to Interrogatory No. 19, including but not limited to all emails, draft and proposed agreement terms and any notes, messages or other related materials.

**Response:**

MRI further objects to this request to the extent it seeks documents subject to attorney client privilege or work product immunity.  MRI objects to this request as overly broad and unduly burdensome.  MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving its General Objections, MRI will produce non-privileged and non-immune responsive documents, to the extent such documents exist.

As to objections,

Dated:  May 30, 2013

By: */s/ Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2013, a copy of the foregoing was served by e-mail upon

the following:

David T. Movius (0070132)
MCDONALD HOPKINS LLC
dmovius@mcdonaldhopkins.com

John T. McLandrich (0021494)
MAZANEC, RASKIN & RYDER CO., LPA
jmclandrich@mrrlaw.com

Counsel for Lynx Systems, Inc

*/s/* Georgia Yanchar
One of the Attorneys for Plaintiff MRI Software,
LLC