IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE LLC, | ) CASE NO.: 1:12 cv 1082 |
| Plaintiff, | ) |
| vs. | ) JUDGE:  Christopher A. Boyko |
| LYNX SYSTEMS, INC., | ) |
| Defendant. | ) |

### RESPONSE TO LYNX'S NOTICE OF SUPPLEMENTAL AUTHORITY IN RESPONSE TO MRI SOFTWARE'S MOTION FOR AN ORDER TO SHOW CAUSE

Lynx Systems, Inc. ("Lynx") recently filed a Notice of Supplemental Authority in order to bring to the Court's attention a 1998 case from the Fifth Circuit which counsel for Lynx reportedly "found" while researching an unrelated issue.  Doc. #80.  Lynx claims that the case, *Hogan Systems, Inc. v. Cybresource International, Inc.,* 158 F.3d 319 (5th Cir. 1998), "is relevant to whether using WebEx to remotely view its clients' computer screens violates Section 3(C) [*sic - 2*(c)] of the Stipulated Injunction."  Doc. #80 at p. 1.

Although skeptical of the propriety of Lynx's submission in the first place,[1] MRI believes it would be misleading to the Court and unfair to MRI to allow Lynx's characterization of the *Hogan* case to stand without response.

Lynx's argument based on *Hogan* is a *non sequitur*.  While under the facts of that case -- and, specifically, the language of the plaintiff's license, *infra* -- the court determined that defendant's remote access to the software in question did not constitute copyright infringement, such a result has no bearing on the essential issue of Lynx "accessing" – *a fortiori,* "*attempting*

---

[1]  Lynx cited no authority under the Federal Rules of Civil Procedure, Local Rules, case law or even common sense (*e.g.*, because the newly-cited authority was newly-issued) to justify its "supplemental" filing months after briefing on MRI's Show Cause Motion had closed.

{02035267.DOC;1 }

to access" -- MRI's Software in clear and direct violation of this Court's Injunction Order. Lynx's attempt to persuade this Court that *Hogan* somehow exculpates it is demonstrably incorrect.

Lynx was enjoined from accessing or attempting to access the MRI Software. Injunction Order ¶2(c). It clearly undertook to do so through use of, *inter alia*, WebEx sessions. *See, e.g.*, Lynx January 25, 2013 communication (Doc. #40-13); January 29, 2013 voicemail message from counsel for Lynx (Doc. #40-6); Lynx's Brief in Opposition to MRI's Show Cause Motion at 10. Lynx violated this Court's Injunction Order. *Q.E.D.*

It is *also* the case that Lynx's conduct in accessing MRI's Software without authorization via WebEx *further* represents one -- among *many* -- of the ways in which Lynx infringed MRI's copyrights in the MRI Software. The fifteen-year old holding in *Hogan* is something of an anomaly, based on the specific license provisions at issue therein, which expressly authorized third-parties to access and use plaintiff's software: "'[w]hat Norwest [licensee of plaintiff's software, analogous to MRI's Master Agreement Signatories] could do under the License, Norwest may use a contractor to do. In other words… Defendant's activities are 'sheltered under' Norwest's license rights.'" 158 F.3d at 324 (citation omitted). Perforce, Lynx's activities in this case are *not* 'sheltered under' the license rights of MRI's Master Agreement Signatories, whose licenses expressly *prohibit* such conduct. *See* Injunction Order ¶3(b).

Moreover, the great weight of authority recognizes that running a computer program -- *i.e.*, loading a copy into RAM (random access memory) and viewing it -- involves making a copy, and if done without authorization of the copyright owner is an act of infringement. *See*, *e.g.*, *MAI Sys. Corp. v. Peak Computer,* 991 F.2d 511, 518 (9th Cir. 1993) ("loading of copyrighted software into RAM creates a `copy' of that software in violation of the Copyright Act"); *Triad Sys. Corp. v. Southeastern Express Co.*, 64 F. 3d 1330, 1335 (9th Cir. 1995), *cert. denied,* 516 U.S. 1145 (1996) ("it is clear that [defendant's] activities [which entail generating copies of operating system and service software in RAM, in order to provide services] are 'copying' for purposes of the Copyright Act"); *Stenograph, LLC v. Bossard Assocs.*, 144 F.3d

96, 100 (D.C. Cir. 1998) (infringers "copied the software when it was booted up for use for its principal purposes, and thereby loaded into RAM"); *In re Independent Service Organizations Antitrust Litigation*, 910 F. Supp. 1537, 1541 (D. Kansas 1995) ("transferring a computer program from a storage device to a computer's RAM constitutes a copy for purposes of copyright law") (citations omitted); *Advanced Computer Services v. MAI Sys.,* 845 F.Supp 356, 363 (E.D. Va. 1994) (program loaded in RAM "is adequately 'fixed' to qualify as a 'copy' for purposes of the [Copyright] Act").

Further, the screen displays generated by a typical software application, such as MRI's, are an integral part of the copyrighted work. *See, e.g.*, U.S. Copyright Office Circular 61, *Copyright Registrations for Computer Programs* (confirming that "[a] single registration may be made for a computer program and its screen displays" and "is sufficient to protect the copyright in a computer program and related screen displays"). Thus, simply using WebEx as the vehicle for accessing and viewing the software remotely cannot magically cleanse an otherwise infringing act.

Accordingly, notwithstanding Lynx's best efforts to persuade this Court otherwise, the *Hogan* case neither disturbs the conclusion that Lynx clearly violated this Court's injunction against accessing or attempting to access the MRI Software, nor affords Lynx any protection from its ultimate liability for infringing MRI's copyrights.

June 17, 2013   Respectfully submitted,

By: */s/ Daniel McMullen*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail:dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

<u>/s/ Daniel McMullen</u><br>
One of the Attorneys for Plaintiff