IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE LLC, | ) CASE NO.:  1:12 cv 1082 |
| Plaintiff, | ) |
| vs. | ) JUDGE:  Christopher A. Boyko |
| LYNX SYSTEMS, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Plaintiff, MRI Software LLC ("MRI"), by and through its undersigned counsel, respectfully submits this Opposition to the Motion to Compel Discovery Responses filed by Defendant, Lynx Systems, Inc. ("Lynx") (herein "Lynx's Motion to Compel").  The Motion to Compel should be denied because:  1) MRI already provided the discovery sought therein; 2) MRI was justified in seeking the modest one-month extension it sought, and MRI understood Lynx to have consented to such an extension; and 3) Lynx failed to make good faith efforts to resolve the purported dispute, or certify the same, in violation of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1(a)(1).

**I.     Lynx's Motion to Compel Should Be Denied, Because MRI Has Already Provided the Requested Discovery.**

Lynx's Motion to Compel requests an order compelling MRI to respond to Defendant's Third Set of Discovery Requests.  MRI has already done so.  Thus, Lynx's motion is moot.

Lynx's Third Set of Discovery Requests, containing both document requests and interrogatories, were served on April 11.  As shown in Exhibit C to the Motion to Compel, MRI sought an extension to respond, up to and including May 28.  *See* Doc. 81-3, at p. 4.  Lynx's counsel agreed, writing:  "With respect to a two week extension to respond to Lynx's

outstanding discovery we are fine with that provided our discovery cut off is extended by the court. ***We would be glad to extend the accommodation provided we are not prejudiced by the running of the cutoff***." *Id*. at p. 3 (emphasis added).

Continuing in the same email string, on May 23 (the Thursday before Memorial Day), undersigned counsel wrote to Lynx's counsel to confirm Lynx did not object to a further modest two-week extension of the ostensible May 28 deadline. *Id*. at p. 2. Lynx's counsel did not object. Rather, six days later (and one day *after* May 28), Lynx's counsel wrote: "My clients will not authorize any extension for MRI's discovery responses. Please advise as to when we will receive your responses." *Id*. at p. 1. Lynx's counsel did assert Lynx would be prejudiced in any way, nor did he otherwise explain his apparent change of heart. He also did not inform MRI that Lynx intended to move the Court, instead simply inviting MRI to advise Lynx as to when it would receive the responses. *Id.*

MRI responded the next day, May 30, in a message that 1) expressed surprise at Lynx's change of heart, 2) attached MRI's written responses to Lynx's document requests, and 3) advised Lynx that MRI would serve its responses to Lynx's interrogatories as soon as possible, and in no event, later than June 11. *Id.* Lynx did not write back.

At 2:19 on June 10, undersigned counsel wrote to Lynx's counsel to inform them that MRI planned to make a production of documents the following day, and inquire as to whom to send the disc. *See* Exh. A (6/10/13 Email, G. Yanchar to D. Movius and J. McLandrich.) Without warning, one and one-half hours later, Lynx filed its instant Motion to Compel.

The next day, June 11, MRI served its responses to Lynx's interrogatories, just as earlier promised. In addition, on the same day, MRI produced approximately 34,000 pages of documents in response to Lynx's requests, also just as earlier promised.

In sum, the Motion to Compel should be denied because on the day it was filed, Lynx already had received MRI's commitment to provide the requested discovery the next day, and MRI provided the requested discovery just as promised.

### II. Lynx's Motion to Compel Should Be Denied, Because MRI Had Substantial Justification for Seeking an Extension.

As noted above, when Lynx consented to MRI's original two week extension, Lynx's counsel led MRI to believe it would not object to a further extension, provided Lynx would not be prejudiced, writing he "would be happy to extend the accommodation."  Doc. 81-3, at p. 3.  Based on the foregoing statement, and also based on Lynx's own past course of conduct in failing to timely respond to MRI's discovery requests[1], counsel for MRI reasonably proceeded with the belief that Lynx would not object to a further modest two-week extension up to June 11.  That belief was bolstered by Lynx's failure to respond to MRI's May 23 email until May 29 (*after* the May 28 deadline had already passed), and Lynx's failure to provide any reason why it had reversed its earlier position.  Thus, MRI was substantially justified in believing Lynx had consented to an extension until June 11.

Moreover, MRI had very good cause for seeking the modest extension it sought.  Lynx's Third Set of Discovery Requests included 96 broad document requests, and 11 interrogatories.  Each interrogatory included numerous subparts, seeking detailed contentions as to nearly all of MRI's claims.  For example, Lynx's Interrogatory No. 8 requested that MRI:

> Identify each alleged infringement by Lynx of any copyright owned by MRI (U.S. or Canadian) by identifying the date on which each alleged infringement occurred and the person(s) who committed such infringement on Lynx's behalf, the registration number of the infringed copyright and the manner in which such copyright was infringed.  To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

Similarly, Lynx's Interrogatory No. 13 requested that MRI:

---

[1] Lynx's failure to provide requested discovery is well-documented with the Court.  *See* Plaintiff's Motion to Compel Discovery (Doc. 45); Plaintiff's Reply Memorandum in Support of Motion to Compel Discovery (Doc. No. 51); Notice of Outstanding Discovery Requested from Lynx (Doc. 67).  In addition, MRI notes that Lynx has unilaterally taken multiple extensions of time to response to MRI's discovery requests.  For example, without seeking or obtaining from MRI an extension of time to respond, Lynx served its responses to MRI's Fourth Set of Requests for Production and Fourth Set of Interrogatories on April 2, almost *six weeks after the due date* for Lynx's responses.  No production of documents accompanied Lynx's written responses.

> Identify each alleged breach of the 2002 Agreement by Lynx by identifying the date on which each alleged breach occurred, the date on which MRI first became aware of the breach, the provision(s) of the 2002 Agreement that Lynx breached, the person(s) who committed such breach on Lynx's behalf, and the manner in which Lynx breached the 2002 Agreement. To the extent MRI maintains that its investigation of the foregoing is ongoing, MRI should identify all presently-known instances and supplement its response if and when any further instances become known to it.

Responding to Lynx's interrogatories required substantial time. To formulate MRI's responses with the detail Lynx requested, MRI's counsel had to review the evidence collected to date -- much of which MRI only recently received due to Lynx's dilatory conduct responding to MRI's discovery requests -- and discuss it with MRI. This required access by MRI's employees to information and documents produced by Lynx, including for example, Lynx's Professional Services Orders (PSOs) and Professional Services Agreements (PSAs). However, Lynx unjustifiably designated those documents and others as "ATTORNEYS EYES ONLY" under the Protective Order, preventing access by MRI employees. It was not until May 15 -- more than *one month after* Lynx served its Third Set of Discovery Requests -- that Lynx finally agreed to re-designate the foregoing documents CONFIDENTIAL. *See* Doc. 75, at p.3. Up to then, MRI employees could not access such documents and information, and thus, undersigned counsel was denied the ability to adequately confer with MRI employees and formulate the contentions sought in Lynx's interrogatories. As such, MRI was very well justified in responding to Lynx's Third Set of Document Requests one month after their original due date.

MRI's responses contain the detail requested by Lynx. For example, MRI's response to Interrogatory No. 8 sets forth *sixteen* separate categories of acts of infringement by Lynx, and MRI's response to Interrogatory No. 13 describes Lynx's breach of at least *eleven* provisions of the 2002 Agreement. *See* Exh. B, MRI's Responses to Lynx's Third Set of Interrogatories.[2] MRI's interrogatory responses also incorporate by reference a detailed spreadsheet setting forth *hundreds* of individual acts by Lynx in violation of MRI's rights. *Id.* Collecting and compiling

---

[2] Because MRI's responses contain confidential information, MRI is submitting them under seal pursuant to the Stipulated Protective Order.

{02054360.DOC;2 }  4

this information required substantial resources of MRI. Notably, having now had MRI's interrogatory responses for over two weeks, Lynx has not identified a single deficiency therein.

In sum, MRI was justified in responding to Lynx's requests on June 11 because MRI reasonably relied upon Lynx's assurance that it would provide a further extension, and because MRI needed time, following access to Lynx's documents, to formulate the detailed contentions Lynx requested.

III. **Lynx's Motion to Compel Should be Denied and Appropriate Sanctions Should Be Imposed For Lynx's Failure to Comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1, and Concomitant Filing of a Frivolous Motion.**

Federal Rule of Civil Procedure 37(a)(1) states:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Local Civil Rule 37.1(a) further mandates:

> Discovery disputes shall be referred to a Judicial Officer *only after* counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.

(emphasis added). Lynx's counsel made no such certification before filing the instant Motion to Compel. Instead Lynx merely included, in the middle of page 2 of its Motion to Compel, the following statement:

> In view of the foregoing, counsel for Defendant certifies pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1 that it has sincerely and in good faith conferred with counsel for Plaintiff to secure its timely responses to its pending discovery requests in an effort to obtain them without court action but was unable to do so.

The foregoing "certification" does not comply with Local Rule 37.1(a)(1), because it was not made *before* referring this dispute to the Court. Moreover, the record is devoid of support for Lynx's purported certification. Lynx never asserted to MRI, as it now asserts to the Court

(though without any support) that it would be prejudiced by not receiving MRI's responses sooner, and Lynx never told MRI that it intended to involve the Court. Quite to the contrary, the record shows that, at the time the Motion to Compel was filed, MRI had *already served* its written responses to Lynx's document requests and had already committed, in writing, to produce the requested documents and interrogatory responses the next day (June 11). Moreover, MRI did, in fact, provide its documents and responses the next day, just as promised. Thus, the record shows that before the Motion to Compel was filed, Lynx had *already* secured agreement from MRI, and no dispute remained. Yet, Lynx inexplicably chose to consume the Court's and MRI's resources in filing the instant Motion to Compel. Pursuant to Local Rule 7.1(i),[3] MRI respectfully requests that Lynx be ordered to reimburse MRI for its attorneys' fees incurred in opposing Lynx's Motion to Compel.

IV. **Conclusion.**

For the foregoing reasons, MRI respectfully requests that Lynx's Motion to Compel be denied, and that Lynx be ordered to reimburse MRI's fees in preparing the instant opposition memorandum.

June 27, 2013     Respectfully submitted,

By: */s/ Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail: dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

---

[3] Local Rule 7.1(i) states:  **Sanctions for Filing Frivolous Motions or Oppositions.**  Filing a frivolous motion or opposing a motion on frivolous grounds may result in the imposition of appropriate sanctions including the assessment of costs and attorneys' fees against counsel and/or the party involved.

{02054360.DOC;2 }     6

## CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2013, a copy of the foregoing Opposition to Motion to Compel was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.  Exhibit B to the foregoing Opposition, which is being filed under seal, will be served upon counsel of record via email.

      */s/ Georgia E. Yanchar*
      One of the Attorneys for Plaintiff