UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Reply in Support of Motion to Compel Discovery Responses**

Lynx Systems, Inc. submits this reply brief in further support of its motion to compel discovery responses by MRI Software, LLC. (ECF # 81.) The Court should grant Lynx's motion because MRI's opposition brief admits that MRI did not serve timely responses to Lynx's Third Set of Discovery Requests and MRI has not yet fully remedied that failure.

MRI first argues that Lynx's motion should be denied because it believes that Lynx granted it an essentially *indefinite* extension. That is incorrect. At the time of the May 9, 2013, email on which MRI relies, the parties were negotiating a joint request to extend the May 15, 2013, fact discovery deadline (*see* ECF # 75). Because the parties had not yet asked for, and the Court had not granted, an extension of the May 15, 2013, fact discovery deadline, Lynx's counsel agreed to a two-week extension of MRI's response deadline on the condition that doing so did not prejudice Lynx vis-à-vis the May 15, 2013, discovery deadline, stating:

> With respect to a two week extension to respond to Lynx's outstanding discovery we are fine with that provided our discovery cut off is extended by the court. We would be glad to extend the accommodation

{4390592:2}

>provided we are not prejudiced by the running of the cutoff. If there is another way to address this I am happy to discuss it with you.

(May 9, 2013, email from J. McLandrich, Esq., to G. Yanchar, Esq., ECF # 81-3, at 3.) This email states clearly that Lynx was willing to extend the accommodation of a two-week extension <u>on the condition that</u> the impending fact discovery cut-off was extended. It does not state that Lynx was willing to extend the two-week extension *ad infinitum* as MRI claims. Thus, Lynx's insistence that MRI serve responses within the two-week extension Lynx already granted does not reflect a "change of heart" by Lynx as MRI suggests; it reflects Lynx's expectation that MRI would adhere to the terms of the courtesy that Lynx previously extended so that Lynx would not be prejudiced by the rapidly-approaching Court-ordered deadline.

MRI's argument that Lynx's motion should be denied because its untimeliness was substantially justified likewise is incorrect. As an initial matter, MRI admits it did not serve responses to Lynx's interrogatories until nearly two weeks after they were due, and *after* Lynx filed its motion to compel. In other words, MRI's claim of substantial justification presupposes that it could grant itself an additional two weeks to respond to Lynx's interrogatories without moving the Court for additional time once Lynx communicated that it did not consent to a further extension. But discovery extensions are not self-granting and MRI's self-help does not substantially justify its admitted failure to make a timely response.

Beyond that, MRI claims that its untimeliness was substantially justified by the volume and scope of Lynx's discovery requests. While Lynx's discovery requests were substantial, that solely was the result of MRI's filing of a complaint laden with

seventeen claims for relief and its failure to provide meaningful responses to Lynx's prior discovery requests. Lynx specifically tailored its Third Set of Discovery Requests to elicit the specific details of MRI's claims now it has had more than a year to take discovery in support of them. For example, Interrogatory No. 8, which MRI cites in its brief, called for MRI to identify each instance of alleged copyright infringement by identifying (i) <u>when</u> the alleged infringement occurred, (ii) <u>who</u> committed the alleged infringement, (iii) <u>which</u> copyright registration that was allegedly infringed, (iv) and <u>how</u> the copyright was allegedly infringed. (Lynx Interrogatory No. 8, ECF # 81-1 at 2.) While MRI provided a written response to this interrogatory that identified general <u>categories</u> of the types of conduct it believes constitute infringement, it did <u>not</u> identify the <u>actual date</u> of any alleged act of infringement, the <u>actual person</u> who committed the alleged infringement, the <u>copyright registration</u> at issue, or <u>how</u> a specific person infringed a specific copyright on a specific date. That is all basic information that goes to the heart of MRI's case-in-chief, and discovery of that information is essential to Lynx's defense.

MRI's responses to Lynx's other interrogatories are similarly untimely and deficient. For example, Lynx's interrogatories called for MRI to identify by date, person and allegedly-actionable conduct for each alleged violation of the Computer Fraud and Abuse Act (Interrogatory No. 9), the Electronic Communications Privacy Act (Interrogatory No. 10), the Digital Millennium Copyright Act (Interrogatory No. 11), trade secret misappropriation (Interrogatory No. 12), breach of contract (Interrogatory No. 13), induced third party breach of contract (Interrogatory No.

{4390592:2}  3

14), interference with economic advantage (Interrogatory No. 15), trademark infringement (Interrogatory No. 16), commercial disparagement (Interrogatory No. 17) and false advertising (Interrogatory No. 18). Almost universally, MRI's response does not identify the actual date of any allegedly-actionable conduct or the person who committed that conduct, and it only provided superficial information regarding the allegedly-actionable conduct, which it qualified for many of its responses as being merely upon "information and belief." MRI also failed to identify any of the requested communications in response to Interrogatory No. 19, which called for it to identify all communications between MRI and Lynx's clients since Lynx identified those clients to MRI in this case, but instead merely referred to its preexisting agreements with those clients under Federal Rule of 33(d). Thus, despite having helped itself to an additional two weeks beyond the extra two weeks Lynx granted it, MRI still has not provided a full and proper response to Lynx's interrogatories.

MRI likewise has not provided a full response to Lynx's document requests. First, MRI still has not yet produced <u>any</u> documents in response to *seventy two* of Lynx's document requests for which it indicated that responsive documents would be provided (*e.g.,* Request Nos. 4-6, 11-15, 17-20, 22-64, 69-74, 78-81, 87-88, 91, 93 and 94-96). (*See* June 13, 2013, email from D. Movius, Esq., to G. Yanchar, Esq., submitted as Exh. A.) It also has refused to produce the source code for the "Copyrighted Works" on which its entire copyright claim are based in response to Lynx's Request No. 2. (*See id.*; June 14, 2013, email from D. Movius, Esq., to G. Yanchar, Esq., submitted as Exh. B.) Finally, for a number of requests for which it

has produced documents, its production remains incomplete (*e.g.,* Request Nos. 1, 3). (*See* Exh. A.) MRI therefore should not be heard to argue that its untimeliness was "substantially justified" when its response remains substantially incomplete.

Finally, MRI's fee request should be rejected out of hand. The record clearly demonstrates that Lynx in good faith conferred with MRI in an attempt to obtain MRI's responses to its Third Set of Discovery Requests, as required by Federal Rule of Civil Procedure 37(a)(1), both by granting MRI's initial request for a two-week extension and by communicating that it was not amenable to a further extension given the pending discovery cut-off. MRI's contention regarding Local Rule 37.1 likewise is off base, as its sole complaint is that Lynx included the certification of its good-faith efforts as a part of its motion and not as a separate document. MRI's own motion to compel demonstrates the absurdity of its elevation of form over substance on this issue, as MRI filed its "certification" (ECF # 44, 12:59:34 p.m.) just 98 seconds before filing its motion to compel (ECF # 45, 1:01:12 p.m.). The format of Lynx's certification to the Court—a single document versus a separate document filed just seconds earlier—therefore does not warrant any sort of fee award to MRI.

MRI's claim that the record is "devoid" of support for Lynx's certification likewise is lacking. The record is clear that Lynx attempted to work with MRI before filing its motion. Despite Lynx's efforts, MRI had not provided any response to Lynx's Interrogatories and had only provided an untimely written response to Lynx's document requests by the time that Lynx filed its motion. It therefore strains credulity for MRI to claim that Lynx was somehow "frivolous" in bringing its

motion to compel—especially since MRI still has not fully responded to Lynx's discovery requests almost a month after Lynx filed its motion. Thus, MRI's request for fees for having to respond to Lynx's motion to compel it to provide discovery that it still has not provided is not well-taken.

For the foregoing reasons and those it previously stated, Lynx respectfully requests that the Court grant its motion and enter an order compelling MRI to immediately and fully respond to Lynx's Third Set of Discovery Requests and award Lynx its fees incurred in bringing this motion.

|  |  |
|---|---|
| Dated: July 8, 2013 | Respectfully submitted,<br><br> /s/ David T. Movius<br>David T. Movius (OH 0070132)<br> *dmovius@mcdonaldhopkins.com*<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 │ f 216.348.5474<br><br>John T. McLandrich (OH 0021494)<br> *jmclandrich@mrrlaw.com*<br>MAZANEC, RASKIN & RYDER CO., L.P.A.<br>100 Franklin's Row<br>34305 Solon Road<br>Cleveland, Ohio 44139<br>t 440.248.7906 │ f 440.248.8861<br><br>*Attorneys for Lynx Systems, Inc.* |

**Certificate of Service**

I hereby certify that, on July 8, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

/s/ David T. Movius
*Attorney for Lynx Systems, Inc.*
