# Exhibit B

# Wasikowski, Nancy

| | |
|---|---|
| **From:** | Movius, David |
| **Sent:** | Friday, June 14, 2013 4:09 PM |
| **To:** | 'Yanchar, Georgia' |
| **Cc:** | 'McMullen, Dan'; 'McLandrich, John' |
| **Subject:** | Proposed email to Georgia regarding source code |

Georgia:

As you requested during our call earlier today, I am sending you this email to further address MRI's objection to producing the source code for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint, as requested in Lynx's Document Request No. 2. Lynx is entitled to discovery of that source code for multiple reasons, including the following.

First, MRI has the burden of proving its ownership of the copyrights at issue. While a copyright registration can constitute *prima facie* evidence of the validity of a copyright, that presumption applies only if the registration is made within five years after the first publication of the work at issue. *See* 17 U.S.C. § 410(c). Therefore, MRI's asserted registrations for Version 1.05 through at least Version 3.0 SP4 are not *prima facie* evidence of the validity of MRI's claimed copyrights in and to those works. Lynx therefore is entitled to discovery of the source code for those versions with respect to MRI's assertion that it has valid copyrights in and to those versions of the software.

Second, Lynx is entitled to the source code for all versions of the MRI Software because all but one of MRI's registration certificates are incomplete. Each registration certificate for the MRI Software subsequent to Registration No. TX0005447523 identifies the previous registration and year as "pending." Thus, the sufficiency of those registration certificates is at issue. The omission of that information is more than a formality because each successive registration applies only to the new and different elements relative to the immediately-preceding registration. Therefore, comparison of the source code for each registered version starting with the source code for the version registered as TX0005447523 is the only way to determine what might be covered by the successive registrations through and including Version 4.4.

Third, MRI's infringement allegations require production of the source code for each copyright that it alleges to have been infringed by Lynx. To prove infringement, MRI must prove that Lynx copied "constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.* 499 U.S. 340, 361 (1991). That analysis requires successive filtration to eliminate from consideration those elements of the computer programs that are not protected by copyright and then comparing the protectable portions to the alleged infringement to determine whether they are substantially similar. *See Kohus v. Mariol,* 328 F.3d 848, 855 (6th Cir. 2003) (citing *Computer Associates Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 707 (2d Cir. 1992)). That necessarily requires analysis of the source code for the software at issue, so Lynx is entitled to production of it in discovery.

Fourth, irrespective of what part of the MRI Software is characterized as "source code" and which part of it is characterized as "object code," both are discoverable based on the terms of the Stipulated Injunction. *See* Stipulated Injunction § 3(c) (defining "Customization"), § 3(d) (defining "Enhancement"). Thus, Lynx is entitled to discovery of MRI's source code just as MRI was entitled to discovery of the actual code for Lynx's so-called "Customizations." To the extent MRI disagrees, I direct you MRI's motion to compel, in which it argued that production of the code for those files was necessary in response to MRI's discovery requests.

Therefore, for at least these reasons, Lynx is entitled to discovery of the source code for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint. Accordingly, please confirm that MRI will withdraw its objections to Lynx's Document Request No. 2 and immediately produce the requested source code in an ASCII plain-text format.

1

Regards,

Dave

**David T. Movius**  
Member

T: 216.430.2029  
F: 216.348.5474  
dmovius@mcdonaldhopkins.com  
www.mcdonaldhopkins.com

600 Superior Avenue East  
Suite 2100  
Cleveland, OH 44114

McDonald Hopkins

A business advisory and advocacy law firm®

**Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach**

2