UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MRI SOFTWARE, LLC.,** | ) | CASE NO.1:12CV1082 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **LYNX SYSTEMS, INC.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion to Compel Discovery (ECF # 45), Plaintiff's Motion for Leave to File Written Response to Lynx's April 15 Declarations (ECF # 70) Defendant's Motion for Extension of Fact Discovery (ECF # 71) and Plaintiff's Cross Motion for Mutual Extension of Fact Discovery (ECF # 74), the parties Joint Motion for Extension of Various Case Deadlines (ECF # 75), Plaintiff's Motion for Leave to File Amended Complaint (ECF # 76) and Defendant's Motion to Compel Discovery Responses (ECF #81). The Court will address each motion below.

By way of background, Plaintiff filed a fifty-five page Complaint on May 1, 2012, alleging Copyright Infringement, violation of the Computer Fraud and Abuse Act, violation of Title II of the Electronic Communications Privacy Act, violation of the Digital Millennium Copyright Act, violation of the Canadian Copyright Act, Misappropriation of Confidential Business Information and/or Trade Secret in violation of Ohio law, Trespass, Breach of Contract, Inducement of Breach, Intentional or Negligent Interference with Existing and Prospective Economic Advantage, Trademark Infringement, Unfair Competition, Commercial

Disparagement, False Advertising, Deceptive Trade Practices, Unjust Enrichment/Restitution, and Action for Accounting against Defendant for its alleged improper business practices. According to Plaintiff's Complaint, Defendant holds itself out as a provider of support services for licensees of Plaintiff's proprietary software. In doing so, Plaintiff alleges Defendant improperly and unlawfully accesses, copies and creates derivative works of Plaintiff's software.

Furthermore, Plaintiff contends Defendant disparages Plaintiff's product while falsely holding itself out as a partner or affiliate of Plaintiff.

Throughout the summer of 2012 the parties attempted to resolve the issues raised in Plaintiff's Motion for Preliminary Injunction. The parties stipulated to a protective order and the Court allowed depositions and initial discovery to aid in the resolution. All this culminated in a Stipulated Injunction Order in November of 2012.

Then, in February of 2012, Plaintiff filed a Motion to Show Cause why Defendant should not be held in contempt for violating the Injunction Order. According to Plaintiff, Defendant failed to certify compliance with the Injunction Order as required by its terms; continues to carry on with the actions which Plaintiff contends violate the Injunction, such as advertising and distributing infringing products and services; failed to stop accessing MRI Software; failed to stop representing Defendant's relationship with MRI; and failed to stop making false statements in the market. MRI then filed a Motion to Compel Discovery which was opposed by Defendant, in part, though Defendant agreed to provide some additional discovery. In an Order dated April 8, 2013, the Court ordered Defendant to submit affidavits by counsel and a Fed. R. Civ. P. 30(b) corporate representative attesting to the alleged

compliance issues outlined in Plaintiff's Motion to Show Cause. The Court also ordered Plaintiff to submit a summary of outstanding discovery requested. Both Plaintiff and Defendant submitted the Court ordered materials. The parties also submitted a joint stipulation confirming they have since resolved a number of discovery issues outlined in the Motion to Compel.

**Plaintiff's Motion to Compel** (ECF #45)

In a Notice of Agreement (ECF # 75) the parties represented that they had resolved most of the material discovery issues presented in Plaintiff's Motion to Compel with only a few exceptions. These exceptions include Plaintiff's Request for Production Nos. 11 &12.

According to Plaintiff's Motion to Compel Discovery on its Requests for Production No.s 11 & 12 Plaintiff requested the following:

> All correspondence between Lynx, or any one acting on Lynx's behalf, and anyone acting on behalf of any insurer of Lynx, including without limitation, any documents constituting or referring to any reservation of rights, or that concern or reference potential insurance coverage for any of the claims that MRI has asserted against Lynx.
>
> All documents that refer to, reflect or discuss any obligation to defend or indemnify Lynx for any claim by MRI, or any limitations or any such obligations.

Defendant opposes production contending it is only required to produce insurance policies applicable to the claims at issue, which it has done. According to Defendant, Ohio law prohibits the production of privileged attorney-client and work product materials which include reservation of rights letters or coverage analysis. Furthermore, Defendant argues the information requested is not relevant to the claims and defenses at issue. Instead, Plaintiff has requested the information, according to Defendant, in order to evaluate why there were delays

in settlement negotiations purportedly due to Defendant's insurer's need to assess coverage issues under Defendant's policies.

Plaintiff contends the requested documents are not privileged and are relevant. According to Plaintiff, Lynx's insurer conducted a months long investigation of Plaintiff's claims against Defendant. Plaintiff contends this investigation "strongly suggests the insurer has considered significant evidence regarding Lynx's conduct" (ECF # 51 pg.8), "and is therefore, highly relevant to Plaintiff's claims and Lynx's defenses."

The Sixth Circuit has outlined the burdens on a party seeking to compel discovery.

> The party requesting discovery must first show that, as defined in Rule 26(b)(1), the materials requested are "relevant to the subject matter involved in the pending litigation" and not privileged. Because the application of subdivision (b)(3) is limited to "documents and tangible things otherwise discoverable under subdivision (b)(1)," the burden of making this showing rests on the party requesting the information.... If the party requesting discovery meets this burden and the court finds that the claimed material is relevant and not privileged, the burden shifts to the objecting party to show that the material was "prepared in anticipation of litigation or for trial" by or for that party or that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer or agent.

*Taylor v. Temple & Cutler,* 192 F.R.D. 552, 557 ( E.D.Mich.,1999), citing *Toledo Edison Co. v. G A Technologies Inc.,* 847 F.2d 335, 339-40 (6th Cir.1988).

The Court holds Plaintiff has not met its burden showing the requested documents are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint alleges Defendant misuses, infringes, accesses, copies and creates derivative software applications of Plaintiff's copyright protected software. Plaintiff's Complaint further alleges Defendant misrepresents its relationship with MRI in order to obtain new clients while also disparaging MRI to existing clients in hopes of procuring additional business, all to MRI's

4

detriment.  The Court finds that an inquiry into the Defendant's insurer's assessment of Plaintiff's claims is irrelevant to Plaintiff's claims and is not reasonably calculated to lead to admissible evidence.  The Sixth Circuit has held "the scope of discovery is, of course, within the broad discretion of the trial court." *Lewis v. ACB Business Services,* Inc. 135 F.3d 389, 402 (6th Cir.1998).  While the scope is broad, it is not without limits, and in this circumstance the Court finds the information of Defendant's insurer is irrelevant to the claims and defenses in this case.  Therefore, the Court denies Plaintiff's Motion to Compel and further denies Plaintiff's Motion for Attorneys Fees for filing the Motion to Compel.

**Plaintiff's Motion to File Written Responses (ECF # 72).**

Plaintiff moves the Court to allow it to file written responses to Defendant's Declarations, filed in opposition to Plaintiff's Motion to Show Cause why Defendant should not be held in contempt of the Stipulated Injunction Order.  Because the Court intends to conduct a hearing on Plaintiff's Motion, it grants Plaintiff's Motion and Orders written responses filed within ten days of the date of this Order.

**Plaintiff's Motion to Amend Complaint (ECF # 76)**

Plaintiff has motioned the Court for Leave to Amend its Complaint.   Plaintiff seeks to add claims against the principal of Defendant Lynx, in his individual capacity, based on information learned in discovery.  Defendant opposes the Amendment because it contends the Court lacks personal jurisdiction over him (he is a Canadian citizen).  Defendant also contends Plaintiff's Amendment is futile since it seeks to impose individual liability on Defendant's corporate officer, ignoring the corporate form.  Finally, Defendant contends Plaintiff named him personally only after Defendant Lynx represented it lacks resources to

5

offer an amount close to what Plaintiff is asking in settlement.

Fed. R. Civ. P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires."  However, this liberal amendment policy is not without limits.  The Sixth Circuit has observed, "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).  The grant or denial of a motion to amend is within the sound discretion of the Court. *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir.1987).

With no trial date set and with both parties seeking additional time for discovery, the Court finds there is no prejudice in allowing Plaintiff to amend its Complaint.  While Defendant opposes amending based on jurisdictional and substantive legal grounds, these issues are more appropriately addressed in dispositive motions since the Court is unable to say at this juncture that Plaintiff's proposed amendments are futile.

Therefore, the Court grants Plaintiff's Motion for Leave to Amend.  Plaintiff shall file its Amended Complaint no later than August 27, 2013.

**Defendant's Motion to Compel (ECF #81)**

Defendant moves the Court to Compel responses to Defendant's Third Set of Interrogatories.  In its response Plaintiff contends all requests were answered and approximately 34,000 pages of discovery were provided.

In light of the Court's granting Plaintiff's Motion for Leave to Amend, the Court further grants the parties' Motions to Extend Discovery (ECF #'s 71, 74, and 75).  The parties

shall submit a joint proposed new CMC schedule to include fact discovery dates, dispositive motions and an agreed upon date for hearing on Plaintiff's Show Cause Motion. The joint proposed schedule shall be filed no later than August 30, 2013.

Because the Court is granting an extension of fact discovery, Defendant's Motion to Compel is denied as moot.[1] The Court admonishes the parties to fully respond to all non-privileged discovery requests and to fully comply with all the requirements of Local Rule 37.1 if future disagreements over discovery occur.

Therefore, for the foregoing reasons, the Court denies Plaintiff's Motion to Compel (ECF # 45); grants Plaintiff's Motion to File Written Responses (ECF # 70); grants Plaintiff's Motion for Leave to Amend Complaint (ECF # 76); denies Defendant's Motion to Compel (ECF # 81) and grants, in part, the parties' motions to extend discovery (ECF #'s 71, 74, and 75).

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated: August 20, 2013

---

[1] The Court would further deny the Motion for Defendant's failure to comply with Local Rule 37.1.