UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Motion for Clarification of Status of
MRI Software's Motion to Show Cause**

Lynx Systems, Inc. moves the Court for clarification that MRI Software, LLC's Motion to Show Cause (ECF # 40) remains pending and that the purpose of the upcoming hearing is to assist the Court in determining whether to issue an order compelling Lynx to appear and show cause as to why it should not be held in contempt of the Stipulated Injunction. If, however, the Court has granted MRI's show cause motion, Lynx asks the Court to (i) identify whether Lynx faces civil or criminal contempt sanctions and (ii) identify the specific violations that MRI has proven by clear and convincing evidence so that Lynx may prepare for and be heard on those violations. Finally, if the Court has not granted MRI's motion, Lynx asks the Court to clarify whether it expects the parties to present witness testimony and attorney argument or just attorney argument at the upcoming hearing.

Appreciating the serious nature of contempt proceedings, Lynx repeatedly has reviewed the record in detail to ensure that complies with what the Court has directed. Based on that review, Lynx understood that the Court had not yet entered

{4476632:}

an order granting or denying MRI's show cause motion. During a recent call, however, counsel for MRI took the position that the Court already granted its show cause motion based on the docket text accompanying the Court's April 8, 2013 Order (ECF # 64) and that the Court is expecting Lynx to appear at the upcoming hearing to show cause as to why it should not be held in contempt. Lynx believes that MRI's conclusion is incorrect because, in the April 8, 2013 Order, the Court did not grant MRI's show cause motion. Instead, it ordered Lynx to submit affidavits by counsel and a Rule 30(b) corporate representative "addressing the issues raised by Plaintiff in its Motion" and indicated that, "upon receipt of the above ordered filings the Court will determine how to proceed." (April 8, 2013 Order, ECF # 64, at 1, 2.)

Lynx requests clarification because whether or not the Court already has granted MRI's show cause motion has significant consequences, including determining who bears the burden of proof and, accordingly, the format of the upcoming hearing. If MRI's motion remains pending, as Lynx believes, the burden remains on MRI to prove by clear and convincing evidence that Lynx violated the Stipulated Injunction. If, however, the Court already has found that MRI has met its heavy burden and is now ordering Lynx to appear and show cause why it should not be found in contempt, then Lynx bears the burden of proving that it has taken reasonable steps to comply with the Stipulated Injunction. Moreover, if Lynx is to appear and show cause, the Court must provide Lynx notice of whether it faces criminal or civil contempt sanctions and the specific violations the Court has found based on MRI's evidence. Such notice is necessary to afford Lynx a full and fair

opportunity to prepare its defense, which may including subpoenaing third party witnesses such as the customers to which Lynx provided the services at issue.

For these reasons, and as set forth in the attached memorandum, Lynx asks that the Court grant this motion and (i) clarify whether or not it has already granted MRI's show cause motion, (ii) if so, identify the specific violations it found that MRI proved by clear and convincing evidence so that Lynx can prepare for the upcoming hearing and respond accordingly, and (iii) if it has not granted MRI's motion, whether it expects the parties to present both witness testimony and attorney argument or just attorney argument at the upcoming hearing.

Respectfully submitted,

Dated: August 30, 2013

/s/ David T. Movius
David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI Software, LLC, | Case No. 1:12-cv-01082 |
| Plaintiff, | Judge Christopher A. Boyko |
| vs. | |
| Lynx Systems, Inc., | |
| Defendant. | |

**Memorandum in Support of Lynx Systems, Inc.'s Motion for Clarification of Status of MRI Software's Motion to Show Cause**

Lynx Systems, Inc. submits this memorandum in support of its motion seeking clarification that the Court has not already granted MRI Software, LLC's Motion to Show Cause (ECF # 40).

While the Court may enforce its orders through contempt proceedings, "the awesome powers of … contempt are hedged by constitutional, statutory and judicial restrictions so as to guarantee the courts adherence to due process and to protect individuals from arbitrary use of such powers." *North American Coal Corp. v. United Mine Workers of America*, 512 F.2d 238, 242 (6th Cir. 1975). Those restrictions include requiring that a party seeking to invoke the Court's contempt powers prove "by clear and convincing evidence" that the alleged contemnor "violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts[.]" *Rolex Watch U.S.A. Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). Then, if the moving party carries that substantial burden, the Court must provide the alleged contemnor sufficient notice of the

alleged violations and afford it the opportunity to be heard. *See International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994) (civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard"); Fed. R. Crim. P. 42 (criminal contempt requires advance notice of essential facts and sufficient time to prepare for trial).

Lynx seeks clarification because MRI recently indicated that it believes the Court already granted its show cause motion and has ordered Lynx to appear and show cause as to why it should not be held in contempt. MRI's belief apparently is based on the docket text for the Court's April 8, 2013 Order (ECF # 64), where the Clerk purported to summarize the substance that Order as follows:

> **Order** granting Plaintiff MRI Software LLC's Motion to show cause (Related Doc # 40); deferring ruling on Plaintiff MRI Software's Motion to compel discovery (Related Doc # 45); denying Defendant Lynx Systems, Inc.'s Motion to strike (Related Doc # 59). Judge Christopher A. Boyko on 4/8/2013. (R,D) (Entered: 04/08/2013)

(April 8, 2013 Docket Entry for ECF # 64.) In its Order, however, Court did not grant MRI's motion. Instead, the Court explained that it would "determine how to proceed" after receiving affidavits from Lynx's counsel and a corporate representative "addressing the issues raised by Plaintiff in its Motion." (April 8, 2013 Order, ECF # 64, at 1, 2.) The docket entry therefore has no legal effect because it does not accurately show the substance of the April 8, 2013 Order as required by Federal Rule of Civil Procedure 79(a)(3). *See, e.g., O'Brien v. Harrington*, 233 F.2d 17, 20 (D. D.C. 1956) ("A docket entry which indicates a judgment directly opposite to the court's decision must be set aside as improvidently entered without the direction of the court."); *City of Pontiac General Employees*

*Retirement System v. MBIA, Inc.,* 300 Fed. Appx. 33, 34 (2d Cir. 1998) ("[W]here there is conflict between the docket entry and the District Court's orders, the docket entry is not dispositive.").

Consistent with the substance of the Court's April 8, 2013 Order, the Court's August 20, 2013 Order confirms that MRI's show cause motion remains pending. Summarizing the relevant procedural history, the Court referenced the affidavits required by its April 8, 2013 Order without any indication that it also granted MRI's show cause motion. (Aug. 20, 2013 Order, ECF # 88, at 2-3.) Then, in granting MRI leave to submit a written response to Lynx's declarations—which would be unnecessary if the Court had already granted MRI's motion—the Court referenced Lynx's affidavits as being submitted "in opposition to Plaintiff's Motion to Show Cause why Defendant should not be held in contempt of the Stipulated Injunction Order" and further indicated that it "intends to conduct a hearing on Plaintiff's Motion." (*Id.* at 5.) Finally, the Court ordered the parties to submit a new joint proposed schedule that includes "an agreed upon date for hearing on Plaintiff's Show Cause Motion." (*Id.* at 7.) The August 20, 2013 Order thus confirms that the Court has not yet granted MRI's show cause motion and thus has not ordered Lynx to appear and show cause as to why it should not be held in contempt.

Lynx accordingly asks the Court to clarify that MRI's show cause motion remains pending and that the purpose of the upcoming hearing is to decide that motion. If, however, the Court has in fact granted MRI's show cause motion, Lynx asks that the Court provide notice of (i) whether Lynx is subject to civil or criminal

{4476632;} 3

contempt sanctions, and (ii) the specific violations for which it has found that MRI has proven by clear and convincing evidence so that Lynx has full and fair opportunity to prepare its defense and be heard on those issues. *See United Mine Workers*, 512 U.S. at 827; Fed. R. Crim. P. 42. Finally, if the Court has not yet ruled on MRI's show cause motion—as Lynx believes to be the case—Lynx asks the Court to clarify whether it expects the parties to present both witness testimony and attorney argument or just attorney argument at the upcoming hearing.

Respectfully submitted,

Dated: August 30, 2013

/s/ David T. Movius
David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

{4476632:} 4

**Certificate of Service**

    I hereby certify that, on August 30, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                        /s/ David T. Movius
                                     *Attorney for Lynx Systems, Inc.*