IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE LLC, | ) | CASE NO.:  1:12 cv 1082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE:  Christopher A. Boyko |
| vs. | ) | |
| | ) | |
| LYNX SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RESPONSE TO LYNX'S MOTION FOR CLARIFICATION OF STATUS OF MRI SOFTWARE'S MOTION TO SHOW CAUSE

MRI Software LLC ("MRI") respectfully submits this response to Lynx Systems, Inc.'s ("Lynx's") Motion for Clarification of the Status of MRI's Motion to Show Cause.

On February 5, 2013, MRI filed its Motion to Show Cause Why Lynx Should Not Be Held in Contempt of the November 9, 2012 Injunction Order (**Doc. #40**).  MRI submitted supporting memoranda, declarations and evidence.  Lynx submitted an opposition brief, unsupported by any declaration or certification.  On April 8, the Court entered on the docket an "Order **granting** Plaintiff MRI Software LLC's Motion to show cause (**Related Doc # [40]**); deferring ruling on Plaintiff MRI Software's Motion to compel discovery (Related Doc # [45]); denying Defendant Lynx Systems, Inc.'s Motion to strike (Related Doc # [59])**."**  Dkt # 64 (emphasis added).  Though the accompanying Order did not contain an express "grant" of MRI's Motion to Show Cause, consistent with the docket entry, the Order required Lynx to submit "an affidavit of counsel and of a Fed. R. Civ. P. 30(b)(5) corporate representative specifically addressing the issues raised by Plaintiff in its Motion." *Id*. at p. 1.[1]

On August 20, 2013, the Court issued a further Order, addressing MRI's Motion for Leave to Respond to Lynx's April 15 declarations (Doc. # 70), as well as a number of other

---

[1] Because there is no conflict between the docket entry and the accompanying Order, the cases cited on pages 2 -3 of Lynx's Motion for Clarification are distinguishable.

{02148364.DOC;1 }

pending motions, which were listed in the first paragraph of the Order. MRI's Motion to Show Cause, Doc # [40], was notably omitted from the list of matters before the Court, suggesting the Court had already ruled upon that motion. Doc. # 88, at p. 1.

On August 28, the parties' counsel had a teleconference, which MRI understood to be for the purpose of agreeing upon a date for the hearing ordered in the August 20 Order and dates for the close of discovery and summary judgment. However, during the call, Lynx's counsel would not commit to dates for the hearing, expressing, for the first time to MRI, concern as to the status of MRI's Motion to Show Cause, who will bear the burden of proof at the hearing, and whether the Court expected to hear testimony from witnesses. Lynx requested that counsel call the Court for clarification. Based on the record above, MRI expressed its view that the Court had granted MRI's Motion to Show Cause, and stated that, because the Court's August 20 Order requested an agreed upon date for a "hearing," not merely oral argument, MRI understood that the Court expected to hear witnesses on behalf of each party. MRI explained that, regardless of who bears the burden of proof, MRI expected to present the testimony of its declarants, and expected Lynx to present its declarants' testimony as well. MRI invited Lynx to share its legal authority for its view that that the April 8 docket entry was of no legal effect, so that MRI could better understand Lynx's position. Lynx only referred MRI to Federal Rule of Civil Procedure 79(a).

It then being after 5:00 p.m., counsel agreed to talk again the next morning. The next day, MRI agreed to join Lynx in contacting the Court by phone to address Lynx's concerns, as Lynx had requested the previous afternoon. At the outset of that call, however, Lynx stated it no longer wished to call the Court, and instead intended to file a unilateral motion seeking clarification. Lynx so moved the next day, August 30. Later on August 30, the parties filed their Joint Notice of Agreed-Upon Dates, wherein they informed the Court of their agreement, subject to the Court's schedule, to conduct the hearing during the week of September 30 to October 4. Rather than committing to a hearing that week, however, Lynx expressly reserved the right to seek a continuation of the hearing, depending on the Court's determination of its Motion for Clarification. *See* Doc. # 92, at p. 1.

Also on August 30, MRI filed its Response to Lynx's April 15, 2013 Declarations.  Doc. # 93 (submitted under seal).  As explained therein, Lynx has only recently produced many documents and records responsive to MRI's longstanding discovery requests, and in the limited time MRI has had to review them, MRI has already discovered several new documents that evidence Lynx's repeated ongoing violations of the Injunction Order.  Nine such documents were attached to MRI's August 30 Response, which, together with the evidence previously of record, strongly rebut Lynx's unsupported denials.  Regardless of the procedural status of MRI's Motion to Show Cause, MRI respectfully submits that it is important for the Court to hear the evidence as to the full extent of Lynx's violations, so that the Court can determine how best to proceed.

In response to the alleged concerns as to due process set forth in Lynx's Motion for Clarification, MRI's Motion to Show Cause raised civil contempt and sought remedial sanctions intended to undo the harm to MRI caused by Lynx's contempt.  *See* Doc. # 40, at pp. 2-3, 13-15.  As such, the heightened protections afforded in criminal proceedings do not apply here.  As Lynx's cited authority makes clear, Lynx's knowledge and violation of the Order, which may be proven through undenied accusations and uncontroverted affidavits, are sufficient to support a contempt adjudication.  *See Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 721 (6th Cir. 1996).  Moreover, Lynx has already had two opportunities to be heard, once in opposition to MRI's Motion to Show Cause, and again in its April 15 declarations.  At the hearing, Lynx will be provided yet another opportunity to be heard.  As such, Lynx has no basis to complain that it has not received notice and an opportunity to be heard.

In sum, MRI respectfully submits that, at this point, it should be Lynx's burden to "show 'categorically and in detail' why it is unable to comply with the court's order." *Id* at 720.  So far, Lynx has failed to contest MRI's evidence, instead providing only "denials which [are] incredible in context." *Id.*  However, regardless of the present status of MRI's Motion to Show Cause, MRI understands that Lynx wishes to have the opportunity to cross-examine MRI's witnesses who have submitted declarations, while MRI respectfully requests the same

opportunity as to Lynx's declarants. Moreover, as mentioned above, MRI believes it is important for the Court to hear the evidence as to Lynx violations, which MRI is continuing to discover.

Accordingly, if the Court permits witness testimony at the hearing, MRI respectfully proposes that the parties make each of their declarants available for direct and cross examination, and that, if either party intends to present any additional witnesses at the hearing, its counsel provide to opposing counsel a list of such witnesses, with a general description of the categories of each witness's expected testimony. In addition, MRI respectfully proposes that the parties exchange lists of exhibits. MRI proposes that the foregoing exchange of information occur at least one week before the date set by the Court for the hearing. Finally, MRI additionally requests that counsel for each side be permitted the opportunity to present brief opening and closing statements to the Court. MRI anticipates that such a hearing could be completed in one or two days.

September 5, 2013

Respectfully submitted,

By: /s/ Georgia Yanchar
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
Mark W. McDougall (Ohio Bar No. 0080698)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail: dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 5, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                 */s/ Georgia Yanchar*
                 One of the Attorneys for Plaintiff