UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## Local Rule 37.1 Declaration of David T. Movius, Esq.

As proof of Lynx Systems, Inc.'s compliance with Local Rule 37.1 and the Court's form of Case Management Order, David T. Movius, Esq., does hereby declare and testify as follows:

1. I am an adult person and am competent to make this Declaration. I am an attorney for Lynx. In this capacity, I am familiar with the above-captioned case, and I make this Declaration based upon my personal knowledge.

2. Lynx has made sincere, good faith efforts to resolve its dispute with MRI Software, LLC regarding Document Request No. 2, which Lynx propounded with its April 11, 2013, Third Set of Discovery Requests.

3. Document Request No. 2 called for MRI to produce the source code for the computer software at issue in this case, as follows:

> **Document Request No. 2:** The complete source code for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint.

A true and accurate copy of Lynx's Third Set of Discovery Requests was previously filed as ECF # 81-1.

1

4. MRI requested a two-week extension of time, until May 28, 2013, to respond to Lynx's Third Set of Discovery Requests, which Lynx consented to by email on May 7, 2013. On May 23, 2013, MRI then requested a second two-week extension, until June 11, 2013, to provide its response. With only limited time remaining to complete discovery, Lynx responded on May 29, 2013, that it would not consent to a further extension. A true and accurate copy of the email string containing the May 7, 2013, email from John McLandrich, Esq., to Georgia Yanchar, Esq., the May 23, 2013, email from Georgia Yanchar, Esq., to John McLandrich, Esq., and the May 29, 2013, response from John McLandrich, Esq., to Georgia Yanchar, Esq., is attached as Exh. A.

5. In its May 30, 2013, partial response to Lynx's Third Set of Discovery Requests, MRI objected to Document Request No. 2 in full, stating:

> MRI objects to this request as overly broad and unduly burdensome. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. MRI objects to this request as vague as Lynx has failed to define what it means by the term "source code."

A true and accurate copy of MRI's Responses and Objections to Lynx's Third Set of Discovery Requests are attached as Exh. B.

6. On June 13, 2013, I wrote to counsel for MRI regarding certain deficiencies in MRI's subsequent document production. With respect to MRI's objections to Document Request No. 2, I stated:

> Request No. 2: MRI's objections to this request are unfounded, and Lynx asks that they be withdrawn immediately. The source code could not be more relevant, and MRI's objection that it does not know what is meant by "source code" is without merit. Therefore, please produce the requested source code in its native ASCII file format.

2

In response, counsel for MRI responded as follows: "I suggest we meet and confer on this issue. Tomorrow at 11:30 would work for me, as you suggested. I will call your office then." A true and accurate copy of the email string containing my June 13, 2013, email to Georgia Yanchar, Esq., and the June 13, 2013, email from Georgia Yanchar, Esq., to me is attached as Exh. C.

7. During a call with MRI's counsel on June 14, 2013, I reiterated Lynx's position that MRI's objections to Document Request No. 2 are without merit. In response, counsel for MRI asked for a written summary of Lynx's position so they could discuss the issue with MRI. I provided the requested written summary later that day, identifying a non-exclusive list of four specific reasons why Lynx is entitled to the source code for the MRI software at issue in this case:

- Many of MRI's registrations do not constitute *prima facie* evidence of ownership because they were not registered within five years of publication.
- All but one of MRI's registrations are limited to the revisions from the prior software version and the registration certificates are incomplete.
- MRI's infringement claim requires filtration of the source code to eliminate from consideration those elements that are not protected by copyright and comparing the protectable portions of the source code to Lynx's code to determine substantial similarity.
- Both source code and object code are identified in and implicated by the parties' Stipulated Injunction.

A true and accurate copy of my June 14, 2013, email to Georgia Yanchar, Esq., is attached as Exh. D.

8. I then raised the issue of MRI's source code during a July 1, 2013, teleconference with MRI's counsel. During that call, MRI's counsel indicated that MRI's primary concerns were based on confidentiality, as opposed to relevance or its

3

other stated objections, and that MRI produce the requested source code if Lynx would agree to additional confidentiality restrictions beyond those already contained in the Stipulated Protective Order previously agreed to by the parties (ECF # 28) and entered by the Court (ECF # 29). Counsel for MRI indicated that they would provide a proposed source code-specific protective order for Lynx's consideration. I responded that, while Lynx believes that the protections available under the existing Stipulated Protective Order are sufficient, it would consider a proposal by MRI for further protections.

9. I next raised the issue in an email to counsel for MRI on July 16, 2013, stating: "We also await MRI's response regarding production of source code." Counsel for MRI responded later that day, stating:

> As to source code, ... MRI is willing to make it available for inspection subject to appropriate protections. We expect to send you a proposed source code supplemental protective order within the next few days.

I responded to MRI's counsel by email on July 18, 2013, stating: "I also look forward to receiving MRI's proposal regarding source code." A true and accurate copy of the email string containing my July 16, 2013, email to Georgia Yanchar, Esq., the July 16, 2013, email from Georgia Yanchar, Esq., to me and my July 18, 2013, email to Georgia Yanchar, Esq., is attached as Exh. E.

10. MRI finally provided its proposed "Source Code Protective Order" by email on July 24, 2013. A true and accurate copy MRI's proposed order as forwarded by MRI's counsel on July 24, 2013, is attached as Exh. F.

11. MRI's proposed "Source Code Protective Order" is unacceptable because it would only permitting inspection of source code under extremely restrictive conditions and all but prohibit meaningful analysis of the source code.

12. I wrote to counsel for MRI on August 23, 2013, to identify Lynx's primary objections to MRI's proposed "Source Code Protective Order." A true and accurate copy of my August 23, 2013, email to Georgia Yanchar, Esq., is attached as Exh. G.

13. I reiterated Lynx's position that the existing Stipulated Protective Order is sufficient and that severe restrictions proposed by MRI are unworkable during a call on August 28, 2013. The discussion of this issue concluded with MRI's counsel indicating that MRI would not produce the source code for the software under the terms of the existing Stipulated Protective Order.

14. To this day, MRI has not produced the complete source code for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint as requested by Lynx's Document Request No. 2.

FURTHER DECLARANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

September 6, 2013

David T. Movius, Esq.

## Certificate of Service

I hereby certify that a copy of the foregoing Declaration of Lynx Systems, Inc. was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David T. Movius
*Attorney for Lynx Systems, Inc.*
