# Exhibit F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO. 1:12-cv-01082-CAB |
| Plaintiff, | ) ) | JUDGE Christopher A. Boyko |
| v. | ) ) | |
| LYNX SYSTEMS, INC., | ) ) ) | **ADDENDUM TO STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE** |
| Defendant. | ) ) | |

This Addendum to the Stipulated Protective Order entered by the Court in this action on July 12, 2012 incorporates therein the following provision regarding the production of "Source Code" (as defined below).

**20.** **Source Code.** To the extent that production of confidential, proprietary or trade secret information that comprises computer source code and/or live data (that is, data as it exists in a database) ("Source Code") becomes necessary in this case, a producing party may, at its sole discretion, produce same pursuant to the following "**Source Code Procedure**."

(a) **Scope.** "Source Code" may include all forms of digital computer instructions (in human readable form or otherwise) and information and materials embodying same, including but not limited to embedded applications implemented as firmware, software, hardware, or any combination thereof, software, programs, drivers, application program interfaces (APIs), source code, object code, compiled code, byte code, interpreted code, any form of code stored in any digital storage medium, and any form of programmable logic code, source code for logic compilers, and/or hardware description languages for programming a configurable digital circuit such as a programmable logic controller or device (PLC or PLD). "Source Code" may also include code written in any and all programming languages, command languages and shell languages and all "header files," "make" files, project files, link files, scripts, live data (that is, data as it exists residing in a database or databases) and all embedded programmer notes and comments.

(b) **Designation.** A producing party may designate Source Code as "ATTORNEYS' EYES ONLY – SOURCE CODE." In addition to the protections applicable to "ATTORNEYS' EYES ONLY" information, the following additional protections will apply to information designated "ATTORNEYS' EYES ONLY – SOURCE CODE," unless the producing party and receiving party agree otherwise, in writing.

(c) **General Protections.** Information designated ATTORNEYS' EYES ONLY – SOURCE CODE under this Order shall not be used or disclosed by outside counsel for the parties or any other persons identified below except as strictly provided in this Source Code Procedure or for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. Subject to these requirements, the following categories of persons may be allowed to review documents and information that have been designated ATTORNEYS' EYES ONLY – SOURCE CODE:

(1) **Outside Counsel.** Outside counsel of record for the receiving parties and employees and agents of such counsel who have responsibility for the preparation and trial of the action;

(2) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(3) **Independent Consultants, Investigators, and Experts.** Independent consultants, investigators, or experts specially retained by the receiving parties or counsel for the receiving parties to assist in the preparation and trial of this action. The right of a person to receive any ATTORNEYS' EYES ONLY – SOURCE CODE documents or information under this subparagraph will be subject to the advance approval of disclosure to such person by the producing party or by permission of the Court. The party seeking approval of disclosure to an independent consultant, investigator, or expert must provide the producing party with the name and curriculum vitae of the proposed individual and an executed copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, in advance of providing any ATTORNEYS' EYES ONLY – SOURCE CODE documents or information of the producing party to that person. Any objection by the producing party to disclosure to an independent consultant, investigator, or expert receiving ATTORNEYS' EYES ONLY – SOURCE CODE documents or information must be made in writing within 5 business days following receipt of the identification of the proposed person, must be made upon counsel's good faith belief that disclosure to such person would threaten the producing party's business, and must set forth how disclosure to the proposed recipient would threaten the producing party's business.  Within 3 business days after the receipt of such writing, the party seeking approval of disclosure to the independent person shall inform the producing party whether it intends to proceed with the disclosure to the independent person or withdraw its request for approval.  If the party seeking approval does not withdraw its request for approval, the producing party may file a motion for protective order with the Court.   ATTORNEYS' EYES ONLY – SOURCE CODE documents or information may be disclosed to an independent consultant, investigator, or expert if no motion for protective order has been filed by the producing party within 10 business days following receipt of the identification of the proposed person.  Approval of independent consultants, investigators, or experts must not be unreasonably withheld; and

    (4) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court, subject to the further conditions of this Source Code Procedure. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(e) **Source Code Inspection.** In response to a proper and undisputed request, Source Code, in its native format, may be made available for inspection as provided below, during normal business hours, at a facility reasonably designated by the producing party and in an environment in which the confidentiality and security of the Source Code can be properly protected (including, at the producing party's option, on a "stand-alone" computer that is not linked to any network, intranet or the Internet).

    (1) The receiving party shall provide a list of persons who intend to inspect the Source Code to the producing party at least five (5) business days in advance of any scheduled inspection.

    (2) No copies of any portion of Source Code may leave the room in which the Source Code is made available for inspection except as otherwise provided herein.  The receiving party's outside counsel and/or experts may take handwritten notes relating to the Source Code, but may not copy the source code into the notes in such a manner as to circumvent the protections herein.

    (3) Nothing herein shall require the producing party to provide executable code, and no electronic copies of Source Code may be made.  Under no circumstances may the Source Code be compiled into executable code by the receiving party.

    (4) The receiving party may not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device, and may not take any form of recordable media or recordable device, including without limitation, any sound recorder, cellular telephone, peripheral equipment, CD, DVD, camera, computer, computer storage device, or smart phone into the room in which the Source Code is available for inspection.

(f) **Printouts or Photocopies of Excerpts.**  The receiving party shall be permitted to request printouts or photocopies of a reasonable number of Source Code excerpts, all of which shall be designated and clearly labeled "ATTORNEYS' EYES ONLY – SOURCE CODE," provided that the producing party agrees that the excerpt is not unreasonably voluminous.  The Source Code may not be copied in its entirety.

    (1) At the sole discretion of the producing party, the producing party may provide a printer attached to standalone computer; alternatively, a stand-alone computer may be equipped to store print requests in a print folder.

    (2) During the inspection process, and at the sole discretion of the producing party, the receiving party shall be permitted either to: (i) make one (1) copy only of any Source Code excerpt (with necessary additional copies provided for below at (3)); or (ii) request that the party providing the inspection provide paper copies of any Source Code excerpt to the receiving party within five (5) business days

of its request, unless otherwise agreed. In either case, the party providing the inspection shall, before the printouts or copies are produced to the receiving party, provide for marking such copies clearly and prominently as "ATTORNEYS' EYES ONLY – SOURCE CODE" and affixing individually-identifying production numbers.

(3) If the receiving party's outside counsel, consultant(s) or expert(s) obtain printouts or photocopies of Source Code excerpts, the receiving party shall ensure that such outside counsel, consultant(s) or expert(s) keep the printouts or photocopies in a locked cabinet or repository in a secured area in the offices of such outside counsel, consultant(s) or expert(s). The receiving party may also temporarily have the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Any such paper copies shall be maintained at all times in a secured location. The receiving party may not create any electronic or other images of the printouts or paper copies and may not convert any of the information contained in the printouts or copies into any electronic format. The receiving party may only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including, *e.g.*, a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. In no event may the number of such additional copies exceed two (2) without express written approval from the producing party. The receiving party shall notify the producing party when any additional copy is made and shall mark each page of any additional copy with the annotation: "Copy _ of _ Copies." Any paper copies used during a deposition must not be given to or left with a court reporter or any other individual in attendance.

(g) **Use of Excerpts.** A receiving party may include excerpts of Source Code that relate to the technical features that are at issue in the case in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that such documents are appropriately designated under this Stipulated Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with N.D. Ohio Local Rule 5.2. No copy of Source Code in its entirety may be used at a deposition or in or attached to any pleading, exhibit, expert report, discovery documents, deposition transcript, or other Court document.

(1) Any Source Code excerpt used as a deposition exhibit shall not be appended to the transcript. Instead, for any Source Code excerpt used as a deposition exhibit, the receiving party shall have the deponent, on the record, sign his or her name to each page of the original exhibit. The receiving party shall retain the original of any such exhibit and shall provide a copy of the signed original exhibit to the producing party.

      (2) To the extent any portion of Source Code is quoted in another document, the party making the quotation must clearly designated the quoting document as containing Source Code and appropriately restrict access to such document.

      ***So Ordered.***

Dated:_____        _____
                                                                                       U.S. District Judge
                                                                                       U.S. Christopher A. Boyko

| WE SO MOVE/STIPULATE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE/STIPULATE<br>and agree to abide by the<br>terms of this Order |
|---|---|
| _____<br>Daniel McMullen (0034380)<br>Georgia Yanchar (0071458)<br>CALFEE, HALTER & GRISWOLD, LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, OH  44114-1607<br>Telephone: (216) 622-8200<br>Facsimile: (216) 241-0816<br>dmcmullen@calfee.com<br>gyanchar@calfee.com | _____<br>David T. Movius (0070132)<br>Matthew J. Cavanagh (0079522)<br>MCDONALD HOPKINS LLC<br>600 Superior Ave., East, Suite 2100<br>Cleveland, OH  44114<br>Telephone: (216) 348-5400<br>Facsimile: (216) 348-5474<br>dmovius@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br><br>John T. McLandrich (0021494)<br>MAZANEC, RASKIN & RYDER CO., LPA<br>100 Franklin's Row<br>34305 Solon Road<br>Cleveland, OH  44139<br>Telephone: (440) 248-7906<br>Facsimile: (440) 248-8861<br>jmclandrich@mrrlaw.com |
| Counsel for MRI Software, LLC | Counsel for Lynx Systems, Inc. |
| Dated:_____ _____ | Dated:_____ _____ |

{02086778.DOCX;5 }