UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## Motion to Compel Production of Source Code

Lynx Systems, Inc., having certified its sincere, good faith efforts to resolve this dispute (*see* ECF # 95), moves the Court for an order compelling MRI Software, LLC to immediately produce the source code for the "Copyrighted Works" identified in MRI's complaint in native format, as requested by Lynx's Document Request No. 2. A memorandum in support is submitted herewith.

Respectfully submitted,

Dated: September 6, 2013

/s/ David T. Movius
David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

{4481697:2}

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI Software, LLC, | ) Case No. 1:12-cv-01082 |
| Plaintiff, | ) Judge Christopher A. Boyko |
| vs. | ) |
| Lynx Systems, Inc., | ) |
| Defendant. | ) |

**Memorandum in Support of Lynx
Systems, Inc.'s Motion to Compel Production of Source Code**

This motion raises the threshold question of whether, and under what circumstances, MRI Software, LLC can unilaterally refuse Lynx Systems, Inc.'s discovery of the source code for the "Copyrighted Works" that MRI cites as the basis for its copyright infringement claims. The Court should compel MRI to produce its source code in native format because MRI's copyright claims necessitate detailed version-to-version and line-by-line analyses of the requested source code and the Stipulated Protective Order sufficiently protects MRI's interests.

## Background

MRI initiated this case on May 1, 2012, by filing a fifty-five page, seventeen-claim complaint that includes separate counts for infringement of its United States copyrights (Count I) and its Canadian copyrights (Count V). (ECF # 1.) As the basis for its infringement claims, MRI identified and attached its U.S. copyright registrations for 20 different versions of the "MRI Software" (Cmplt. ¶ 26), and it

{4481697:2}

since has amended its complaint to identify the U.S. copyright registration for a twenty-first version of its software (Amend. Cmplt., ECF # 89, at ¶ 38).

In its Third Set of Discovery Requests, Lynx requested production of the source code[1] for each version of the computer software MRI put at issue in its complaint, as follows:

> **Document Request No. 2:** The complete source code for each version of the "Copyrighted Works" identified in paragraph 26 of MRI's complaint.

(A true and accurate copy of Lynx's Third Set of Discovery Requests was filed as ECF # 81-1.) In response, MRI objected to producing any source code, as follows:

> **Response:**
>
> MRI objects to this request as overly broad and unduly burdensome. MRI further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. MRI objects to this request as vague as Lynx has failed to define what it means by the term "source code."

(Exh. B.[2]) As set forth in the Local Rule 37.1 Declaration of David T. Movius, Esq. (ECF # 95), Lynx since has conferred with MRI repeatedly and in good faith to secure production of the requested source code without involving the Court, but has been unable to do so.

---

[1] As the U.S. Copyright Office explains: "The source code for a particular program is the code as actually written by the author in a particular programming language. Source code is distinguished from object code which is generally the code translated from the original programming language and compiled by a computer into a machine-readable hexadecimal (octal, or binary) representation." U.S. Copyright Office, General Copy Requirements, available at *http://www.copyright.gov/eco/help-deposit.html.*

[2] Referenced exhibitss are attached to the Local Rule 37.1 Declaration of David T. Movius, Esq., previously filed as ECF # 95.

After several rounds of correspondence and telephone calls, MRI effectively abandoned its stated objections by indicating that it would produce the requested source code if Lynx would agree to amend the Stipulated Protective Order (ECF # 29) to include additional source code-specific restrictions. Lynx responded that the Stipulated Protective Order negotiated by the parties at the start of discovery is sufficient, but it nonetheless agreed in good faith to consider MRI's proposed amendments. Unfortunately, the additional restrictions MRI proposed (*see* Exh. F) were so onerous that they would completely cripple Lynx's ability to perform the detailed version-to-version and line-by-line analyses required by MRI's copyright claims. Lynx therefore brings this motion as a last resort and asks the Court to compel MRI to produce the requested source code in its native format.

## Law and Argument

Under Federal Rule of Civil Procedure Rule 26(b), Lynx may discover from MRI information concerning any matter that is relevant to the pending litigation and not governed by an applicable privilege. Fed. R. Civ. P. 26(b)(1). MRI's copyright infringement claim requires proof that (i) it owns a copyrighted work, and (ii) Lynx copied protectable elements of that work. *See Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). MRI's copyright claims therefore necessitate discovery of the source code for all 21 versions of its software cited in its amended complaint with respect to the scope of MRI's copyright ownership and Lynx's alleged copying.

Discovery of MRI's source code is relevant and necessary to the issue of ownership because the registrations for at least ten versions of its software were

made more than five years after their first publications and thus do not constitute *prima facie* evidence of ownership. *See* 17 U.S.C. § 410(c). Moreover, because 20 of MRI's 21 registration certificates are for "derivative works" that cover only the incremental changes from the immediately-prior version, a version-to-version comparison of MRI's source code is necessary to determine what each registration covers (and thus, what MRI owns). *See* 17 U.S.C. § 490(9). That is particularly true for the 19 registrations that expressly disclaim all prior versions without identifying the registration for the immediately-preceding version as required by 17 U.S.C. § 409(9). *See, e.g.,* Reg. No. TX 7-452-908, filed as PageID # 58 (identifying "pending" under "Previous registration and year"). Discovery of MRI's source code therefore is relevant to MRI's ownership, including the scope of its registrations.

Lynx also is entitled to discover MRI's source code on the issue of copying. "Not all 'copying' is actionable[.]" *Kohus*, 328 F.3d at 853. Instead, "it is a constitutional requirement that a plaintiff bringing an infringement claim must prove 'copying of constituent elements of the work *that are original*.'" *Id.* (emphasis in original) (quoting *Feist Pub, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The copying analysis thus requires isolation of the "original"—*i.e.,* protectable—elements of the copyrighted work by filtering out "the unoriginal, unprotectible [*sic*] elements," such as "mere abstract ideas," "elements dictated by efficiency," and "elements that are dictated by external factors such as particular business practices." *Id.* at 855-56. Then, "[o]nce the unprotectible [*sic*] elements have been filtered out, the second step is to determine whether the allegedly

infringing work is substantially similar to the protectible [*sic*] elements of the original." *Id.* at 856. For software, that requires a side-by-side comparison of the source codes for the copyrighted and accused works. *See General Universal Systems, Inc. v. Lee,* 379 F.3d 131, 146 (5th Cir. 2004) (granting summary judgment of noninfringement where plaintiff did not provide "side-by-side" comparison of source codes for copyrighted and accused works); *R.C. Olmstead, Inc. v. CU Interface, LLC,* 657 F. Supp. 2d 878, 894-95 (N.D. Ohio 2009) (same), *aff'd*, 606 F.3d 262 (6th Cir. 2010). Discovery of MRI's source code therefore is relevant to whether Lynx copied any protectable elements of MRI's software.

While MRI apparently has abandoned its relevance and other stated objections, it now refuses to produce its source code on the basis that the Stipulated Protective Order is insufficient. As an initial matter, MRI did not object to Document Request No. 2 on that basis, nor has it moved the Court for protection under Federal Rule of Civil Procedure 26(c), so it has waived any objection on that basis. *See* Fed. R. Civ. P. 34(b)(2)(C). But even if MRI had lodged a confidentiality objection, it could not refuse production of its source code based on confidentiality any more than a plaintiff claiming mental anguish and emotional distress could refuse production of the mental health records that its complaint put at issue. *See, e.g., Giles v. Cent. Ohio Technical College,* 2008-Ohio-3428, ¶¶ 67-73 (2008) (affirming finding of "frivolous conduct" where plaintiff failed to produce mental health records after claiming mental anguish and emotional distress).

In any event, the Stipulated Protective Order—which MRI and Lynx negotiated and the Court entered at the start of discovery—is more than sufficient to protect the confidentiality of MRI's source code. Indeed, the Stipulated Protective Order specifically addresses MRI's concern by allowing it to designate its source code as "Attorneys' Eyes Only" and thereby limit its disclosure to the following persons absent MRI's consent or an order by the Court: (i) Lynx's outside counsel, (i) court reporters, and (iii) independent consultants and experts, with MRI having the ability to object to any consultant or expert prior to disclosure. (Stipulated Protective Order, ECF # 29, §§ 7(b)(1)-(3).) The Stipulated Protective Order also would impose significant restrictions on the maintenance and use of MRI's source code by such persons. (*Id.* at §§ 9-10, 12 & 16(a)-(c).) The Stipulated Protective Order thus provides more than sufficient protection for MRI's source code, and MRI should not be heard to complain that the discovery protections it negotiated and agreed to after suing Lynx for copyright infringement are so flimsy that Lynx cannot have full discovery on those claims.

For the foregoing reasons, Lynx respectfully asks the Court to grant its motion and enter an order compelling MRI to immediately produce the complete source code for its software as requested in Document Request No. 2 in its native format and further order MRI to pay Lynx's fees in bringing its motion should it determine that MRI's failure to produce the requested source code was not "substantially justified" under Federal Rule of Civil Procedure 37(a)(5)(A)(ii).

                                      Respectfully submitted,

Dated: September 6, 2013              /s/ David T. Movius
                                      David T. Movius (OH 0070132)
                                      *dmovius@mcdonaldhopkins.com*
                                      McDonald Hopkins LLC
                                      600 Superior Avenue, East, Ste. 2100
                                      Cleveland, Ohio 44114
                                      t 216.348.5400 │ f 216.348.5474

                                      John T. McLandrich (OH 0021494)
                                      *jmclandrich@mrrlaw.com*
                                      Mazanec, Raskin & Ryder Co., L.P.A.
                                      100 Franklin's Row
                                      34305 Solon Road
                                      Cleveland, Ohio 44139
                                      t 440.248.7906 │ f 440.248.8861

                                      *Attorneys for Lynx Systems, Inc.*

{4481697:2}                         7

**Certificate of Service**

    I hereby certify that, on September 6, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                /s/ David T. Movius
              *Attorney for Lynx Systems, Inc.*