UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI Software, LLC, | Case No. 1:12-cv-01082 |
| Plaintiff, | Judge Christopher A. Boyko |
| vs. | |
| Lynx Systems, Inc., | |
| Defendant. | |

**Lynx's Motion to Partially Dismiss**
**MRI Software, LLC's Amended Complaint Under Rule 12(b)(6)**

Lynx Systems, Inc. respectfully moves the Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing MRI Software, LLC's Amended Complaint (ECF # 89) with respect to its breach of contract claim (Count 8), its copyright infringement claims (Counts 1 and 5) and its trademark infringement claims (Counts 11 and 12). As further explained in the accompanying memorandum, the Court should dismiss those claims because, even assuming the truth of MRI's allegations, each is barred by the one-year time limit for brining such claims under Section 10.7 of the parties' 2002 Agreement (attached as Exhibit 4 to MRI's Amended Complaint), which applies to *any* claim, "regardless of form, arising out of the transactions" under that Agreement. (2002 Agreement § 10.7.)

Because MRI's Amended Complaint admits that both parties had actual knowledge of the events giving rise to MRI's breach of contract, copyright infringement and trademark infringement claims well more than a year before the May 1, 2012, effective filing date for MRI's Amended Complaint, each of those claims is barred by the express terms of the parties' 2002 Agreement. Counts 1, 5, 8,

{4487089;}

11 and 12 of MRI's Amended Complaint therefore fail to state a claim upon which relief can be granted and should be dismissed by the Court under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

Dated: September 9, 2013

/s/ David T. Movius
David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum in Support of Lynx
Systems, Inc.'s Motion to Compel Production of Source Code**

MRI Software, LLC's breach of contract, copyright infringement, and trademark infringement claims against Lynx Systems, Inc. are classic self-defeating claims that are fit for dismissal at the pleadings stage.

The 2002 Agreement between MRI and Lynx, which MRI attached and incorporated as Exhibit 4 to its Amended Complaint, includes a clause reducing the time for MRI to bring *any* claim, "regardless of form, arising out of the transactions under" that Agreement to just one year after knowledge of "the occurrence of the event(s) giving rise to the cause of action." (2002 Agreement § 10.7.) The bases for MRI's breach of contract, copyright infringement and trademark infringement claims all arise out of transactions under the 2002 Agreement, and MRI avers that the same alleged conduct by Lynx is actionable under each of those claims. Each of those claims therefore is subject to the one-year time limit under Section 10.7.

The Court should dismiss MRI's breach of contract, copyright infringement and trademark infringement claims because attachments to MRI's Amended

{4487089:}

Complaint admit that both parties had knowledge of the events giving rise to those claims more than one year before the May 1, 2012, effective filing date of MRI's Amended Complaint. Each of those claims therefore fails as a matter of law under Section 10.7 of the 2002 Agreement and should be dismissed by the Court for failure to state a claim upon which relief can be granted.

## Background

MRI sells software that businesses uses to manage real estate. (*See* Am. Compl. ¶ 27-26.) In 2002, MRI engaged Lynx, a well-regarded Canadian software consultant, to market and sublicense MRI's software. (*Id.* ¶ 86.) MRI partnered with Lynx under a written contract in August 2002, entitled "MRI Product Sub-Licensor and Service Provider Agreement" (the "2002 Agreement"). (*Id.* ¶ 84.) Among other things, the 2002 Agreement granted Lynx the right: (i) to distribute, promote, and market MRI's software to actual and potential customers; (ii) to sublicense customers to use MRI's software; (iii) to service MRI's software for customers; (iv) to use MRI's software; (v) to create Customizations using the Customization Tool Kit (the "Tool Kit") and (vi) to use MRI's trademarks to promote, advertise, sell, and service MRI's software. (2002 Agreement §§ 2.1, 2.2.2, 12.2.)

According to the factual allegations contained in MRI's Amended Complaint, which Lynx disputes but presumes to be true for purposes of this motion only, the 2002 Agreement terminated or expired effective August 1, 2008. (Am. Compl. ¶ 94.) MRI alleges that, due to the termination or expiration of the 2002 Agreement effective as of August 1, 2008, Lynx was required to stop servicing and using MRI's

software, including the Tool Kit, and to stop using MRI's trademarks, but that Lynx continued to do all of those things. (*Id.* ¶¶ 94, 144.) According to MRI, by continuing to do what was previously permitted by the 2002 Agreement after termination, Lynx breached the 2002 Agreement and infringed MRI's claimed copyright and trademark rights. (*Id.* ¶ 110.)

MRI filed this action on May 1, 2012—nearly four years after Lynx began its alleged breach and infringements. (ECF # 1.) On August 22, 2013, MRI subsequently filed an amended complaint that added more factual allegations. (ECF # 89.) MRI's Amended Complaint also made this case personal by adding Lynx's owner, Donald Robinson, as a defendant. MRI has not, however, served Mr. Robinson so he is not yet a party and this motion is made solely on Lynx's behalf.

MRI asserts seventeen claims against Lynx: (i) U.S. copyright infringement; (ii) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (iii) violation of Title II of the Electronic Communications Privacy Act, 18 U.S.C. § 2701; (iv) violation of the Digital Millennium Copyright Act, 27 U.S.C. § 1201, *et seq.*; (v) violation of the Canadian Copyright Act; (vi) violation of Ohio's Trade Secret Act; (vii) trespass; (viii) breach of the 2002 Agreement; (ix) inducement of breach of MRI client contracts; (x) tortious interference; (xi) trademark infringement under 15 U.S.C. § 1114; (xii) federal unfair competition under 15 U.S.C. § 1125(a); (xiii) commercial disparagement; (xiv) false advertising under the Lanham Act; (xv) violation of Ohio's Deceptive Trade Practices Act; and (xvi) unjust enrichment. As explained in detail below, five of MRI's claims fail to state a claim upon which relief

can be granted—namely, its breach of contract claim, its two copyright infringement claims, and its two trademark infringement claims—and should be dismissed because MRI failed to bring those claims within one year of knowledge of the events giving rise to those claims as required by Section 10.7 of the Amended Complaint.

## Law and Argument

### A. Legal Standard for Dismissal

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Under Federal Rule of Civil Procedure 10, "[a] copy of a written instrument that is attached to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto ... so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). The Court should grant Lynx's motion because the well-pleaded facts in MRI's Amended

Complaint and the attached exhibits show that MRI is not entitled to relief under its breach of contract, copyright infringement and trademark infringement claims. *See Shearson v. Holder*, 865 F. Supp. 2d 850, 868-69 (N.D. Ohio 2011) (dismissing time barred claim under Rule 12(b)(6) (quoting *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

II.  **The Court Should Dismiss MRI's Breach Of Contract Claim (Count 8) Because MRI Filed its Complaint More Than One Year After Lynx's Alleged Breach**

The Court should dismiss MRI's breach of contract claim (Count 8) for failure to state a claim because that claim accrued more than one year before MRI filed its complaint on May 1, 2012. Under applicable California law,[1] the parties to a contract may agree to shorten California's 4-year statute of limitations for contract claims under Cal. Civil P. Code § 337(1) so long as the time allowed is reasonable. *See Han v. Mobile Oil Corp.,* 73 F.3d 872, 877 (9th Cir. 1995) (citing *Tebbets v. Fidelity & Cas. Co. of New York,* 155 Cal. 137 (1909)). MRI and Lynx did just that in Section 10.7 of the 2002 Agreement by agreeing that any claim arising out of that Agreement had to be brought within 1 year, as follows:

> No action, regardless of form, arising out of the transactions under this agreement may be brought by [Lynx] against MRI or by MRI against [Lynx] more than one (1) year after [Lynx] knew or should have known of the occurrence of the event(s) giving rise to the cause of the action.

(2002 Agreement ¶ 10.7; all capitals in original.) This broadly-applicable one-year limitation period is reasonable and therefore enforceable because "[a] contractual

---

[1] Section 15.2 of the 2002 Agreement provides that "[d]isagreements shall be construed and interpreted by the laws of the State of California."

limitation period requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness." *Han,* 73 F.3d at 877 (citing *Fageol Truck & Coach Co. v. Pacific Indem. Co.,* 18 Cal.2d 748 (1941); *Lawrence v. Western Mut. Ins. Co.,* 204 Cal.App.3d 565 (1988)).

A claim for breach of contract accrues on the date of the act constituting the breach. *See Reichert v. General Ins. Co. of Am.,* 58 Cal.2d 822, 831 (1968) ("a cause of action for breach of contract accrues at the time of the breach"). Assuming that MRI's Amended Complaint relates back to its initial Complaint, its claims have an earliest effective filing date of May 1, 2012. *See* Fed. R. Civ. P. 15(c)(1). Accordingly, MRI's breach of contract claim would be timely only if that claim accrued on or after May 1, 2011, which is one year before MRI filed its initial Complaint. The Court should dismiss MRI's breach of contract claim because that claim accrued well before MRI's May 1, 2011, critical date.

According to MRI, Lynx's breach of the 2002 Agreement began when Lynx continued soliciting and providing products and services relating to MRI's software and using MRI's trademarks and software after that Agreement ended on August 1, 2008. (Am. Compl. ¶¶ 92, 94, 110, 133, 145, 147, 152, 161). By its nature, the 2002 Agreement constituted a promise by MRI to not sue Lynx for engaging in that conduct during the term of that Agreement. *See U.S. Philips Corp. v. Int'l Trade Comm'n,* 424 F.3d 1179, 1189 (Fed. Cir. 2005) (license constitutes promise by licensor not to sue licensee for infringement). MRI thus alleges that Lynx's

continued use of MRI's software and trademarks and its continued offering and provision of products and services relating to MRI's software breached the surviving obligation to refrain from such conduct following the termination or expiration of the 2002 Agreement. MRI's Amended Complaint therefore claims that Lynx's alleged breach therefore began almost four years before MRI filed its Complaint on May 1, 2012. Consequently, MRI's breach of contract claim is untimely under Section 10.7 of the 2002 Agreement because MRI knew or should have known of the alleged events giving rise to its claim at that time.

Exhibit 7 to MRI's Amended Complaint confirms that MRI had actual knowledge of the events underlying its breach of contract claim long before the critical May 1, 2011, date. That exhibit, which includes multiple emails from Lynx, includes two emails dated November 17, 2010, and December 29, 2010, respectively, that refer to MRI by its trademarked name and identify a wide range Lynx services and products relating to MRI's software. (MRI Exh. 7, PageID # 279-280 & 281-284.) They also include a hyperlinked invitation to "have a look" at Lynx's website to "learn more about Lynx services." (*Id.*) In turn, the products and services identified on Lynx's website (which MRI attached as Exhibit 6) are the same products and services upon which MRI relies as the basis for its breach of contract claim. (Am. Compl. ¶¶ 110, 135.) MRI's attachment of these emails to its Amended Complaint thus admits that MRI had actual knowledge of the events giving rise to its breach of contract claim by November 17, 2010, at the latest—more than six months *before* the May 1, 2011, cut-off to avoid dismissal.

Because MRI's Amended Complaint pleads that Lynx's breach began almost four years before MRI filed its initial Complaint and admits that both parties had actual knowledge of the events giving rise to that claim by at least November 17, 2010, MRI had until November 17, 2011, at the latest to bring its breach of contract claim against Lynx. (2002 Agreement § 10.7.) MRI, however, did not bring that claim until May 1, 2012, nearly six months too late. MRI's breach of contract claim therefore is barred by operation of Section 10.7 of the 2002 Agreement and that claim should be dismissed under Rule 12(b)(6) for failure to state a claim against Lynx upon which relief can be granted.

### III. For the Same Reasons, the Court Should Dismiss MRI's Trademark And Copyright Claims As Untimely

In addition to dismissing MRI's breach of contract claim, the Court also should dismiss MRI's copyright and trademark infringement claims (Counts 1 and 5 and Counts 11 and 12, respectively) as similarly barred by the one-year limit under Section 10.7 of the 2002 Agreement. By its terms, Section 10.7 broadly applies to *any* cause of action "regardless of form, arising out of the transactions under this Agreement." (2002 Agreement § 10.7). MRI's trademark and copyright infringement claims therefore are untimely and should be dismissed because MRI admits that they all arise out of the same transactions under the 2002 Agreement.

MRI's averments in its Amended Complaint admit that its copyright and trademark infringement claims are subject to the 1-year limit under Section 10.7 of the 2002 Agreement. The 2002 Agreement expressly licensed Lynx to use MRI's software and create Customizations using the Tool Kit (2002 Agreement §§ 2.1(iv),

{4487089:}  8

2.2.2(ii)), and MRI admits that copies of its software "were provided to Lynx in connection with the 2002 Agreement." (Am. Compl. ¶ 95.) The 2002 Agreement also licensed Lynx to use MRI's trademarks. (2002 Agreement § 12.2.) The 2002 Agreement thus constituted a contractual promise by MRI to not sue Lynx for using MRI's software, creating Customizations using the Tool Kit, and using MRI's trademarks during the term of that Agreement. *See U.S. Philips Corp.*, 424 F.3d at 1189. In other words, there could be no copyright or trademark infringement if the 2002 Agreement were still in force and MRI alleges that Lynx remains subject to restrictions under that Agreement, so MRI's copyright and trademark infringement claims by definition arise out of transactions under the 2002 Agreement. Those claims therefore are subject to the one year time limit under Section 10.7 of that Agreement and had to be brought by November 17, 2011, at the latest.

MRI's combined averments in support of its breach of contract, copyright and trademark claims confirm that its infringement claims arise out of transactions under the 2002 Agreement. Indeed, MRI repeatedly alleges that the same purported conduct that constitutes a breach of the 2002 Agreement also constitutes copyright and trademark infringement. In particular, MRI pleads:

- "By providing the services and products offered on the Lynx website in the manner alleged, Defendants violate the continuing obligations under the 2002 Agreement and infringe MRI's Copyrighted Works and the MRI Trademark." (Am. Compl. ¶ 110.)

- "All of the foregoing emails are replete with uses of the MRI Trademark, in violation of Defendant's [contractual] obligation to immediately cease all uses of the MRI Trademarks after the expiration of the 2002 Agreement. In addition, Defendants use of the MRI Trademark in its advertising infringes MRI's exclusive

- rights in the MRI Trademarks and MRI's trade name." (*Id.* ¶ 133-34.)

- "Defendants' advertisement for sale and the sale of customizations violates the 2002 Agreement, and infringe MRI's exclusive rights in the Copyrighted Works and the MRI Trademarks." (*Id.* ¶ 147.)

- "When Defendants use the MRI Tool Kit without authorization or provide customizations to an MRI User who has not purchased a license to use the MRI Tool Kit, they violate MRI's exclusive rights in the Copyrighted Works, and breach the ongoing contractual obligations to MRI under the 2002 Agreement. (*Id.* ¶ 152.)

Thus, for purposes of evaluating the sufficiency of MRI's copyright and trademark infringement claims, MRI has admitted that those claims arise out of transactions under the 2002 Agreement and that the conduct it alleges to be a breach of that Agreement is the same conduct that it relies on for its copyright and trademark infringement claims. MRI's copyright and trademark infringement claims therefore are subject to dismissal under Rule 12(b)(6) because, according to MRI, that conduct began nearly four years before MRI filed its initial Complaint and MRI knew of the events giving rise to its copyright and trademark infringement claims at least as early as November 17, 2010, but did not bring those claims until nearly 18 months later. The Court therefore should grant Lynx's motion and dismiss MRI's copyright and trademark infringement claims under Rule 12(b)(6) for the same reasons that it should dismiss MRI's breach of contract claim.

## Conclusion

For the foregoing reasons, Lynx respectfully asks the Court to grant its motion and dismiss Counts 1, 5, 8, 11, and 12 of MRIs Amended Complaint under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

Dated: September 9, 2013

/s/ David T. Movius
David T. Movius (OH 0070132)
 *dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
 *jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

**Certificate of Service**

    I hereby certify that, on September 9, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                               /s/ David T. Movius
                                               *Attorney for Lynx Systems, Inc.*