UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LYNX SYSTEMS, INC.,<br><br>    Defendant. | ) Case No. 1:12-cv-01082-CAB<br>)<br>) Judge Christopher A. Boyko<br>)<br>)<br>) **DECLARATION OF GEORGIA**<br>) **YANCHAR IN COMPLIANCE WITH**<br>) **LOCAL RULE 37.1**<br>) |

As proof of compliance with Local Rule 37.1 and this Court's Standing Case Management Order, and in anticipation of MRI's Motion for Protective Order, under penalty of perjury, I, Georgia Yanchar, declare as follows:

1. As set out below, I have made sincere good faith efforts to resolve the issues as to MRI's production of its source code.

2. On June 20, 2012, the parties filed their JOINT REPORT OF PARTIES' PLANNING MEETING. Doc. # 27. Lynx made no mention therein of any purported need for discovery of MRI's source code.

3. Also on June 20, 2012, MRI's served its first set of Requests for Production, including Request No. 10, seeking, *inter alia*, Lynx's Customization files created with the MRI Software. *See* Doc. # 44-1.

4. On July 5, Lynx served its Initial Disclosures. Lynx made no mention therein of any purported need for discovery of MRI's source code.

5. On July 6, Lynx served informal responses to MRI's first set of interrogatories, wherein Lynx admitted to having in its possession the following versions of the MRI Software: MRI 3.0 with SP4a; MRI 4.0 with SP3; MRI 4.0 with SP4, including the MRI Toolkit, which is a part of the MRI Software.

6. On July 6, the parties jointly filed the Stipulated Protective Order, which was entered by the Court on July 9. Doc. # 28. At that time, MRI had no reason to expect source code to be relevant to any issue in the case. As such, the Stipulated Protective Order did not contain any provisions as to access to or protection of source code.

7. The Stipulated Protective Order expressly provides for modification "by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter." Doc. # 29, at ¶ 17. In addition, the Stipulated Protective Order states: "Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial." *Id.* at ¶ 14. In view of the language of the Stipulated Protective Order, MRI had no reason to expect that, if discovery of information requiring additional protections was later sought, Lynx would argue MRI was precluded from seeking appropriate protections.

8. On July 12, 2012, Lynx served its First Set of Document Requests, including 7 separate requests, but no requests for any of MRI's source code.

9. On December 6, 2012, Lynx served its Second Set of Document Requests, including 25 additional separate requests, but no request for any of MRI's source code.

10. On February 7, 2013, MRI filed a motion to compel numerous outstanding documents from Lynx, including the Customization files responsive to MRI's Request No. 10, served in June 2012.

11. MRI finally received responsive Customization files from Lynx in March and April, 2013, in response to MRI's request served in June 2012. The files Lynx produced are of the file types ".mdb "and ".izc."

12. On April 11, 2013, Lynx served its Third Set of Document Requests, including 96 additional separate requests, including a request for "The complete source code for each version of the MRI Software." *See* Doc. # 95-2.

13. On May 30, 2013, MRI served its responses to Lynx's Third Set of Document Requests. MRI incorporated by reference the General Objections set forth in MRI Software, LLC's Objections And Responses To Lynx Systems, Inc.'s First Set Of Interrogatories, which included an objection on the basis of confidentiality. In addition, MRI specifically objected to Request No. 2, on the following grounds:

> MRI objects to this request as overly broad and unduly burdensome. MRI further objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. MRI objects to this request as vague as Lynx has failed to define what it means by the term "source code".

*Id.* One reason Request No. 2 is unduly burdensome is because, as set forth in Declaration of Patrick Ghilani, which will be filed later today, there is a grave risk of irreparable harm to MRI associated with producing its complete source code.

14. Upon receiving Lynx's objection to MRI's objections, MRI agreed to meet and confer the very next day. Doc. #95, Movius Decl., ¶ 6. During the meet and confer, MRI expressed its concerns as to the highly proprietary nature of its source code, and asked Lynx to explain why it believed the source code to be relevant to any issue. *Id.* at ¶ 7.

15. Lynx's June 14 email set forth four issues to which it purported MRI's source code is relevant. *Id.* None of the foregoing four issues had previously been raised by Lynx.

16. In the parties' July 1, 2013 call, MRI explained that its source code was not relevant to the issues in the case, and again relayed MRI's grave concerns as to the risk of irreparable harm associated with its production. Mindful, however, of its obligation to work in good faith to resolve discovery disputes without the Court's involvement, MRI agreed to produce source code, provided Lynx would agree to suitable additional protections. *Id.* at ¶ 8.

17. As Mr. Movius' declaration admits, Lynx agreed to "consider a proposal by MRI for further protections." Movius Decl., ¶ 8. Thereafter, MRI emailed Lynx its proposed Source Code Addendum. *See* Doc. 95-6.

18. For one month after receiving the Source Code Addendum, Lynx provided no response whatsoever. When Lynx finally responded on August 23, 2013, it argued:

> "When we negotiated the existing protective order, it was entirely foreseeable, if not inevitable, that discovery in this case would require production of source code between the parties, and Lynx relied upon the negotiated protections in producing its own code to MRI. MRI therefore has not established that any modification to the existing stipulated protective order is warranted."

See Doc. # 95-7 (Exh. G to Movius Decl.)

19. The foregoing message greatly surprised MRI. Contrary to Mr. Movius' August 23 email, it was not "entirely foreseeable, if not inevitable" that the case would require production of source code. At the time the existing protective order was negotiated, Lynx had never raised the possibility of needing MRI's source code. As set out above, Lynx did not mention such a need in the parties' report of planning pursuant to Rule 26(f), in its initial disclosures, or in any document request it served before the Stipulated Protective Order was entered. Indeed, Lynx didn't request MRI's source code until nearly *a year* after this case was filed.

20. Mr. Movius' August 23 assertion that Lynx "relied upon the negotiated protections in producing its own code" is also specious. Lynx resisted providing its Customization files for nearly a year after MRI requested them, and finally did so only after MRI filed a motion to compel.

21. The most surprising aspect of Mr. Movius' August 23 email, however, was Lynx's reversal on its earlier commitment to "consider a proposal by MRI for further protections." Doc. # 95, Movius Decl., ¶ 8. Contrary to the parties' July 1 meet and confer, Mr. Movius' August 23 email made clear Lynx would not consider *any* proposal.

22. During a subsequent call, MRI reiterated its concerns as to production of its source code, and invited Lynx to identify the particular aspects of the Source Code Addendum Lynx found objectionable. Lynx reiterated the position set forth in Mr. Movius' August 23 email that it would not agree to *any* additional protections for MRI's source code beyond those set

forth in the existing Stipulated Protective Order, and Lynx did not plan to provide *any* comments on the Source Code Order.

23. Without any further communication with MRI on the subject of source code, Lynx filed its Motion to Compel.

24. In its Motion to Compel, Lynx asserts that MRI waived any objection on the basis of confidentiality by failing to move the Court for a protective order. Doc. # 96, at p. 5.

25. As set out above, MRI made good faith efforts to resolve the instant dispute. However, Lynx's refusal to consider the protections requested by MRI, and concomitant motion to compel MRI to produce its highly valuable source code without any of the protections uniformly afforded by courts to materials of such sensitivity, have necessitated MRI's Motion for Protective Order seeking entry of the Source Code Addendum.

Executed this 23rd day of September, 2013     By: _____
                                                  Georgia Yanghar

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, a true and correct copy of the foregoing was filed electronically with the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and parties may access this filing through the Court's System.

*/s/ Georgia E. Yanchar*
One of the Attorneys for Plaintiff

{02168674.DOCX;3 }