# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: MAXIM INTEGRATED PRODUCTS, INC. PATENT LITIGATION, MDL NO. 2354<br><br>This Document Relates to:  All Actions | Master Docket<br>Misc. No. 12-244<br>MDL No. 2354<br><br>CONTI, District Judge |

## SUPPLEMENTAL PROTECTIVE ORDER

Pursuant to Local Patent Rule 2.2, the Protective Order attached as Appendix LPR 2.2 to the Local Patent Rules ("the Protective Order") has been deemed entered in this action.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Patent Rule 2.2, the Court hereby enters the following Supplement to the Protective Order:

### Source Code

19.     To the extent that production of source code becomes necessary in this case, a producing party may, at its sole discretion, either (a) produce source code pursuant to the terms of Local Patent 2.2, or (b) produce source code pursuant to the following Alternative Source Code Procedure.

### Alternative Source Code Procedure

20.     A party may designate Confidential Attorney Eyes Only Information that includes confidential, proprietary or trade secret computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code") as "Confidential Attorney Eyes Only Information – Source Code." Information so designated will be afforded the same protections as "Confidential Attorney Eyes Only Information" and the following additional protections, unless the producing party and receiving party agree in writing otherwise:

(a)     "Source Code" may include all forms of digital computer instruction materials (in human readable form or otherwise), including, but not limited to, embedded applications implemented as firmware, software, hardware, or any combination thereof, software, programs, drivers, application program interfaces (APIs), source code, object code, compiled code, byte code, interpreted code, and any form of code stored in any digital storage medium, for example, read only memory (ROM), programmable ROM (PROM), erasable PROM (EPROM), electrically erasable (EEPROM), flash RAM, battery backed random access

-1-

memory (RAM) such as dynamic RAM (DRAM), Double-Data-Rate DRAM (DDRAM), and/or synchronous DRAM (SDRAM), and any form of programmable logic code, source code for logic compilers, and/or hardware description languages (HDL) for programming a configurable or reconfigurable digital circuit such as a programmable logic device (PLD), programmable logic array (PLA), field-programmable logic array (FPLA), and/or field-programmable gate array (FPGA). "Source Code" also may include source code written in any and all programming languages such as "C", "C++", "Java", assembly languages; command languages and shell languages. "Source Code" further includes all "header files," "make" files, project files, link files, scripts, live data (that is, data as it exists residing in a database or databases), and all embedded programmer notes and comments. "Source Code" does not include materials excerpted into other documents that are not themselves "Source Code" under this paragraph, such as User Guides, manuals, emails, or internal documentation.

(b)     Subject to paragraph 9 in the Protective Order, Confidential Attorney Eyes Only Information – Source Code may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (i) outside counsel for the receiving party; (ii) supporting personnel employed by outside counsel for the receiving party, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (iii) experts or consultants employed by outside counsel for the receiving party; and (iv) those individuals designated in paragraph 11(c) of the Protective Order;

(c)     Each party participating in the Alternative Source Code Procedure shall produce Source Code in one of the following four cities of its choosing: Silicon Valley (CA), Dallas (TX), New York (NY), or Pittsburgh (PA) (the "production site").

(d)     The parties agree that the parties producing source code pursuant to the Alternative Source Code Procedure ("producing parties") may impose the following restrictions:

(i)     Source Code shall be provided in its native format only on "stand-alone" computer(s) (that is, the "stand-alone" computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Nothing in this Protective Order shall require the producing party to provide executable code, and no electronic copies of Source Code may be made, except by the producing party as set forth herein. Under no circumstances shall the Source Code be compiled into executable code by the requesting party. At the sole discretion of the producing party, the production site may provide an attached printer to the standalone computer; alternatively, the stand-alone computer may be equipped to store print requests in a print folder. The receiving party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device, and may not take any form of recordable media or recordable device, including without limitation, sound

-2-

recorders, cellular telephones, peripheral equipment CDs, DVDs, camera, computer, computer storage device, or smart phone into the room in which the Source Code is inspected;

(ii)    At the request of the receiving party, software applications reasonably necessary to perform analysis of the produced Source Code will be installed on the standalone computer.

(iii)    No copies of all, or any portion of, the Source Code may leave the room in which the Source Code is inspected (or electronic copies be made) except as otherwise provided herein.  However, the receiving party's outside counsel and/or experts may take handwritten notes relating to the Source Code, but may not copy the source code into the notes in such a manner as to circumvent the source code protections herein;

(iv)    The receiving party shall be permitted to request, and receive within four (4) days, a reasonable number of printouts and photocopies of Source Code excerpts, all of which shall be designated and clearly labeled "Confidential Attorney Eyes Only Information – Source Code," provided that the producing party agrees that the excerpt is not unreasonably voluminous.

(e)    If the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code produced under the Alternative Source Code Procedure and stamped "Confidential Attorney Eyes Only Information – Source Code," the receiving party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a locked cabinet in a secured area in the offices of such outside counsel, consultants, or expert.  The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).  Any such paper copies shall be maintained at all times in a locked and secure location.  The receiving party shall not create any electronic or other images of the printouts or paper copies and shall not convert any of the information contained in the printouts or copies into any electronic format.  The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  In no event will the number of additional copies exceed three (3) without written approval from the producing party.  The receiving party shall notify the producing party when an additional copy is made and shall mark each page of any additional copy with the annotation "Copy x of y Copies." Any

paper copies used during a deposition must not be given to or left with a court reporter or any other individual in attendance;

(f)     A receiving party may include excerpts of Source Code produced under the Alternative Source Code Procedure and stamped "Confidential Attorney Eyes Only Information – Source Code, that relate to the technical features that are at issue in the case in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that such documents are appropriately designated under this order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Entire copies of a producing party's printed Source Code may not be used at the deposition, pleading, exhibit, expert report, discovery documents, deposition transcript, or other Court document. Source Code used as a deposition exhibit shall not be appended to the transcript. Instead, for any Source Code used as a deposition exhibit, the receiving party shall have the deponent, on the record, sign his or her name to each page of the original exhibit. The receiving party shall retain the original of any such exhibit and shall provide a copy of the signed original exhibit to the producing party; and

(g)     To the extent portions of Source Code produced under the Alternative Source Code Procedure and stamped "Confidential Attorney Eyes Only Information – Source Code" are quoted in another document, the party making the quotation must clearly designated the quoting document as containing Source Code and appropriately restrict access to the document.

## Licensing and Settlement Agreements

21.     To the extent that a producing party is required to produce a license or settlement agreement that is not for the patents-in-suit and that, under the provisions of the agreement, may only be disclosed to outside counsel, the producing party may designate the agreement as "Confidential Attorney Eyes Only Information -- Settlement Agreement." Documents labeled as "Confidential Attorney Eyes Only -- Settlement Agreement" may not be disclosed to inside counsel; such documents may be disclosed pursuant to paragraph 8(b)-(e) of the Protective Order.

## Miscellaneous

22.     [Intentionally left blank].

23. Except as set out below, the party receiving the following documents may share them with outside counsel for all parties in MDL No. 2354 regardless of whether the documents contain information designated with any level of confidentiality under the Protective Order. These documents can then be provided to experts as needed but will not be provided to in-house counsel.

1. Documents filed with the Court.
2. Documents sent or otherwise submitted to the Court that are not filed (e.g. letters sent to Chambers but not filed), to the extent not inconsistent with Chambers' Rules (i.e., excluding settlement position papers and documents for in camera inspection).
3. Disclosures mandated by the Local Patent Rules (for example, infringement contentions, expert reports concerning infringement, validity, and damages).

In the event that a party designates highly-sensitive confidential information or documents or material described by Nos. 1-3 above as "Party-Specific Material," this provision does not apply and the receiving party may not share the information, documents, or materials with outside counsel for other parties in MDL No. 2354 (unless allowed by other Court Order).

SO ORDERED.


Dated:  March 28, 2013

BY THE COURT:


/s/ Joy Flowers Conti
Judge Joy Flowers Conti
United States District Judge


Cc:  All Counsel of Record

-5-