# Exhibit B

## Movius, David

| | |
|---|---|
| **From:** | Cavanagh, Matthew J. |
| **Sent:** | Friday, July 06, 2012 12:52 PM |
| **To:** | 'Yanchar, Georgia' |
| **Cc:** | McMullen, Dan; Movius, David; 'jmclandrich@mrrlaw.com' |
| **Subject:** | RE: MRI v. Lynx: stipulated protective order |

Thanks, Georgia. You have permission to sign for me.

--Matt

---

**Matthew J. Cavanagh**
Attorney

T: 216.348.5730
F: 216.348.5474
mcavanagh@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114



Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach

**From:** Yanchar, Georgia [mailto:GYanchar@Calfee.com]
**Sent:** Friday, July 06, 2012 12:33 PM
**To:** Cavanagh, Matthew J.
**Cc:** McMullen, Dan; Movius, David; 'jmclandrich@mrrlaw.com'
**Subject:** RE: MRI v. Lynx: stipulated protective order

Dear Matt,

Thank you.  We are in agreement as to the order with the changes proposed in the draft attached to your message below.  Please confirm we have your consent to add your signature and file the order with your changes.

Kind regards,

Georgia

**Georgia E. Yanchar**
*Attorney At Law*
gyanchar@calfee.com
216.622.8233 **Phone**
216.241.0816 **Fax**

Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607



V-card | www.calfee.com



IRS CIRCULAR 230 DISCLOSURE: Nothing contained herein or in any attachment hereto is intended to be used, or can be used, to avoid penalties imposed under the Internal Revenue Code
This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter &; Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Cavanagh, Matthew J. [mailto:mcavanagh@mcdonaldhopkins.com]
**Sent:** Friday, July 06, 2012 11:57 AM
**To:** Yanchar, Georgia
**Cc:** McMullen, Dan; Movius, David; 'jmclandrich@mrrlaw.com'
**Subject:** RE: MRI v. Lynx: stipulated protective order

Georgia:

The parties agree there is a need for their internal personnel to have information and freely flowing advice from outside counsel. The problem with MRI's proposal is that MRI has in-house counsel, but – due to disparate finances – Lynx does not. Thus, accepting MRI's proposal would put the parties on unequal footing to Lynx's disadvantage. To bridge this gap, Lynx proposes adding the following paragraph to the order:

"Nothing in this Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents protected under this Order; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions of this Order."

Under this proposal, outside counsel may give AEO-based advice, but may not disclose the specific AEO information. Neither MRI's in-house attorneys nor Lynx's personnel should need the actual, specific AEO information (such as specific customer names and exact sales figures) to make informed decisions and to meaningfully assist in the litigation. Thus, adding this paragraph resolves both parties' concerns by placing them on equal footing while assuring that MRI's in-house attorneys can still manage the case.

If MRI accepts this proposal, Lynx will agree to accept MRI's proposed changes to the expert disclosure paragraph with the redlined addition shown in the attachment. The additional language requires that any objection be made in good faith, a change that only further addresses MRI's concern.

Let us know if MRI approves of the attached proposal.

Thanks,
Matt

**From:** Yanchar, Georgia [mailto:GYanchar@Calfee.com]
**Sent:** Tuesday, July 03, 2012 4:47 PM
**To:** Cavanagh, Matthew J.
**Cc:** Movius, David; 'jmclandrich@mrrlaw.com'; McMullen, Dan
**Subject:** RE: MRI v. Lynx: stipulated protective order

Dear Matt,

Thanks for your message.  Unfortunately, we cannot agree to your proposed language in paragraph 7(b)(1).  As originally proposed by Lynx, Attorneys Eyes Only information could not be viewed by all attorneys on the case, because disclosure to in house attorneys was prohibited.  Thus, per your draft, the attorney for MRI with ultimate responsibility for this litigation, MRI's General Counsel, was prohibited access to attorneys eyes only information.  Therefore, in our June 29 draft, we proposed to permit one in house counsel for each party access to attorneys eyes only information.  In your most recent revision, you proposed that a non-attorney for each party be permitted access to attorneys eyes only information.  As surely you can appreciate, and with all respect to your client, non-attorneys are not subject to the same

ethical obligations and rules of professional conduct as attorneys.   Moreover, the very purpose of the attorneys eyes only designation is to prevent non-attorney business decision makers access to sensitive competitive information.  For example, it would be very detrimental to MRI's business if a business person for Lynx had access to highly sensitive information such as MRI's client list, as requested by Mr. McLandrich just yesterday.  Nor is there any litigation need for such access.  Thus, as reflected in the attached redline, MRI cannot agree to allow a non-attorney for Lynx to access information designated by MRI as attorneys eyes only.

We also disagree with your position as to paragraph 7(b)(2).  Your proposed language essentially allows either party unfettered veto power as to the other party's choice of expert.  While we disagree that disclosure or preapproval of independent experts or consultants is necessary or proper, we are willing to compromise to address your concern that MRI could potentially disclose Lynx's attorneys eyes only information to a Lynx competitor.  Our proposed compromise language is set forth in the attached redline.

We trust we can work through these two remaining issues and finalize the order.

Kind regards,

Georgia


**Georgia E. Yanchar**
*Attorney At Law*
gyanchar@calfee.com
216.622.8233 **Phone**
216.241.0816 **Fax**

Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607



V-card | www.calfee.com

**IRS CIRCULAR 230 DISCLOSURE: Nothing contained herein or in any attachment hereto is intended to be used, or can be used, to avoid penalties imposed under the Internal Revenue Code**
This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter &; Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Cavanagh, Matthew J. [mailto:mcavanagh@mcdonaldhopkins.com]
**Sent:** Monday, July 02, 2012 12:57 PM
**To:** Yanchar, Georgia
**Cc:** Movius, David; 'jmclandrich@mrrlaw.com'; McMullen, Dan
**Subject:** RE: MRI v. Lynx: stipulated protective order

Georgia:

We understand MRI's desire to have someone in-house review AEO documents to help with the prosecution of the case. We, therefore, are not opposed to the addition that you propose that would allow MRI's in-house counsel to review AEO materials as long as Lynx has an equal opportunity to have an in-house person review AEO materials. Thus, we propose revising paragraph 7 as shown in the attached redline.

As to the proposed changes to the Independent Expert paragraph, Lynx agrees to expanding scope to "consultants" and "investigators" with the proposed revisions making clear that such persons are independent and specially retained for this litigation. Lynx, however, cannot agree to remove the language requiring both parties to identify proposed consultants, experts, or investigators prior to showing them AEO materials. Lynx expects to be disclosing very sensitive customer and sales information that would threaten Lynx's business if it were in a competitor's hands. Lynx, therefore, needs the disclosure requirement to ensure that a competitor (or potential competitor) is not retained by MRI and then allowed to view Lynx's AEO materials. Standard protective orders adopted by other courts, including the Northern District of Illinois and the Northern District of California, have this disclosure requirement.

Please let us know if you approve of the attached order.

Thanks,
Matt

---

**From:** Yanchar, Georgia [mailto:GYanchar@Calfee.com]
**Sent:** Friday, June 29, 2012 4:25 PM
**To:** Cavanagh, Matthew J.
**Cc:** Movius, David; 'jmclandrich@mrrlaw.com'; McMullen, Dan
**Subject:** RE: MRI v. Lynx: stipulated protective order

Dear Matt,

Thanks for your revisions.  We do not object to adding an AEO designation or the changes you made regarding filing documents under seal.  However, the limitations as to use of AEO materials are, in our view, overly restrictive.  Our proposed revisions are shown in the attached redline.

Kind regards,

Georgia


**Georgia E. Yanchar**
*Attorney At Law*
gyanchar@calfee.com
216.622.8233 **Phone**
216.241.0816 **Fax**

Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607



V-card | www.calfee.com

IRS CIRCULAR 230 DISCLOSURE: Nothing contained herein or in any attachment hereto is intended to be used, or can be used, to avoid penalties imposed under the Internal Revenue Code
This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter &; Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Cavanagh, Matthew J. [mailto:mcavanagh@mcdonaldhopkins.com]
**Sent:** Wednesday, June 27, 2012 5:05 PM
**To:** Yanchar, Georgia
**Cc:** Movius, David; 'jmclandrich@mrrlaw.com'; McMullen, Dan
**Subject:** MRI v. Lynx: stipulated protective order

Georgia:

Attached is a clean copy and redline of changes Lynx proposes to the order that you e-mailed for review. As you will see, Lynx mainly proposes two substantive changes: (1) adding an AEO designation, which is necessary to protect the highly confidential, sensitive, and competitive information that will be exchanged by the parties; and (2) simplifying the process for filing documents electronically under seal.

Let us know your thoughts.

Thanks,
Matt

| | |
|---|---|
| **Matthew J. Cavanagh**<br>Attorney | T: 216.348.5730<br>F: 216.348.5474<br>mcavanagh@mcdonaldhopkins.com<br>www.mcdonaldhopkins.com |
|  | 600 Superior Avenue East<br>Suite 2100<br>Cleveland, OH 44114 |

Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach

IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments), was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter addressed herein.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.