UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE LLC, | ) CASE NO.: 1:12-CV-01082 |
| Plaintiff, | ) |
| vs. | ) JUDGE CHRISTOPHER A. BOYKO |
| LYNX SYSTEMS, INC., | ) |
| and | ) |
| DONALD ROBINSON, | ) |
| Defendants. | ) |

**MRI'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO LYNX's MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT UNDER RULE 12(B)(6)**

Plaintiff, MRI Software LLC ("MRI") respectfully requests leave to file, *instanter,* the attached 5-page sur-reply in further opposition to Defendant, Lynx Systems, Inc.'s ("Lynx's"), Motion to Partially Dismiss MRI Software LLC's Amended Complaint Under Rule 12(B)(6) ("Motion to Partially Dismiss").

Good cause for this motion exists. Lynx's Reply Memorandum in Support of its Motion to Partially Dismiss ("Reply") sets forth an entirely *new position*. In its original Memorandum in Support of its Motion to Partially Dismiss, Lynx argued that MRI's claims are untimely under Section 10.7 of the 2002 Agreement "because **_MRI_** knew or should have known of the alleged events given rise to its claim at that time." Doc. # 97, at p. 7 (emphasis added). In its Reply, Lynx performs a complete about-face and argues that "Section 10.7... is *only* reasonably susceptible to one interpretation," namely, "that MRI had one year from the time **_Lynx_** knew *Lynx* was breaching the 2002 Agreement to sue *Lynx* for breach of the 2002 Agreement." Doc. # 114, Lynx's Reply Memorandum at 5 (first emphasis in added, quoting MRI's Opposition). In

{02236947.DOC;1}

short, in the span of sixty days, Lynx apparently changed its mind as to what "trigger" starts the 1-year clock under Section 10.7 that Lynx (incorrectly) contends bars MRI's claims.  MRI respectfully requests the opportunity to respond to Lynx's *new* position and explain why accepting its contention as to that trigger would yield an absurd and unconscionable result.

In addition to the ambiguity of Section 10.7, MRI's Memorandum in Opposition set forth numerous additional bases for denying Lynx's motion to dismiss. In response, Lynx attached to its Reply two new documents, which were not attached to the Complaint, and raised several new arguments.  While MRI disagrees with Lynx's responses to MRI's arguments and attachment of documents outside the pleadings, MRI's proposed sur-reply is limited to addressing Lynx's new position as to the trigger for the 1-year limitation.

For the foregoing reasons, MRI respectfully requests leave to file the attached proposed sur-reply, *instanter*.

November 14, 2013

Respectfully submitted,

By:  /s/ *Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
Mark W. McDougall (Ohio Bar No. 0080698)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:dmcmullen@calfee.com
gyanchar@calfee.com

Attorneys for Plaintiff MRI Software LLC

2

{02236947.DOC;1}

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Georgia Yanchar*
One of the Attorneys for Plaintiff
