# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO. 1:12-cv-01082-CAB |
| Plaintiff, | ) ) | JUDGE Christopher A. Boyko |
| v. | ) ) | JURY TRIAL DEMANDED |
| LYNX SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) ) | |

## MRI SOFTWARE, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, MRI Software, LLC ("MRI" or "Plaintiff"), submits the following interrogatories to Defendant pursuant to Rule 33 of the Federal Rules of Civil Procedure and requests that Defendant answers them in writing, under oath, within 30 days of service hereof or on such other date as may be agreed upon by the Parties or ordered by the Court.

## DEFINITIONS AND INSTRUCTIONS

(A) *Definitions.* The following definitions apply to the discovery requests set forth below:

(1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). The term "document" shall include electronically stored information as defined in Federal Rules

{01527919.DOC;3 }    1

of Civil Procedure 26 and 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(3) *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, (a) the person's full name, (b) present or last known address, and (c) when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

(4) *Identify (With Respect to Documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

(5) *Parties.* The term "MRI" means Plaintiff MRI Software, LLC. The term "Lynx" means Defendant Lynx Systems, Inc. The terms "Plaintiff" and "Defendant" as well as a party's full name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. Where applicable, the term "MRI" includes MRI's predecessors in interest, including specifically Intuit Inc. d/b/a/ Intuit Real Estate Solutions. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) *Person.* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) *Concerning.* The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(8) *2002 Agreement.* The term "2002 Agreement" means the MRI Product Sub-Licenso and Service Provider Agreement dated August 2002.

(9) *MRI.* The term "MRI" means MRI Software, LLC and its predecessors in interest.

(10) *MRI Software.* The term "MRI Software" means the computer software (including all object code, source code, documentation and related files and materials, embodied in any medium) created and/or offered by MRI, and all authorized modifications thereof.

(11) *MRI Related Services.* The term "MRI Related Services" means services relating to the MRI Software or use of the MRI Software including installation assistance, implementation, training, data entry and conversion, database customization, report generation and customization, project management, preparation of user manuals and training guides, third party software integration, Customizations (as defined below) and similar activities.

(12) *Lynx MRI Customer.* The term "Lynx MRI Customer" means any Lynx customer for whom Lynx has provided any MRI Related Services.

(13) *Customization.* The term "Customization" means any modification to the MRI Software, or any reports or interfaces within the MRI Software, which are not effected through source code changes, including without limitation, any modifications made using the MRI Application Tool Kit.

(14) *Enhancement.* The term "Enhancement" means new releases, upgrades, updates, patches, hot fixes and other modifications to the MRI Software, which are effected through source code changes.

(B) *Rules of Construction.* The following rules of construction apply to all discovery requests set forth below:

(1) *All/Each.* The terms "all" and "each" shall be construed as "all and each."

(2) *And/Or.* The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) *Number.* The use of the singular form of any word includes the plural and vice versa.

(C) *Instructions.* The following other instructions apply to the discovery requests set forth below:

(1) *Inability to Respond.* When, after a reasonable and thorough investigation using due diligence, you are unable to answer any discovery request set forth below, or some part thereof, because of lack of information available to you, specify, in full and complete detail, the reason the information is not available to you and what has been done to locate such information. In addition, specify what knowledge you do have concerning the unanswered portion of the discovery request and set forth the facts upon which such knowledge is based.

(2) *Privilege.* If you claim any form of privilege, whether based on statute or otherwise, as a ground for not providing information in response to a discovery request set forth below: (i) identify the nature of the privilege being claimed; (ii) for each document for which a privilege is claimed, state the type of document, the general subject matter of the document, the date of the document and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author,

addressee, and any other recipient to each other; and (iii) for each oral communication for which a privilege is claimed, state the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication, the date of the communication, and the general subject matter of the communication.

(3)     *Comprehensiveness of Response.*  When a discovery request does not request a specific fact, but a specific fact or facts are necessary to make the answer to the request either comprehensible, complete or not misleading, you are requested to include such fact or facts as part of the answer and the request shall be deemed specifically to request such fact or facts.

(4)     *Production of Documents in Lieu of Response.*  When a request seeks information that is contained in documents in your possession, you may respond to the request by simply identifying the documents containing the information and attaching a copy of those documents to your response or referring to them by Bates Number. It will not be acceptable to answer a request by reference to documents that have not been provided to counsel for Plaintiff.

(5)     *Production of Electronically Stored Information.*  With respect to electronically stored information, Defendant shall produce all electronically stored information in native format, with all metadata associated with said information preserved.

(6)     *Confidentiality.*  With respect to any document or answer which Defendant contends is subject to a confidentiality agreement, and thus not available for disclosure without the prior consent of the other entity to such agreement, state (i) the name of the entity with whom such an agreement has been made, (ii) the name and address of the

author(s) and the addressee(s), (iii) the date, (iv) the general subject matter, (v) the name and address of every recipient of the original or any copy of the documents, (vi) the name and address of each person or entity who now has the original or any copy and (vii) the identification and location of the files where the original and each copy are normally kept. Further, to the extent Defendant has not received such consent prior to the time in which such documents or information would otherwise be required to be produced, Defendant is instructed (i) initially to produce at least redacted forms of such documents to the extent such redacted forms have already been publicly disclosed, (ii) to identify each of the companies that have not given consent and describe the document they will not waive confidentiality as to, (iii) to produce, when such consent has been provided, complete and unredacted copies of the documents at issue, and (iv) to the extent such consent has been denied, promptly inform Defendant of such denial.

## INTERROGATORIES

1. Identify which reports in the MRI Report Library and which products in the Product List-MRI, advertised at www.lynxsystemsinc.com, were generated using the MRI Software, and identify all dates on which each such report or product was created, copied, distributed, and/or displayed by Lynx.

2. Describe each instance in which Lynx, or anyone acting on Lynx's behalf, accessed the myMRI Client Portal, and for each such instance, set forth the basis for any purported authority pursuant to which Lynx accessed the myMRI Client Portal, and describe all content and materials accessed, used, shared or downloaded in connection with such access.

3. Identify all MRI Software (including Enhancements) that has ever been in Lynx's possession or made available to Lynx, including all products, modules, versions, release numbers, service packs and other identifiers, and describe how such software came to be in Lynx's possession or available to Lynx.

4. Identify all Lynx MRI Customers and describe the MRI Related Services provided to each such customer, including specifically whether Lynx provided any Customizations or Enhancements to such customer, and if so, how and when such Customizations or Enhancements were provided.

5. Describe the structure and organization of Lynx and its departments, divisions, business units, including an identification of each person who has been involved in the provision of any MRI Related Services over the past three (3) years and a description of each such person's role.

| | |
|---|---|
| Date: June 20, 2012 | /s/ Georgia Yanchar |
| | Daniel McMullen (Ohio Bar No. 0034380) |
| | Georgia Yanchar (Ohio Bar No. 0071458) |
| | CALFEE, HALTER & GRISWOLD LLP |
| | The Calfee Building |
| | 1405 East Sixth Street |
| | Cleveland, Ohio 44114-1607 |
| | Tel: (216) 622-8200 |
| | Fax: (216) 241-0816 |
| | dmcmullen@calfee.com |
| | gyanchar@calfee.com |
| | |
| | Attorneys for Plaintiff MRI Software, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2012, I caused the foregoing **MRI SOFTWARE, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT** to be served on the below-listed counsel of record by hand:

>David T. Movius
>Matthew J. Cavanaugh
>MCDONALD HOPKINS LLC
>600 Superior Ave., East, Suite 2100
>Cleveland, OH 44114
>
>John T. McLandrich
>MAZANEC, RASKIN & RYDER CO., LPA
>100 Franklin's Row
>34305 Solon Road
>Cleveland, OH 44139
>
>*Attorneys for Defendant Lynx Systems, Inc.*

>/s/ Georgia Yanchar
>One of the Attorneys for Plaintiff MRI
>Software LLC