# Exhibit D



gyanchar@calfee.com
216.622.8233 Direct

Calfee, Halter & Griswold LLP
*Attorneys at Law*

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 Phone
*calfee.com*

July 26, 2013

**VIA EMAIL AND U.S. MAIL**
David T. Movius
McDonald Hopkins LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114-2653

Re: *MRI Software, LLC v. Lynx Systems, Inc.*
US District Court, Northern District of Ohio Case No. 1:12 cv 1082

Dear David:

I write regarding deficiencies in Lynx's responses to MRI's Fifth Set of Interrogatories and Document Requests.

## Fifth Set of Interrogatories

Interrogatory No. 15: This interrogatory asks Lynx to state the Bates Number(s) range for each PSO Number identified in the Sales by Summary Spreadsheet. In response, Lynx first "answers that certain PSOs were produced to MRI without Bates numbering, so Lynx cannot identify a range for those PSOs." We assume Lynx is referring to the 67-page group of PSOs John McLandrich emailed me on December 6, 2012. Please let me know if you believe Lynx produced any other PSOs without Bates numbers. As to the foregoing set, only Lynx knows which document it was referring to when it created each entry in the Sales by Summary Spreadsheet. Please let us know if Lynx would be willing to re-produce the December 6, 2012 set of PSOs with Bates numbers, and provide the information requested in this interrogatory.

In further response, Lynx answers "[f]or the PSOs produced with Bates numbering, MRI already is in possession of much of the requested information, as demonstrated by the annotated copy of the "Sales by Summary" spreadsheet attached to the April 25, 2013, email from Georgia Yanchar, Esq., to John McLandrich, Esq." From this, we understand Lynx agrees with the PSO/Bates Number correlations in my 4/23/13 email attachment. If we do not hear otherwise from you, we will proceed with this understanding.

In further response, Lynx repeats the information John McLandrich provided to me in his May 20 email, which correlates 12 PSOs to Bates ranges.

{02076051.DOC;1 }

Cleveland | Columbus | Cincinnati

Calfee, Halter & Griswold LLP

David Movius
July 26, 2013
Page 2

With respect to identification of Bates ranges for any other PSOs, Lynx objects to this interrogatory as unduly burdensome "because it calls for Lynx to prepare a compilation, abstract, audit or summary from documents that already have been produced by Lynx to MRI such that the information sought in this request is equally available to MRI as it is to Lynx.." We disagree. When Lynx created the Sales by Summary Spreadsheet (in response to MRI's Interrogatory Number 4), it ascribed a "PSO Number" to certain summarized services, presumably by looking at certain documents bearing such a number. Lynx's PSO numbering system is information exclusively in Lynx's possession, and only Lynx knows which PSO it was referring to when it made each entry on the Sales by Summary Spreadsheet. As such, it is infinitely easier for Lynx to correlate PSO Numbers to Bates numbers than it is for MRI to do so. Indeed, MRI has no reliable way to know which document the person who wrote the Sales by Summary Spreadsheet was looking at when he or she created the Sales by Summary Spreadsheet. Moreover, it is not always clear what any given "PSO Number" is. For example, in many instances, the file name does not match the PSO Number on the face of the document. In sum, the information sought in Interrogatory No. 15 is exclusively in Lynx's possession, is needed to fully understand Lynx's response to Interrogatory No. 4 (i.e., Lynx's descriptions of the MRI Related Services provided to its customers), is relevant to many of MRI's claims, and will help to streamline depositions.

On a related topic, by our count, Lynx included 2077 entries in its Sales by Summary Spreadsheet. Lynx set forth a "PSO Number" next to 562 of the entries, although the same PSO Number often appears in multiple rows, decreasing the total quantity of PSOs. We understand from Mr. Robinson's deposition testimony that a PSO is generated when a client requests a quote for services. (Dep. Tr. at pp. 44-45.) We therefore understand that, as to the approximately 75% of the entries in the Sales by Summary spreadsheet for which no PSO Number is listed, no quote was requested by Lynx's customer, and thus, no PSO exists. Please confirm our understanding of the foregoing is correct.

To summarize the information we have, and the information we continue to request, as to the 562 entries for which Lynx listed a PSO Number in the Sales by Summary Spreadsheet, based on Lynx's response to Interrogatory Number 15 so far, we can correlate a Bates Number to only 245 "PSO Numbers." Please let us know whether the PSOs corresponding to the remaining 317 entries been produced. If they have been produced, please tell us which Bates numbers correspond to these PSO Numbers, as requested in Interrogatory No. 15. Finally, we would like to understand whether Lynx produced any PSOs, which are not referenced in the Sales by Summary Spreadsheet.

Interrogatory No. 16: As to each Customization or Enhancement referenced in the Sales By Summary Spreadsheet, this interrogatory requests Lynx to identify (by Bates Number or file name) the corresponding file(s) produced by Lynx in response to MRI's Document Request No. 10. Lynx provided no information in response to this Interrogatory. Instead, as with Interrogatory No. 15, Lynx objects that "this Interrogatory calls for Lynx to prepare a compilation, abstract, audit or summary from documents that already have been produced by

{02076051.DOC;1 }

Calfee, Halter & Griswold LLP

David Movius
July 26, 2013
Page 3

Lynx to MRI such that the information sought in this request is equally available to MRI as it is to Lynx." That is not so. This interrogatory simply asks Lynx to identify the Bates Numbers of documents previously summarized by Lynx in response to Interrogatory No 4, the Sales by Summary Spreadsheet. As an example, in the Sales by Summary Spreadsheet, Lynx states that in March 2010, it provided "Recurring Charges for Corporate AR" to Knightstone Capital. An entry of $1,800 appears in the "Lynx App" column. Mr. Robinson testified that an entry in "Lynx App" means Lynx distributed one of the Customizations formerly identified by Lynx as a "Lynx Product-MRI." (Dep. Tr. at p. 41.) Interrogatory No. 16 simply asks Lynx to tell MRI the file name corresponding to the file distributed to Knightstone at that time. Lynx named the files, and its file naming system is information exclusively in Lynx's possession. Thus, it is infinitely easier for Lynx to make this correlation than it is for MRI to do so.

In sum, the information sought in Interrogatory No. 16 is exclusively in Lynx's possession, is necessary to fully understanding Lynx's response to Interrogatory No. 4 ( i.e., Lynx's descriptions of the MRI Related Services provided to its customers), is relevant to many of MRI's claims, and will help to streamline depositions. Please let me know if Lynx will supplement its response with the requested information.

Interrogatory No. 17: As to each Customization or Enhancement produced by Lynx in response to MRI's document requests, this Interrogatory asks Lynx to identify the date on which the file was created, the version of MRI Software used to create it, and the identity of the individual who created it. Lynx's response fails to identify which specific version was used to create any of the files, or where such information can be found. As to the .izc files, Lynx states the following:

> Each .izc file, which can be mounted and viewed in a normal Windows computing environment using free, publicly-available tools, includes multiple sub-files in ASCII text-accessible formats that include specific information regarding the particular customizations.

The forgoing statement appears to be entirely nonresponsive to Interrogatory No. 17. It fails to state the date on which any .izc file was crated, the version of the MRI Software used to create it, or the identity of the person who created it. Nor does Lynx's response direct MRI to the location of any such information. Please supplement Lynx's response with the responsive information.

Interrogatory No. 19: As to each Customization file produced by Lynx, this interrogatory asks Lynx to state whether Lynx contends it was authorized to create the Customization file, and identify by Bates Number all documents that support or refute Lynx's contention. In its response, Lynx contends that its creation of all Customization files was authorized, but fails to identify a single document to support its contention. MRI is entitled to know, *now*, which documents Lynx intends to rely upon in support of its defense that it was authorized to create the Customizations in issue. Please let us know if Lynx will supplement its response, or whether Lynx intends to stand on its objections.

{02076051.DOC;1 }

Calfee, Halter & Griswold LLP

David Movius
July 26, 2013
Page 4

Interrogatory No. 20: This interrogatory asks Lynx to identify by Bates Number documents shared by Lynx in performing instances of training" referenced in the Sales by Summary Spreadsheet. Lynx has not identified any responsive documents. However, in numerous instances in the Sales by Summary Spreadsheet, "training" appears in the "Description" column. According to PSOs produced by Lynx, when Lynx provides "training" it provides training or session materials to MRI-Lynx Clients in electronic format, for the client to print, collate and distribute to attendees. As stated in MRI's response to Lynx's Interrogatory No. 8, MRI contends that such training or session materials are copies, in whole or in part, of Copyrighted Works, or derivative works thereof. Lynx is solely in possession of knowledge as to which training materials it distributed on the dates set forth in Lynx's Sales by Summary Spreadsheet. There is no basis for Lynx to withhold this information from MRI. Please let me know if Lynx will supplement this response with the responsive information.

Interrogatory No. 21: This interrogatory asks Lynx to describe the circumstances of the termination of Judith Gross, and provide her last known contact information. Lynx has objected to this interrogatory on the basis of relevance. However, Lynx's July 20 response to MRI's Interrogatory No. 5 states Judith Gross was employed as a Client Manager during the relevant period of this case, and was terminated by Lynx in January 2011. Lynx's response further states that the team, of which Ms. Gross was a part, provides hotline support, training services, system assessments and general problem solving assistance to MRI Lynx clients. As such, Ms. Gross is highly likely to possess relevant information. Please let me know if Lynx will provide the responsive information in its possession.

## Lynx's Responses to MRI's Fifth Set of Document Requests

Production Request No. 33: This requests seeks all written communications between MRI and Lynx before the date of the Complaint in this action. Refusing to produce any responsive documents, Lynx has objected to this request as overly broad, burdensome and not calculated to lead to admissible evidence. These objections are not supportable. In defense to many of MRI's claims, Lynx has argued that the 2002 Agreement was modified by MRI and Lynx, and that MRI authorized Lynx's complained of conduct. Written communications between MRI and Lynx are highly likely to lead to discovery of admissible evidence, which may either support or refute Lynx's defenses. Moreover, there is no reason to expect such communications to be so voluminous that it is unduly burdensome for Lynx to produce them. Indeed, Lynx has made similarly broad requests of MRI. *See e.g.*, Lynx Doc. Request Nos. 11, 18 and 19. Please let me know if Lynx will produce the responsive documents.

Request Nos. 34-36: Based on our recent email correspondence, we understand that, to the extent Lynx has any responsive documents that have not already been produced, we will receive them by August 22. Please let us know if this is not the case.

{02076051.DOC;1 }

Calfee, Halter & Griswold LLP

David Movius
July 26, 2013
Page 5

Very truly yours,

/s/ Georgia Yanchar

Georgia Yanchar

cc (via email): John T. McLandrich
               Tami Hannon
               Daniel J. McMullen

{02076051.DOC;1 }

Calfee, Halter & Griswold LLP