# Exhibit E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO. 1:12-cv-01082-CAB |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| LYNX SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

## LYNX SYSTEMS, INC.'S ANSWERS AND OBJECTIONS TO MRI SOFTWARE, LLC'S FIFTH SET OF INTERROGATORIES

Lynx Systems, Inc. ("Lynx"), for its answers and objections to MRI Software, LLC's ("MRI") Fifth Set of Interrogatories ("Interrogatories"), responds as follows:

### GENERAL OBJECTIONS

Lynx incorporates by reference its prior objections to the Definitions and Instructions Set forth in response to the prior interrogatories propounded on it by Lynx. Subject to and without waiving the foregoing, Lynx responds to the Interrogatories as follows:

### INTERROGATORIES

**Interrogatory No. 15**: State the Bates Number(s) range for each PSO Number identified in the Sales by Summary Spreadsheet.

**Answer**: Lynx objects to this Interrogatory because it contains multiple subparts, each of which constitutes a separate interrogatory such that MRI has exceeded the number of interrogatories permitted for this case. As propounded, this Interrogatory

DOCKETED
JUN 28 2013
JAR

PLEASE DOCKET FOR J. NASH
RETURN TO Nash
CLIENT # 34771  MATTER # 24001

embodies distinct interrogatories for each PSO identified by Lynx in the "Sales by Summary" spreadsheet, each of which constitutes a separate subpart. Subject to and without waiving the foregoing and its General Objections, Lynx answers that certain PSOs were produced to MRI without Bates numbering, so Lynx cannot identify a range for those PSOs. For the PSOs produced with Bates numbering, MRI already is in possession of much of the requested information, as demonstrated by the annotated copy of the "Sales by Summary" spreadsheet attached to the April 25, 2013, email from Georgia Yanchar, Esq., to John McLandrich, Esq. Further responding, Lynx previously identified the following PSOs by Bates ranges to MRI:

| PSO | Bates Range |
|---|---|
| 02-IPA-09 | 526-529 |
| 03-IPA-09 | 573-576 |
| 03-Place-10 | 584-588 |
| 02-Realty Mortgage-10 | 548-551 |
| 02-Place-10 | 584-588 |
| 36-Mac-10 | 779-782 |
| 01-Draper-10 | 493-496 |
| 08-Place-10 | 668-671 |
| 03-High-10 Training/DBA | 567-572 |
| 10-Metro-10 Enhance RGI | 676-679 |
| 12-Mars-10 | 695 |
| 03-TCHC-10 | 594-597 |

*See* May 20, 2013, email from John McLandrich, Esq., to Georgia Yanchar, Esq. With respect to identification of Bates ranges for any other PSOs, Lynx objects to this Interrogatory as unduly burdensome because it calls for Lynx to prepare a compilation, abstract, audit or summary from documents that already have been produced by Lynx to MRI such that the information sought in this request is equally available to MRI as it is to Lynx.

{4365987:}                                              2

**Interrogatory No. 16**: As to each Customization or Enhancement referenced in the Sales By Summary Spreadsheet, identify (by Bates Number or file name) the corresponding file(s) produced by Lynx in response to MRI's Document Request No. 10.

**Answer**: Lynx objects to this Interrogatory as vague, ambiguous and misleading as the "Sales By Summary" spreadsheet does not reference any "Enhancement" as that term has been defined by MRI for purposes of this Interrogatory. Lynx further objects to this Interrogatory because it contains multiple subparts, each of which constitutes a separate interrogatory such that MRI has exceeded the number of interrogatories permitted for this case. As propounded, this Interrogatory embodies distinct interrogatories for each "Customization" and "Enhancement," each of which constitutes a separate subpart. Lynx further objects to this Interrogatory as unduly burdensome because the files at issue were produced by Lynx as they are maintained in the ordinary course of its business and this Interrogatory calls for Lynx to prepare a compilation, abstract, audit or summary from documents that already have been produced by Lynx to MRI such that the information sought in this request is equally available to MRI as it is to Lynx.

**Interrogatory No. 17**: As to each Customization or Enhancement produced by Lynx in response to MRI's document requests, identify the date on which the file was created, the version of MRI Software used to create it, and the identity of the individual who created it. To the extent the responsive information is contained in the

{4365987:} 3

Customization files themselves, or in already, or that will be, produced by Lynx, please respond by identifying with specificity the location of the responsive information.

**Answer:** Lynx objects to this Interrogatory because it contains multiple subparts, each of which constitutes a separate interrogatory such that MRI has exceeded the number of interrogatories permitted for this case. As propounded, this Interrogatory embodies distinct interrogatories for each "Customization" and "Enhancement," and distinct interrogatories with respect to "the date on which the file was created," "the version of MRI Software used to create it," "the identity of the individual who created it" and the location of any responsive information already produced. Lynx further objects to this Interrogatory as unduly burdensome because it calls for Lynx to prepare a compilation, abstract, audit or summary from already, or that will be, produced by Lynx to MRI such that the information sought in this request is equally available to MRI as it is to Lynx. Subject to, and without waiving, the foregoing or its General Objections, Lynx answers that it has not produced any "Enhancements" in response to MRI's document requests as that term has been defined by MRI for purposes of this Interrogatory. For Customizations, Lynx previously identified the date on which certain Customizations were produced in response to MRI's Interrogatory No. 1, its response to which is incorporated herein by reference. Further responding, Lynx answers that, if a Customization is in the format of an .mdb file, it was produced using, or for use with, a version of the MRI Software prior to Version 4.0, and if a Customization is in the format of an .icz file, it was produced using, or for

use with, version 4.0 or later versions of the MRI Software. Most or all of the native .mdb files previously produced by Lynx include a detailed history under "Change_Log" that identifies detailed information regarding the development of each file, including the dates of each change or revision, the UserId associated with each revision, and a description of the revision. The .icz files that load Customizations into a client's environment that identify the specific changes or customizations to the client's environment effected by the particular .icz file. Each .icz file, which can be mounted and viewed in a normal Windows computing environment using free, publicly-available tools, includes multiple sub-files in ASCII text-accessible formats that include specific information regarding the particular customizations.

<u>Interrogatory No. 18</u>: As to each Customization or Enhancement file produced by Lynx in response to MRI's document requests, identify all dates on which the file, in whole or in part, was copied (including any Lynx-internal copies) or distributed by Lynx (or anyone acting at Lynx's direction or under Lynx's control) and identify any Person to whom such file, or copy of such file, was distributed. To the extent the responsive information is contained in the Customization files themselves, or in already, or that will be, produced by Lynx, please respond by identifying with specificity the location of the responsive information within the files.

<u>Answer</u>: Lynx objects to this Interrogatory because it contains multiple subparts, each of which constitutes a separate interrogatory such that MRI has exceeded the number of interrogatories permitted for this case. As propounded, this Interrogatory

embodies distinct interrogatories for each "Customization" and "Enhancement," and distinct interrogatories with respect to "the date on which the file ... was copied or distributed," the "Person to whom such file, or copy of such file, was distributed" and the "location of the responsive information within the files. Lynx further objects to this Interrogatory as overly broad and unduly burdensome. Subject to, and without waiving, the foregoing or its General Objections, Lynx states that it does not maintain records of each instance that a particular Customization or Enhancement was copied or distributed. Lynx therefore objects to this Interrogatory because it calls for Lynx to prepare a compilation, abstract, audit or summary from documents already, or that will be, produced by Lynx to MRI such that the information sought in this request is equally available to MRI as it is to Lynx. Subject to, and without waiving, the foregoing or its General Objections, Lynx answers that it has not produced any "Enhancements" in response to MRI's document requests as that term has been defined by MRI for purposes of this Interrogatory. Lynx did not maintain complete records identifying the dates on which each Customization file was copied or distributed or the person(s) to whom such files or copies were distributed. Further responding, incorporates herein its responses to MRI's Interrogatory Nos. 1 and 4. Lynx further answers that certain responsive information can be identified from the "Change_Log" included with most or all of the native .mdb files previously produced by Lynx include a detailed history under "Change_Log" that identifies detailed information regarding the development of each file, including the dates of each change or revision, the UserId associated with each revision, and a description of the revision.

Likewise, certain responsive information can be identified from the .icz files that load Customizations into a client's environment. Each .icz file, which can be mounted and viewed in a normal Windows computing environment using free, publicly-available tools, includes multiple sub-files in ASCII text-accessible formats that include specific information regarding the particular customizations.

Interrogatory No. 19: As to each Customization file produced by Lynx in response to MRI's document requests, state whether Lynx contends it was authorized to create the Customization file, and identify by Bates Number all documents that support or refute Lynx's contention.

Answer: Lynx objects to this interrogatory as vague as Lynx has failed to define what it means by the term "authorized." Lynx further objects to this interrogatory as premature as Lynx's investigation is ongoing. Lynx further objects to this interrogatory to the extent that it calls for attorney work product and information subject to the attorney-client privilege. Lynx further objects to this Interrogatory because it contains multiple subparts, each of which constitutes a separate interrogatory such that MRI has exceeded the number of interrogatories permitted for this case. As propounded, this Interrogatory embodies distinct interrogatories for each Customization file at issue previously produced by Lynx, each of which constitutes a separate subpart. Lynx further objects to this Interrogatory as unduly burdensome because it calls for Lynx to prepare a compilation, abstract, audit or summary from already, or that will be, produced by Lynx to MRI such that the

information sought in this request is equally available to MRI as it is to Lynx. Subject to, and without waiving, the foregoing or its General Objections, Lynx states that its creation of the Customization files at issue in this case was "authorized" to the extent the "authorization" of MRI or any other party was required for it to do so.

Interrogatory No. 20: Identify (including, for documents previously produced by Lynx, by Bates Number) all written materials copied, distributed, used, referred to or shared by Lynx in performing each instance of "training" referenced in the Sales by Summary Spreadsheet.

Answer: Lynx objects to this Interrogatory as overly broad and unduly burdensome. Subject to, and without waiving, the foregoing or its General Objections, Lynx states that it did not maintain complete records identifying all written materials copied, distributed, used, referred to or shared by Lynx in performing each instance of "training" referenced in the "Sales by Summary" Spreadsheet. Lynx has produced significant responsive documents, including as a part of the email and attachment documents Lynx produced to MRI on June 17, 2013. With respect to identification of Bates ranges for those materials, Lynx objects to this Interrogatory as unduly burdensome because it calls for Lynx to prepare a compilation, abstract, audit or summary from documents that already have been produced by Lynx to MRI such that the information sought in this request is equally available to MRI as it is to Lynx.

<u>Interrogatory No. 21</u>: Describe the circumstances of the termination of Judith Gross by Lynx, and provide her last known contact information.

<u>Answer</u>: Lynx objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence as Judith Gross has not been identified by either party as a person who possesses or may possess information relevant to this case.

AS TO THE OBJECTIONS:

Dated: June 24, 2013

David T. Movius (OH 0070132)
*dmovius@mcdonaldhopkins.com*
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474

John T. McLandrich (OH 0021494)
*jmclandrich@mrrlaw.com*
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 | f 440.248.8861

*Attorneys for Lynx Systems, Inc.*

## VERIFICATION

I, Donald Robinson, hereby verify that I have been authorized by Lynx Systems, Inc. to execute this Verification, and that the Lynx's answers to the foregoing interrogatories are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

June 19, 2013

Donald Robinson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2013, a copy of the foregoing *Responses and Objections to MRI Software, LLC's Fifth Set of Interrogatories* was served via First-Class U.S. mail on the following:

Georgia K.E. Yanchar, Esq.
*gyanchar@calfee.com*
Daniel J. McMullen, Esq.
*dmcmullen@calfee.com*
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, OH 44114

*Attorneys for Plaintiff MRI Software, LLC*

One of the Attorneys for Lynx Systems, Inc.