IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE LLC, | ) | CASE NO. 1:12-cv-01082-CAB |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| LYNX SYSTEMS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| and | ) | |
| | ) | |
| DONALD ROBINSON, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF MRI SOFTWARE LLC'S OPPOSITION TO DEFENDANT LYNX SYSTEMS, INC.'S MOTION TO EXTEND FACT DISCOVERY, EXPERT DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

Plaintiff, MRI Software LLC ("MRI"), submits this Opposition to the Defendant, Lynx Systems, Inc.'s, Motion to Extend Fact Discovery, Expert Discovery and Dispositive Motion Deadlines (herein "Lynx's Motion"). MRI opposes Lynx's Motion insofar as it requests additional time for Lynx to take fact discovery of MRI.

**I.  Lynx Has Had Plenty of Time to Take Discovery of MRI.**

Lynx has had plenty of time to take fact discovery of MRI. This case has been pending for over 19 months. During this time, Lynx served three sets of written discovery requests, all of which MRI has responded to months ago. Notably, Lynx has not propounded a single discovery request upon MRI since April 2013, *eight months ago*. Moreover, Lynx has *yet* to serve a single deposition notice. Nonetheless, in April 2013, MRI offered to make five of its employees, including its Chief Executive Office and Chief Operating Officer, available for deposition. MRI promptly made this offer in response to Lynx's counsel's informal email request for their

depositions.[1]  MRI held open its executives' schedules for over a week.  Lynx, however, simply refused to respond to MRI to schedule the depositions.  *See* Exh. A, April 2013 email exchange.

Meanwhile, Lynx's *modus operandi* has been to continually delay and ignore.  Lynx's Motion alludes to "evolving circumstances of the case" giving rise to previous extensions of the case deadliness.  Doc. # 127, Lynx's Motion, p. 1.  These "circumstances" are worth expanding upon.  The initial discovery period was to expire on January 15, 2013, however, much of that time was spent by Lynx analyzing its insurance coverage, and negotiating the Stipulated Injunction Order, pursuant to which Lynx agreed (and the Court ordered Lynx) to stop much of the conduct of which MRI complained.  *See* Doc. #  36, Injunction Order; Doc. # 38, Joint Motion.  Less than three months later, however, MRI filed its Motion to Show Cause showing Lynx's many violations of the Injunction Order.  *See* Doc. # 40, Motion to Show Cause Why Lynx Should Not be Held in Contempt.  At the same time, MRI filed its February 7, 2012 Motion to Compel Discovery and memoranda in support thereof (Doc. Nos. 45 and 51), containing a laundry list of discovery Lynx unjustifiably refused to provide.  At the Court's request, MRI later filed its April 15 Notice of Outstanding Discovery (Doc. No. 67), setting forth additional and remaining outstanding discovery from Lynx.  Necessitated by Lynx's failure to timely provide discovery, MRI moved, on April 17, for a unilateral extension of the then-upcoming May 15 fact discovery deadline.  *See* Doc. # 71, Motion to Extend Fact Discovery of Lynx.  Lynx then cross-moved for a mutual extension.  *See* Doc. # 74, Cross-Motion to Extend Discovery of MRI.  Though Lynx's cross-motion was without good basis, in exchange for Lynx's agreement to provide most of the discovery MRI had moved to compel, MRI agreed to the mutual extension requested by Lynx.  *See* Doc. #75, Notice of Agreement as to Certain Discovery Disputes and Joint Motion to Extend Case Deadlines.   Unfortunately, however, as recently set out in MRI's Second Motion to Compel Discovery of Lynx (Doc. # 130), Lynx has

---

[1] This request was made by Lynx's counsel, David Movius, who withdrew from the case in October 2012, then reappeared three days after the Court ordered Lynx and its other counsel to submit affidavits showing good cause as to why Lynx should not be held in contempt of the Court's November 9 2012 Injunction Order.  Upon his reappearance, Mr. Movius requested depositions and propounded written discovery, but then failed to follow up.

failed to deliver on many of its promises. As such, a laundry list of discovery from Lynx continues to remain outstanding, all without justification.

In short, Lynx has had eighteen months to seek and discover whatever facts it purports to need to support its defenses and counterclaims, but has simply refused to seriously engage in the discovery process. No good cause exists for permitting Lynx yet more time to do what it should have already done.

## II. The Pending Motions Do Not Provide Good Cause for Lynx to Take Additional Fact Discovery Of MRI.

Lynx's Motion argues that "the primary reason why an extension is now needed" is because of MRI's decision to amend its complaint to add Lynx's President, Donald Robinson, as a defendant in the case. Doc. # 127-1, Memo. in Support of Lynx's Motion, at p. 3. However, Lynx ignores that the claims plead in MRI's Amended Complaint are the same claims plead in MRI's original Complaint. Lynx fails to provide any example whatsoever of any additional discovery that *Lynx* could possibly be required to seek as a result of *Mr. Robinson* being added to the case. Indeed, Mr. Robinson has already been actively engaged in the case since its inception, including by verifying Lynx's interrogatory responses and by serving as Lynx's 30(b)(6) representative in September 2012. Lynx's argument that adding Mr. Robinson to the case necessitates more time for *Lynx* to take discovery is unsupported, and unsupportable.

As to *Mr. Robinson's* need for time to take fact discovery of MRI after the Court rules on his motion to dismiss, that is not a matter presently before the Court. Lynx's Motion was filed solely on behalf of Lynx, and does not address whether Mr. Robinson has a need for any discovery not already conducted by Lynx. MRI notes however, that Lynx and Mr. Robinson are represented by the same counsel in this Action, and thus, they must have determined that their interests are aligned for purposes of their defense. Accordingly, it appears unlikely Mr. Robinson will have a need for discovery that differs from Lynx's. Certainly, none has been articulated.

Lynx's pending motion to compel source code from MRI and MRI's pending Cross-Motion for Protective Order, also fail to provide any basis for extending fact discovery for the benefit of Lynx. The assertion in Lynx's motion that MRI has "steadfastly refused to produce" its source code is plainly wrong. As explained in MRI's Opposition to Lynx's Motion to Compel and Cross-Motion for Protective Order, Lynx could have had access to MRI's source code at any time since July 2013. However, Lynx has inexplicably insisted that MRI must hand over its most valuable trade secret — its "complete source code" for all versions of its software -- without any of the protections uniformly provided by courts for trade secrets of such value and sensitivity. *See* Doc. # 101, Opposition to Motion to Compel, at pp. 3-8; Doc. # 110, MRI's Reply in Support of Motion for Protective Order. Thus, Lynx's alleged problem is one solely of its own making. Moreover, Lynx's request for MRI's complete source code is overly broad and harassing. *See* Doc. # 101, Opposition to Motion to Compel, at pp. 8-12; Doc. # 110, MRI's Reply in Support of Motion for Protective Order, pp. 7-11. In addition, MRI's source code is primarily (if not exclusively) the proper subject of expert, not fact, discovery. Lynx's unreasonable and uncompromising position provides no basis for again granting Lynx additional time to take fact discovery of MRI.

Finally, Lynx's Motion to Partially Dismiss MRI's Amended Complaint provides no basis for providing Lynx more time to take fact discovery of Lynx. Lynx has known of the limitation of liability clause in the 2002 Agreement since 2002, yet failed to raise it as a defense until sixteen months after this case was filed. Showing the weakness of its argument, Lynx performed a total flip-flop in positions between its memorandum in support and reply memorandum as to what "trigger" supposedly starts the 1-year clock that Lynx (incorrectly) contends bars MRI's claims. *See* Doc. # 121-1, Proposed Sur-Reply in Opposition to Motion to Partially Dismiss. Neither of Lynx's conflicting theories warrant dismissal of any of MRI's claims. However, even if they did, that still would not provide a basis for providing Lynx more time to take fact discovery -- if anything, dismissal would *limit* Lynx's need for discovery.

**III.** **Conclusion.**

Lynx has had ample time to take discovery of MRI.  Its own refusal to actively participate in discovery in no way justifies the extension Lynx now seeks and should not be rewarded by the Court granting Lynx's Motion.  MRI has sought diligently to pursue its claims and to protect its proprietary rights and Lynx's delaying tactics should not continue to deprive MRI of the opportunity to move this case toward a just, orderly and timely resolution.  Lynx's Motion should be denied.

Dated:  December 19, 2013

Respectfully submitted,

By: */s/  Georgia Yanchar*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
Mark McDougall (Ohio Bar No. 0080698)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail: dmcmullen@calfee.com
         gyanchar@calfee.com
         mmcdougall@calfee.com

Attorneys for Plaintiff MRI Software LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on December 19, 2013, the foregoing Plaintiff MRI Software, LLC's Opposition to the Defendant Lynx Systems, Inc.'s Motion to Extend Fact Discovery, Expert Discovery and Dispositive Motion Deadlines was filed electronically through the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ Georgia Yanchar*
One of the Attorneys for Plaintiff MRI Software LLC