# Exhibit A

## Yanchar, Georgia

| | |
|---|---|
| From: | Yanchar, Georgia |
| Sent: | Thursday, April 25, 2013 11:51 AM |
| To: | 'Movius, David' |
| Cc: | McMullen, Dan; 'McLandrich, John' |
| Subject: | RE: MRI v. Lynx |

David,

Thanks for your message. We look forward to receiving the documents referenced below.

As to the depositions you have requested (which include MRI's CEO and COO), we have been holding open our witnesses' availability for over a week. If we do not receive your confirmation of specific times and dates by close of business tomorrow, we will no longer continue to do so.

Regards,

Georgia

---

**From:** Movius, David [mailto:dmovius@mcdonaldhopkins.com]
**Sent:** Tuesday, April 23, 2013 5:37 PM
**To:** Yanchar, Georgia
**Cc:** McMullen, Dan; McLandrich, John
**Subject:** RE: MRI v. Lynx

Georgia –

1. Thank you for following up on the witnesses' availability. We will follow up with specific dates and a Rule 30(b)(6) schedule.

2. Regarding the customizations, we are completing our review of the native files and I expect to be able to provide them to you by disc this week.

3. Finally, John and I have discussed potential search terms and we are unable to identify terms that we believe would reasonably capture the subject matter of MRI's requests without ensnaring significant unrequested and irrelevant materials. Searching for every document that contains "MRI" is unacceptable because it would ensnare countless documents that are neither requested by MRI nor relevant to this case. MRI did not propound a request for every document in Lynx's possession, custody or control that contained "MRI," and Lynx would have objected if it had, just as I would expect that MRI would similarly object a request by Lynx for production of every email that includes the term "Lynx." That being said, Lynx has identified what it believes is a universe of emails that likely relate to services that Lynx has provided to clients who use MRI Software. We are reviewing those emails for relevance and privilege and will produce the responsive emails once that review is complete. In the meantime, we remain available to discuss e-discovery matters, including mutually-agreeable search terms.

Regards,

Dave

1

**David T. Movius**
Member

T: 216.430.2029
F: 216.348.5474
dmovius@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

# McDonald Hopkins

A business advisory and advocacy law firm®

Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach

**From:** Yanchar, Georgia [mailto:GYanchar@Calfee.com]
**Sent:** Wednesday, April 17, 2013 2:21 PM
**To:** Movius, David; McMullen, Dan
**Cc:** 'McLandrich, John'
**Subject:** RE: MRI v. Lynx

David,

In further response to your message below, David Post, Eric Smith, Shannon Zdanowicz, Vicky Nodzak, and Patrick Ghilani are available on May 13-15, and we are holding those days open. Please let me know as soon as possible the specific dates on which you wish to take each witness's deposition.

Regards,

Georgia


Georgia E. Yanchar
*Attorney At Law*
gyanchar@calfee.com
216.622.8233 **Phone**
216.241.0816 **Fax**

Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607



**CALFEE**

V-card | www.calfee.com

IRS CIRCULAR 230 DISCLOSURE: Nothing contained herein or in any attachment hereto is intended to be used, or can be used, to avoid penalties imposed under the Internal Revenue Code
This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Yanchar, Georgia
**Sent:** Friday, April 12, 2013 4:52 PM
**To:** 'Movius, David'; McMullen, Dan
**Cc:** 'McLandrich, John'
**Subject:** RE: MRI v. Lynx

2

Dear David,

Welcome back to the case, and thanks for your email yesterday evening.

The method of Lynx's March 8 production worked well, and we see no reason that same procedure cannot be used again for the Customizations you represent that you have.

Because the outside of the envelope was not marked Hand Delivery, Lynx's new requests did not find their way to Dan and me until late this morning. We will need time to review them before conferring regarding them, and in any event, were not available this afternoon. We trust that MRI's need for time to review Lynx's requests does not impede Lynx's ability to respond to MRI's outstanding requests. We continue await the proposed search terms promised by John last week.

Lastly, we are looking into the availability of the witnesses listed in your email.

Regards,

Georgia

---

**From:** Movius, David [mailto:dmovius@mcdonaldhopkins.com]
**Sent:** Thursday, April 11, 2013 5:49 PM
**To:** Yanchar, Georgia; McMullen, Dan
**Cc:** 'McLandrich, John'
**Subject:** MRI v. Lynx

Dan & Georgia —

First of all, it is good to be back on this case with you, and I look forward to resuming our good working relationship.

I have in my possession the source files for what I understand to be all of the remaining responsive Lynx Customizations and would like to discuss with you how they can best be produced. They are not in a standard text-based format that can easily be printed or produced as tiff images so it will be difficult to Bates number and designate them under the Stipulated Protective Order. It therefore would be helpful to discuss these issues to see if we can agree on a way to facilitate their production. Otherwise, you are welcome to come to my office to inspect them on a computer that I can make available at your convenience.

We also are working with e-discovery vendors to coordinate the collection, searching, review and production of the email documents that MRI has requested, and we expect that MRI is doing likewise, especially in view of Lynx's discovery requests that were hand-served today. As this process is moving forward, it would seem to make sense for us to talk about the details of how electronic discovery will be completed, including what search terms each party is going to use, how and when the electronic files will be produced, and how the costs of doing so will be allocated among the parties.

Are you available to discuss these issues tomorrow at 3:30 pm? If so, John and I are available and I will arrange the conference call.

I also want address two other discovery matters. First, I want to confirm that MRI has produced all of its documents that are responsive to Lynx's prior discovery requests. Therefore, unless we hear otherwise from you by Monday, we will assume that all responsive documents have, in fact, been produced to Lynx. Otherwise, we will look for confirmation of a date certain by which we will receive them.

3

Finally, we would like to schedule the depositions of David Post, Eric Smith, Shannon Zdanowicz, Vicky Nodzak, Patrick Ghilani and a Rule 30(b)(6) designee who is able to testify on MRI's behalf regarding the bases for MRI's claims and its defenses. Please confirm their availability during May 11-15, and we will issue deposition notices accordingly.

Regards,

Dave

**David T. Movius**
Member

T: 216.430.2029
F: 216.348.5474
dmovius@mcdonaldhopkins.com
www.mcdonaldhopkins.com

**McDonald Hopkins**

A business advisory and advocacy law firm®

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

**Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach**

IRS CIRCULAR 230 DISCLOSURE:

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments), was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding any penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction matter addressed herein.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE AND PERMANENTLY DELETE THE ORIGINAL AND ANY COPY OF THIS E-MAIL AND DESTROY ANY PRINTOUT THEREOF.