UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Stipulation Regarding MRI's Second Motion to Compel**

WHEREAS, MRI Software, LLC ("MRI") filed a Second Motion to Compel (ECF # 130) (the "Motion");

WHEREAS, Lynx Systems, Inc. ("Lynx") filed an unopposed second motion for extension of time to respond to the Motion to facilitate negotiation of a stipulation to either resolve or narrow the discovery issues raised in MRI's discovery motion; and,

WHEREAS, having reached agreement as to each of the matters raised in the Motion, Lynx and MRI hereby stipulate as follows:

1. Lynx will make the following individuals available for deposition at the locations listed below to testify in his or her individual capacity:

| Name | Location |
|---|---|
| Suzanne Kenney Clarke | Vancouver, British Columbia |
| Jacquie Jordan | Vancouver, British Columbia |
| Lori Spale | Las Vegas, Nevada |
| Carol Dewhirst | Toronto, Ontario |
| Tracey White | Toronto, Ontario |
| Raj Patel | Toronto, Ontario |
| Garen Hagopian | Toronto, Ontario |
| Howard Mednick | Toronto, Ontario |

{02435774.DOCX;1}

| Donald Robinson | Toronto, Ontario |

Lynx will provide proposed dates for the foregoing depositions by no later than March 25, and the parties shall work in good faith to schedule the depositions in the order set forth above in April or May 2014. Without waiving its objections, Lynx designates Don Robinson to testify regarding the topics indicated in MRI's First and Second Notices of Taking Deposition of Defendant Lynx Systems, Inc. The deposition of Mr. Robinson as Lynx's Rule 30(b)(6) designee shall commence following the completion of his personal testimony. Lynx reserves the right to identify additional Rule 30(b)(6) designee(s), and the deposition of such designee(s) shall commence following the completion of the designee's personal testimony.

    2.    With respect to MRI's Request for Production No. 7, Lynx has re-produced to MRI with Bates numbers and PSO numbers PSOs it previously produced without such numbers. If MRI identifies additional PSOs missing Bates Numbers, Lynx will re-produce them with Bates Numbers, and each PSO produced as an individual document or file. Lynx will review its records to confirm all responsive PSOs, and schedules and appendices to PSOs, have been produced, and it will seasonably supplement its response to Request for Production No. 7 if it identifies any such documents that have not yet been produced. Within three (3) business days of the date of this Stipulation, Lynx will produce a Microsoft Excel spreadsheet that includes the information maintained in Lynx's QuickBooks accounting system from which the "Sales by Summary Spreadsheet" was derived, including all information from all invoice fields, including the complete description,

client names, invoice dates, invoiced amounts, invoice number, unit of measure (UM), quantity, and rate, as that information is maintained in Lynx's accounting system. If reasonably requested by MRI on a case-by-case basis, Lynx will produce copies of specific invoices relating to MRI Related Services.

3. With respect to MRI's Interrogatory No. 16, Lynx will supplement its response within three (3) business days of the date of this Stipulation to: (i) state that any reference to an "enhancement" in the Sales by Summary Spreadsheet does not refer to an "Enhancement" as that term was defined by MRI with respect to its Interrogatory No. 16; (ii) correlate the file name to the product name for each of the Customizations in the "Lynx Products-MRI" and "MRI Report Library"; and (iii) for each of the remaining Customization files produced by Lynx, identify the client for whom Lynx created the Customization or state that Lynx does not know the client for whom the Customization was created.

4. With respect to MRI's Interrogatory No. 20, Lynx will supplement its response within three (3) business days of the date of this Stipulation to state that: (i) it does not have or maintain a standard set of training materials; (ii) the reference to training materials in PSOs noted in footnote 7 of MRI's brief in support of its motion to compel—which states that training materials are provided only "if applicable" and, if so, in electronic format—refers generally to *ad hac* materials relating to a given training session, including agendas, screen shots and the like; (iii) Lynx's records of such training materials, to the extent they were provided to clients, consist of emails that already have been provided to MRI; and (iv) Lynx does

not have any records or other documents correlating any such training materials to specific clients. Lynx will review its records to confirm that it has produced the requested training materials, and it will seasonably supplement its document production if it identifies any such materials that have not yet been produced.

5.  With respect to MRI's Interrogatory No. 21, Lynx will supplement its response within three (3) business days of the date of this Stipulation to (i) provide a description of the reasons why Judith Gross's retention with Lynx concluded, (ii) identify her last-known address, email address and phone number, and (iii) produce copies of two agreements between Lynx and Ms. Gross.

6.  With respect to MRI's Request for Production No. 17, Lynx certifies that it collected and produced emails for each of the Custodians listed below for the indicated date range:

| Custodian | Date Range |
| --- | --- |
| Donald Robinson | 11/1/2009 – 4/30/2013 |
| Carol Dewhirst | 11/1/2009 – 4/30/2013 |
| Jacquie Jordan | 11/1/2009 – 4/30/2013 |
| Raj Patel | 11/1/2009 – 4/30/2013 |
| Garen Hagopian | 11/1/2009 – 4/30/2013 |
| Suzanne Kenney Clarke | 11/1/2009 – 4/30/2013 |
| Lori Spale | 11/1/2009 – 4/30/2013 |
| Howard Mednick | 11/1/2009 – 4/30/2013 |
| Ursula Valentine | 11/1/2009 – 4/30/2013 |
| Robert Buckler | 11/1/2009 – 4/30/2013 |
| Judith Gross | 11/1/2009 – 4/30/2013 |
| Susan Webb | 11/1/2009 – 4/30/2013 |
| Jeff Stauffer | 11/1/2009 – 4/30/2013 |
| Vicki Nodzak | 11/1/2009 – 4/30/2013 |
| Brian Craig | 11/1/2009 – 4/30/2013 |
| Amorous Lesko | 11/1/2009 – 4/30/2013 |
| Barry Sullivan | 11/1/2009 – 4/30/2013 |
| Melissa Leyland | 11/1/2009 – 4/30/2013 |

For each custodian, Lynx's production includes all email correspondence with a "Lynx-MRI Customer," as identified on the list sent to MRI's counsel on March 17, 2014, that were determined, by a human review of the email, to refer to or describe "MRI Related Services" (as that term was defined in MRI's discovery requests) provided by Lynx.  Within two weeks of this Stipulation, Lynx will use reasonable efforts to provide to MRI the metadata identified in MRI's February 5, 2014 email as missing from Lynx's production, to the extent such metadata exists and was not produced.

7. With respect to Interrogatory No. 19, and subject to MRI's agreement that providing such information will not constitute a subject matter waiver of attorney-client privilege or work-product immunity with respect to any undisclosed communication or information, Lynx will supplement its response within five (5) business days of the date of this Stipulation to describe the reasons why, at the time it created the Customizations at issue, it believed it was authorized to do so and to identify the documents on which it presently anticipates it will rely upon to support that contention.  Lynx will seasonably supplement its responses to Interrogatory No. 19 if it identifies additional documents or information that it will rely upon to support its contention that it was authorized to create any of the Customizations at issue.

8. Subject to Lynx's compliance with its obligations under this Stipulation, MRI hereby withdraws its Second Motion to Compel.

9. The parties request that the deadline for fact discovery be extended until sixty (60) days after the Court has entered rulings on MRI's Motion to Show Cause (ECF # 40), Lynx's motion to compel MRI to produce the source code for the "Copyrighted Works" identified in its complaint (ECF # 96), Lynx's motion to partially dismiss MRI's amended complaint (ECF # 97), MRI's cross-motion for protective order (ECF # 102), and Don Robinson's motion to dismiss for lack of jurisdiction and for failure to state a claim (ECF # 106), with like extensions to the expert discovery and dispositive motion deadlines.

AGREED TO, AND SO STIPULATED, BY:

/s/*Georgia Yanchar*
Daniel McMullen (0034380)
Georgia Yanchar (0071458)
CALFEE, HALTER & GRISWOLD, LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
dmcmullen@calfee.com
gyanchar@calfee.com

*Attorneys for MRI Software LLC*

/s/*David T. Movius (with consent)*
David T. Movius (OH 0070132)
 *dmovius@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

John T. McLandrich (OH 0021494)
 *jmclandrich@mrrlaw.com*
MAZANEC, RASKIN & RYDER CO., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
t 440.248.7906 │ f 440.248.8861

*Attorneys for Lynx Systems, Inc.*