UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MRI SOFTWARE, LLC.,** | ) | **CASE NO.1:12CV1082** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **LYNX SYSTEMS, INC.,** | ) | <u>**ORDER**</u> |
| | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant Lynx Systems, Inc.'s Motion to Compel Production of Source Code (ECF # 96) and Plaintiff MRI Software, LLC.'s Cross Motion for Protective Order (ECF #102).  For the following reasons, the Court grants Defendant's Motion, in part, and grants, in part, Plaintiff's Cross Motion for Protective Order.

Plaintiff's claims in the above-captioned case include claims for copyright violations. Defendant requested "the complete source code for each version of the Copyrighted Works identified in paragraph 26 of MRI's Complaint." (Defendant's Doc. Request #2).  Plaintiff has expressed its intent to produce the source code but requests additional protections because of the potential risk that Plaintiff's source code trade secret may be revealed to outsiders, including competitors.  Plaintiff seeks to add additional protections in the Protective Order already in place in this litigation.  These additional protections include:

1) the option to require the source code information be viewed only on a stand-alone computer not linked to any network.

2) advanced notice of any individual receiving access to the source code.

      3)       Restrictions on printouts or copies.

Defendant objects to these additional protections, contending that the "attorneys eyes only" provision in the current protective order provides sufficient protection from disclosure. Defendant also contends that the newly suggested addenda are onerous.

The Court holds that the source code is relevant and discoverable under Fed. R. Civ. P. 26(b) as it goes to the heart of Plaintiff's copyright claims.  However, given the importance of protecting Plaintiff's trade secrets, the Court believes the additional protections sought by Plaintiff as described above in lines 1 & 2 above are not unreasonable and the Court so orders their inclusion in the protective order.  However, Defendant raises serious concerns that the copying restrictions place too great an obstacle to effectively defend the action.  Defendant contends that such restrictions will inhibit their ability to question Plaintiff's expert using source code reference materials and attach as an exhibit the relevant source code lines in briefs to the Court.  This places unreasonable restrictions on Defendant's rights under Fed. R. Civ. P. 34.

The Court agrees and orders the parties to confer and agree to less restrictive copying protocols, particularly in light of Rule 34's language at(a)(1)(A) that electronically stored information be provided in a "reasonably usable form."  If the parties are unable to arrive at such an agreement they may request the intervention of the Magistrate Judge to help fashion such restrictions.  Parties shall confer and submit in writing, within two weeks of the date of this Order, agreed upon language or a request for assistance from the Magistrate Judge.

      IT IS SO ORDERED.

                                  /s/Christopher A. Boyko  
                                 CHRISTOPHER A. BOYKO  
                                 United States District Judge