**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MRI SOFTWARE, LLC,** | ) | **CASE NO.1:12CV1082** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **LYNX SYSTEMS, INC., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Lynx Systems, Inc.'s Motion to Partially

Dismiss MRI Software, LLC.'s Amended Complaint Under Rule 12(b)(6).  (ECF # 97).  For

the following reasons, the Court denies Defendant's Motion.

On August 22, 2013, Plaintiff filed its First Amended Complaint alleging claims for

Copyright Infringement pursuant to 17 U.S.C. § 501 et seq. (Count I); Violation of the

Computer Fraud and Abuse Act pursuant to 18 U.S.C. § 1030 (Count II); Violation of the

Electronic Communications Privacy Act pursuant to 18 U.S.C. § 2701 (Count III); Violation

of the Digital Millennium Copyright Act (DMCA) pursuant to 17 U.S.C. § 1201 *et seq.*

(Count IV); Violation of the Copyright Act of Canada pursuant to the Berne Convention

(Count V); Misappropriation of Confidential Business Information and/or Trade Secret

pursuant to O.R.C. § 1333.61 *et seq.* (Count VI); Trespass pursuant to Ohio law (Count VII);

Breach of Contract (Count VIII); Inducement of Breach of Contract (Count IX); Interference

with Existing and Prospective Economic Advantage pursuant to Ohio law (Count X);

Trademark Infringement pursuant to the Lanham Act, 15 U.S.C. § 1114 (Count XI); False

Designation of Origin pursuant to the Lanham Act, 15 U.S.C. § 1125(A) (Count XII);

Commercial Disparagement pursuant to Ohio law (Count XIII); False Advertising pursuant to

15 U.S.C. § 1125(B) (Count XIV); Deceptive Trade Practices pursuant to O.R.C. § 4165

(Count XV); Unjust Enrichment/Restitution pursuant to Ohio law (Count XVI); and an

Accounting under Ohio law (Count XVII).  These claims are asserted against Defendant Lynx

Systems, Inc. and Donald Robinson.

According to Plaintiff's First Amended Complaint, its claims arise from a prior license

agreement between Plaintiff and Defendant Lynx.  Plaintiff developed software to enable

more timely and accurate reporting to the real estate management industry.  In developing its

own software, MRI obtained a number of copyrights in its software.  Plaintiff retains

exclusive rights to its software but grants limited licenses to customers.

In August of 2002, MRI and Lynx entered into an agreement wherein Lynx agreed to

market Plaintiff's products in exchange for a portion of the license fee paid to Plaintiff when

any Lynx -generated lead agreed to purchase Plaintiff's products.  Lynx was also granted

limited rights to provide software services to clients in Canada.  The Agreement placed

certain limitations on Lynx and provided that all Lynx's obligations under Section 2 of the

Agreement survived termination of the Agreement.  In 2008, the Agreement terminated.

Plaintiff now contends Lynx has violated the terms of the Agreement, infringed its

copyrights and trademarks and has engaged in a number of business practices that violate Plaintiff's contract rights and Ohio law.

**Defendant's Partial  Motion to Dismiss**

Defendant argues that the 2002 MRI Product Sub-Licensor and Service Provider Agreement between MRI and Lnyx, attached to MRI's Amended Complaint, contains a one-year limitation for bringing claims arising out of the transactions under the Agreement. According to Defendant, Plaintiff's breach of contract, copyright infringement and trademark infringement claims all arise out of transactions under the 2002 Agreement and are subject to its one-year limitation.  Documents attached to Plaintiff's Amended Complaint demonstrate the parties had knowledge of the events giving rise to Plaintiff's claims more than one year before May 1, 2012, the date of Plaintiff's Complaint.

According to Defendant, Plaintiff's breach of contract claim fails because that claim accrued more than one year before the Complaint was filed.  At Section 15.2 of the Agreement, the parties agreed that any disagreements shall be governed by California law. California law permits parties to reduce by agreement the limitations period for bringing breach of contract claims from the four year limitation under California law.  Thus, the one-year contractual limitation period is enforceable.

Next, Defendant argues the emails attached to Plaintiff's Complaint clearly demonstrate MRI knew of Defendant's alleged breaching activities in November and December 2010, more than one year prior to Plaintiff's suit.

For the same reasons, Defendant argues Plaintiff's trademark and copyright claims must also be dismissed.   The Agreement specifically permitted Defendant to use Plaintiff's

trademarks and copyrights as laid out in the Agreement during its term.  Thus, these claims fall within the broadly worded language of Section 10.7 prohibiting actions arising out of the transactions under the Agreement.

**Plaintiff's Opposition to Defendant's Motion**

Plaintiff raises several arguments in opposition to Defendant's Motion.  First, Plaintiff contends Section 10.7 is ambiguous because it requires MRI to bring suit within one year from the time **_Lynx_** knew **_Lynx_** was breaching the 2002 Agreement.  Because such language limits MRI's ability to bring suit solely on when Lynx knew of should have known of the occurrence of an event, such interpretation is unreasonable and inconsistent with the entire Section.  Instead, the only reasonable interpretation of Section 10.7 is that it was intended to limit MRI's liability to Lynx, not Lynx's liability to MRI.

Second, MRI argues alternatively that the clause is ambiguous and must be interpreted after evidence of the parties' intent has been presented.

MRI further argues that the one-year limitation does not apply to post-termination events.  Since the Agreement terminated in 2008, the one-year limitation is no longer enforceable.  Whereas the Agreement contains several sections expressly stating certain obligations continue after the Agreement's expiration, no such language is found in 10.7.

Furthermore, according to Plaintiff, a limitation of liability clause cannot be applied to copyright and trademark infringement claims because the claims occurred after the expiration of the Agreement and Defendant has used the copyright and trademarks outside the scope of license granted it.

MRI also asserts Lynx cannot avail itself of a limitations period when the claims are

4

based on willful and bad faith conduct as Plaintiffs allege here. In addition, Lynx bases its motion on an incorrect interpretation of the conduct-ie.- that the time runs when MRI knew or should have known of the occurrence. No such knowledge can be imputed based on the exhibits. Lastly, Lynx waived its right to assert a limitations defense by failing to plead it in its Answer to Plaintiff's original Complaint.

## LAW AND ANALYSIS

### Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

> *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.  *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

**<u>Contract Limitation Clause</u>**

Count VIII of the First Amended Complaint alleges Lynx breached its continuing obligations under the 2002 Agreement.  That Agreement contained the following limitations clause:

> 10.7 NO ACTION, REGARDLESS OF FORM, ARISING OUT OF THE
> TRANSACTIONS UNDER THIS AGREEMENT MAY BE BROUGHT BY
> SUB-LICENSOR AGAINST MRI OR BY MRI AGAINST SUB-LICENSOR
> MORE THAN ONE (1) YEAR AFTER SUB-LICENSOR KNEW OR
> SHOULD HAVE KNOWN OF THE OCCURRENCE OF THE EVENT(S)
> GIVING RISE TO THE CAUSE OF ACTION.  IN NO EVENT SHALL MRI
> BE LIABLE TO SUB-LICENSOR FOR ANY INCIDENTAL,
> CONSEQUENTIAL, INDIRECT OR SPECIAL DAMAGES OF ANY

NATURE WHATSOEVER, INCLUDING, WITHOUT LIMITATION, LOST BUSINESS PROFITS ARISING OUT OF THE USE OR OPERATION OF THE MRI PRODUCT, DELAYS IN DELIVERY, LOSS OF USE OF THE MRI PRODUCT OR DAMAGES TO ANY DOCUMENTS OR OTHER PROPERTY OF SUB-LICENSOR, WHETHER IN CONTRACT OR IN TORT, UNDER ANY WARRANTY THEORY, IN NEGLIGENCE OR OTHERWISE, EVEN IF MRI HAS BEEN PREVIOUSLY ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. IN NO EVENT SHALL MRI BE LIABLE TO SUB-LICENSOR FOR ANY DAMAGES, DIRECT OR OTHERWISE, IN EXCESS OF THE AMOUNT PAID BY SUB-LICENSOR TO MRI FOR THE COPY OF THE MRI PRODUCT IN ISSUE HEREUNDER. THE REMEDIES SET FORTH IN THIS PARAGRAPH SHALL BE SUB-LICENSOR'S SOLE AND EXCLUSIVE REMEDY IN ANY ACTION BROUGHT BY SUBLICENSOR AGAINST MRI FOR ANY BREACH OF THIS AGREEMENT.

The parties disagree on the meaning, effect and enforceability of the above clause. The parties do agree that California law governs the dispute per Section 15.2 of the Agreement.  Therefore, the Court will apply California's contract interpretation rules.

Under California law " 'When a dispute arises over the meaning of contract language, the first question to be decided is whether the language is "reasonably susceptible" to the interpretation urged by the party.  If it is not, the case is over.  If the court decides the language is reasonably susceptible to the interpretation urged, the court moves to the second question: what did the parties intend the language to mean?' " *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* 107 Cal.App.4th 516, 524-525 (Cal.App. 4 Dist.,2003) quoting *Oceanside 84, Ltd. v. Fidelity Federal Bank* (1997) 56 Cal.App.4th 1441, 1448.  "In interpreting an unambiguous contractual provision we are bound to give effect to the plain and ordinary meaning of the language used by the parties." *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal. App.4th 677, 684, 99 Cal. Rptr.2d 809.  Thus, where " 'contract language is clear and explicit and does not lead to absurd results, we ascertain

7

intent from the written terms and go no further.' " *Shaw v. Regents of University of California* (1997) 58 Cal.App.4th 44, 53, 67 Cal. Rptr.2d 850. "If the contract is capable of more than one reasonable interpretation, it is ambiguous, and it is the court's task to determine the ultimate construction to be placed on the ambiguous language by applying the standard rules of interpretation in order to give effect to the mutual intention of the parties." *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 798.

The parties do not dispute that California permits parties to shorten the limitations period for bringing breach of contract claims. "...California courts have overwhelmingly granted contracting parties substantial freedom to *shorten* an otherwise applicable statute of limitations, so long as the time allowed is reasonable." *Brisbane Lodging, L.P. v. Webcor Builders, Inc.* 216 Cal.App.4th 1249, 1262, (Cal.App. 1 Dist.2013).

Therefore, the Court's first obligation is to determine whether the key phrase in the limitations clause is ambiguous -i.e.- capable of more than one reasonable interpretation. Here, the dispute involves the phrase:

> NO ACTION, REGARDLESS OF FORM, ARISING OUT OF THE TRANSACTIONS UNDER THIS AGREEMENT MAY BE BROUGHT BY SUB-LICENSOR AGAINST MRI OR BY MRI AGAINST SUB-LICENSOR MORE THAN ONE (1) YEAR AFTER SUB-LICENSOR KNEW OR SHOULD HAVE KNOWN OF THE OCCURRENCE OF THE EVENT(S) GIVING RISE TO THE CAUSE OF ACTION

A plain reading of the above clause demonstrate that both parties are prohbitied from bringing an action more than one year after Lynx and Lynx alone, knew or should have known, of an occurrence of events giving rise to the cause of action. According to MRI, this could not have been either party's intent. Lynx argues there is no ambiguity in the clause, however, Lynx misinterprets the clause by arguing that the triggering event is MRI's

8

knowledge of an occurrence of events giving rise to its cause of action.

The Court holds that the above phrase is not ambiguous because it is capable of only one interpretation.  MRI would have the Court interpret the language to read solely to the benefit of MRI, limiting Lynx's ability to bring a claim to one year.  This interpretation ignores entirely the language reading "OR BY MRI AGAINST SUB-LICENSOR."  The language is plain and clear that no action may be brought by either party after one year from the date Lynx knew or should have known of the occurrence of an event giving rise to the cause of action.  It is straight-forward and contains no words susceptible to multiple interpretations.  Thus, the plain language speaks for itself, is clear on its face, is capable of only one interpretation and is not ambiguous.  Ordinarily, the Court would not inquire further into the party's intent as it is "bound to give effect to the plain and ordinary meaning of the language used by the parties."   Under California law, the Court must further inquire whether the contract language is absurd.  If the "contract language is clear and explicit and does not lead to absurd results, we ascertain intent from the written terms and go no further. " *Shaw,* 58 Cal.App.4th at 53.

So, if the one year limitation period is enforceable and the language is unambiguous, the Court must determine whether such interpretation would result in an absurdity.  "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ.Code, § 1638.)  "Language involving an absurdity is rejected...."*Eucasia Schools Worldwide, Inc. v. DW August Co.* 218 Cal. App.4th 176, 182, (Cal. App. 2 Dist.2013) quoting ( *Jackson v. Puget Sound Lumber Co.* (1898) 123 Cal. 97, 100, 55 P. 788.)  Not only is language involving an absurdity rejected,  so is any phrase or

9

clause which is inconsistent with the object and intention of the parties. Civ.Code, §§ 1650, 1652, 1653. *Brawner v. Wilson* 126 Cal.App.2d 381, 385 (Cal. App. 4 Dist.1954). Merriam-Webster defines "absurd" as "ridiculously unreasonable, unsound, or incongruous." *Free Merriam-Webster Dictionary,* http://www.merriam-webster.com/dictionary/absurd.

In examining the language of the clause, the Court finds it necessarily results in a patent absurdity.  The clause restricts Plaintiff's ability to bring a claim after one year from the time Defendant knew or should have known of an occurrence giving rise to the event. Defendant could defeat any claim by simply asserting it knew of the event more than one year prior to Plaintiff initiating the claim and Plaintiff would be placed in the untenable position of arguing what was in Defendant's knowledge in order to assert Plaintiff's own claims.  This language does not comport with California's requirement that contracts be interpreted to be "lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties."  Cal. Civ. Code, § 1643

The absurdity of Section 10.7's knowledge requirement is further supported by the fact that Defendant's own argument on its Motion to Dismiss relies on a  misinterpretation of the clause wherein Defendant contends the triggering event for the one year limitation is the date Plaintiff knew or should have known of the occurrence giving rise to the event.  This further evidences the absurdity of such a requirement.

 Because the limitation clause results in an absurdity, the Court must consider extrinsic evidence to determine the intent of the parties, which is more appropriately reserved for a motion for summary judgment.  Therefore, for the foregoing reasons, the Court denies Defendant's Motion.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  September 29, 2014

11