UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MRI Software, LLC, | ) Case No..: 1:12-CV-01082 |
| Plaintiff, | ) Judge Christopher A. Boyko |
| vs. | ) |
| Lynx Systems, Inc. *et al.*, | ) |
| Defendants. | ) |

### Lynx Systems, Inc.'s Motion for Referral to Magistrate Judge

Lynx Systems, Inc. hereby moves the Court to refer this case to Magistrate Judge Vecchiarelli for assistance with establishing terms of a source code-specific protective order consistent with the Court's September 18, 2014, Order granting, in part, Lynx's motion to compel (*see* ECF # 136).

Lynx moved the Court on September 6, 2013, to compel MRI Software, LLC to produce the complete source code for the "Copyrighted Works" identified in its complaint in native format (ECF # 96). MRI opposed Lynx's motion and cross-moved to amend the existing protective order to include additional protections for source code, including:

1. the option to require that source code be viewed only on a stand-alone computer not linked to any network;
2. advance notice of any individual receiving access to source code; and
3. restrictions on printouts or copies.

(*See* Order, ECF # 136, at 1-2.) Granting, in part, Lynx's motion to compel and MRI's motion for protective order, the Court found that MRI's "source code is

{5328455:}

relevant and discoverable under Fed. R. Civ. P. 26(b) as it goes to the heart of Plaintiff's copyright claims." (Order, ECF # 136, at 2.) The Court also found that, while MRI's proposed restrictions for viewing source code only on a stand-alone computer and advance notice of those receiving access were reasonable, its proposed restrictions on printouts and copying were not. (*Id.*) The Court therefore ordered the parties to "confer and agree to less restrictive copying protocols" and invited them to "request the intervention of the Magistrate Judge to help fashion such restrictions" if they were unable reach agreement. (*Id.*)

Following the Court's Order, Lynx proposed revisions to MRI's draft "Addendum to Stipulated Protective Order Regarding Source Code" to address the copying and printing issues that the Court found unreasonable. (Sept. 29, 2014, email from D. Movius to G. Yanchar, submitted as Exh. A.) MRI responded the next day that it would "carefully consider" Lynx's proposed revisions. (Sept. 30, 2014, email from G. Yanchar to D. Movius, submitted as Exh. B.) Lynx and MRI then reported to the Court that, although they had not yet agreed upon language, they "plan[ned] to further confer" and that "the assistance of the Magistrate Judge may be required." (Joint Report, ECF # 140.) To date, however, MRI has not provided any substantive response to Lynx's proposed revisions to the draft source code addendum.

During much of that time, the parties were actively negotiating a potential settlement of this case. Unfortunately, those negotiations ended in January without an agreement and the parties returned their focus to litigation, including the issue

{5328455:}  2

of MRI's source code. Having not heard back from MRI on that issue, Lynx wrote to MRI on January 23, 2015, asking as follows:

> Finally, assuming that MRI's position has not changed with respect to the production of its source code, we believe it also makes sense for the parties to jointly request referral of that issue to Magistrate Judge Vecchiarelli consistent with Judge Boyko's September 18, 2014, Order. Therefore, please also confirm by next Wednesday whether MRI's position with respect to its source code has changed and, if not, whether it will join Lynx in requesting referral of that issue to Magistrate Vecchiarelli.

(Jan. 23, 2015, email from D. Movius to G. Yanchar, submitted as Exh. C.) MRI did not respond to that email, either to indicate whether its position with respect to producing its source code has changed or to indicate whether it would join Lynx in requesting the Magistrate Judge's assistance with this matter. Therefore, by necessity, Lynx brings this motion solely on its own behalf.

In addition to the issue of MRI's source code, Lynx notes that it will likely need the Court's assistance with several other matters that also may be appropriate for referral to the Magistrate Judge. Those matters include MRI's failure to provide critical discovery that Lynx first requested in April 2013. Lynx also anticipates moving to extend the fact discovery cut-off (with corresponding extensions to the other case deadlines) because it will not be able to complete fact its discovery by the presently-scheduled February 27, 2015, deadline without having MRI's source code and the other discovery materials that remain outstanding. Lynx will seek the Court's assistance (or the Magistrate Judge's, as appropriate) with these issues if it is unable to promptly resolve them directly with MRI.

For the foregoing reasons, Lynx Systems, Inc. respectfully asks the Court to grant this motion and refer this case to Magistrate Judge Vecchiarelli for assistance with implementing a source code protective order consistent with the Court's September 18, 2014 Order.

|  |  |
|---|---|
| Dated: January 29, 2015 | Respectfully submitted,<br><br>    /s/ David T. Movius<br>David T. Movius (OH 0070132)<br>   *dmovius@mcdonaldhopkins.com*<br>Matthew J. Cavanagh (OH 0079522)<br>   *mcavanagh@mcdonaldhopkins.com*<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 │ f 216.348.5474<br><br>and<br><br>John T. McLandrich (OH 0021494)<br>   *jmclandrich@mrrlaw.com*<br>MAZANEC, RASKIN & RYDER CO., L.P.A.<br>100 Franklin's Row<br>34305 Solon Road<br>Cleveland, Ohio 44139<br>t 440.248.7906 │ f 440.248.8861<br><br>*Counsel for Lynx Systems, Inc.* |

**Certificate Of Service**

I hereby certify that, on January 29, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

        /s/ David T. Movius
*Counsel for Lynx Systems, Inc.*