# EXHIBIT C

# Movius, David

| | |
|---|---|
| **From:** | Movius, David |
| **Sent:** | Friday, January 23, 2015 5:12 PM |
| **To:** | 'Yanchar, Georgia' |
| **Cc:** | McMullen, Dan; McDougall, Mark; Lambillotte, Veronica; McLandrich, John |
| **Subject:** | RE: MRI Software v. Lynx Systems, Inc. and Donald Robinson |

Georgia –

Thank you for your email and letter.

The discovery process outlined in your email is not workable. Separate and apart from the parties' duty to supplement their prior discovery responses due to the passage of time, MRI has not completed even its initial responses to discovery that Lynx served almost two years ago. Lynx needs that discovery—and MRI's source code, consistent with Judge Boyko's September 18, 2014 Order—sufficiently before the discovery cut-off to take the depositions it has requested. From your letter, it is clear that will not happen.

As you will recall, my clients agreed to propose a February 27, 2015, fact discovery cut-off based on MRI's express representation that it would address its outstanding discovery deficiencies. While your letter today is appreciated, it does not go far enough. For many of MRI's outstanding deficiencies, it appears that motion practice will be necessary. And for those issues that MRI has agreed to address, providing additional documents just two weeks before the cut-off date does not give Lynx sufficient time to prepare for and take the depositions it has requested, especially considering the substantial volume of documents that remain for MRI to produce.

Given this situation, we believe it makes the most sense for the parties to jointly move the Court to extend the fact discovery cut-off at least until April 30, with like extensions of the other case deadlines. Please let us know by next Wednesday if MRI agrees. Otherwise, Lynx and Don Robinson will have no choice but to move the Court for relief with respect to both MRI's outstanding deficiencies and the case deadlines.

Finally, assuming that MRI's position has not changed with respect to the production of its source code, we believe it also makes sense for the parties to jointly request referral of that issue to Magistrate Judge Vecchiarelli consistent with Judge Boyko's September 18, 2014 Order. Therefore, please also confirm by next Wednesday whether MRI's position with respect to its source code has changed and, if not, whether it will join Lynx in requesting referral of that issue to Magistrate Vecchiarelli.

Regards,

Dave

---

**David T. Movius**
**Member**





T: 216.430.2029
F: 216.348.5474
dmovius@mcdonaldhopkins.com
www.mcdonaldhopkins.com

**600 Superior Avenue East**
**Suite 2100**
**Cleveland, OH 44114**

**Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach**

**From:** Yanchar, Georgia [mailto:GYanchar@Calfee.com]
**Sent:** Friday, January 16, 2015 3:51 PM
**To:** Movius, David
**Cc:** McMullen, Dan; McDougall, Mark; Lambillotte, Veronica; McLandrich, John
**Subject:** RE: MRI Software v. Lynx Systems, Inc. and Donald Robinson

1

Dear Dave,

I hope you also enjoyed the holidays.

As to documents, MRI is already in the process of updating its collection and production.  I will formally respond to your letter and provide a date by when we expect MRI's supplemental document production will be substantially complete by next week.  Please let me know if Lynx and Robinson can likewise commit to providing next week, a date by which their document productions will be substantially complete.

Assuming both parties' document productions will be substantially completed in the coming few weeks, with respect to depositions, I recommend that we  also agree to exchange next week, proposed dates for the requested depositions in late February.  We note that you earlier indicated that Lynx planned to serve a 30(b)(6) deposition notice.  If that is still Lynx's intent, we request that you do so no later than next week, so that we can identify the appropriate witnesses and schedule accordingly.  Please also let me know if Mr. Robinson intends to serve any notices requesting depositions of any additional witnesses.

Regards,

Georgia


**Georgia E. Yanchar**
*Attorney At Law*
gyanchar@calfee.com
216.622.8233 **Phone**
216.241.0816 **Fax**


Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607



     **Cleveland | Columbus | Cincinnati**                    **V-card | www.calfee.com**

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Movius, David [mailto:dmovius@mcdonaldhopkins.com]
**Sent:** Friday, January 09, 2015 3:31 PM
**To:** Yanchar, Georgia
**Cc:** McMullen, Dan; McDougall, Mark; Lambillotte, Veronica; McLandrich, John
**Subject:** RE: MRI Software v. Lynx Systems, Inc. and Donald Robinson

Georgia –

Thank you for your email, and I hope you enjoyed the holidays.

As you know, MRI also has the obligation pursuant to Fed. R. Civ. P. 26(e) to supplement its discovery responses in a timely manner, which it has clearly failed to do despite acknowledging in the parties' October 17, 2014, joint report that it needs "to collect and produce relevant, responsive emails and documents created after its latest collection and

production." MRI also has not indicated when the witnesses Lynx has requested will be available for deposition. Finally, MRI still has not responded to the discovery deficiencies raised in my June 12, 2014, letter despite your October 17, 2014 email (attached) indicating that MRI would do so. Please let me know when Lynx can expect MRI's responses on each of these issues so we can timely complete discovery in this matter.

Regards,

Dave

---

**David T. Movius**
Member





T: 216.430.2029
F: 216.348.5474
dmovius@mcdonaldhopkins.com
www.mcdonaldhopkins.com

**600 Superior Avenue East
Suite 2100
Cleveland, OH 44114**

Chicago • Cleveland • Columbus • Detroit • Miami • West Palm Beach

**From:** Yanchar, Georgia [mailto:GYanchar@Calfee.com]
**Sent:** Thursday, January 08, 2015 5:14 PM
**To:** Movius, David; McLandrich, John
**Cc:** McMullen, Dan; McDougall, Mark; Lambillotte, Veronica
**Subject:** MRI Software v. Lynx Systems, Inc. and Donald Robinson

Dear Counsel,

In the parties' joint report filed on October 17, 2014, Lynx acknowledged that it "will need to collect and produce relevant, responsive emails and documents created after April 2013, the date of its last collection,"  and that it "agreed to make 9 witnesses available for deposition."  To date, we have not received a single document, nor have you indicated when your witnesses will be available for deposition.   Pursuant to Fed. R. Civ. P. 26(e), Lynx has an obligation to supplement its discovery responses "in a timely matter."  This Lynx has clearly failed to do.  Please let me know when we can expect Lynx's supplemental responses, so that we can timely complete discovery in this matter.

Regards,

Georgia


**Georgia E. Yanchar**
*Attorney At Law*
gyanchar@calfee.com
216.622.8233 **Phone**
216.241.0816 **Fax**


Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607



---



**Cleveland | Columbus | Cincinnati**  **V-card | www.calfee.com**

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.