IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO. 1:12-cv-01082-CAB |
| | ) | |
| Plaintiff, | ) | JUDGE: Christopher A. Boyko |
| | ) | |
| v. | ) | |
| | ) | MAG. JUDGE: Nancy A. Vecchiarelli |
| LYNX SYSTEMS, INC., | ) | |
| | ) | |
| DONALD ROBINSON, | ) | |
| | ) | |
| Defendants. | | |

## MOTION TO SHOW CAUSE WHY LYNX SHOULD NOT BE HELD IN CONTEMPT OF THE COURT'S FEBRUARY 2016 ORDER AND TO HOLD LYNX IN CONTINUED CONTEMPT OF THE INJUNCTION ORDER

Plaintiff, MRI Software, LLC ("MRI") respectfully files the instant Motion to Show Cause as to Why Lynx Should Not Be Held in Contempt of the Court's February 24, 2016 Order (herein the "February 2016 Order") and Continued Contempt of the Court's November 9, 2012 Stipulated Injunction Order (the "Injunction Order").

**I.  Applicable Legal Principles**

The applicable legal principles are as set forth in the Court's February 24, 2016 Order. D.I. 172 at p. 8.

**II.  Analysis**

    **A.  Lynx Has Violated the Court's Order to Remove the List of Customizations from its Website.**

In the February 2016 Order, the Court expressly ordered Lynx to remove the list of former MRI customizations from the Lynx website. D.I. 172, p. 11. Now, a *month* after the Court's order, the same list of products still appears on Lynx's website. *See* Exh. A, printout from Lynx's website, dated March 24, 2016. A month is more than sufficient time to remove a

page from a website. Because Lynx has violated a definite and specific order of the Court requiring it to remove the foregoing list from its website, Lynx should show cause why it should not be held in contempt of the February 2016 Order.

> B. **Lynx Continues to Violate the Court's Order Enjoining It From Advertising Customizations.**

Section 2(k) of the Injunction Order enjoins Lynx from offering or advertising for resale any Customizations on any website owned or controlled by Lynx. D.I. 36, p. 3. Referencing the passage below from Lynx's website, the February 2016 Order found that Lynx violated Section 2(k):

> The Lynx team has been developing customization for MRI users for over a decade. To better serve our clients we now also offer SSRS and SharePoint development for customization requests. Below are some of the customizations that we have previously developed for MRI users.

The Court held that such "language does appear to presently advertise MRI customizations," and that "Lynx is still advertising these products and violates Section 2(k) [of the Injunction Order]." D.I., 172, February 2016 Order, p. 12.

Now, a month after the Court's order and finding of violation of the Injunction Order, the same passage *still* appears on Lynx's website. *See* Exh. A, printout from Lynx's website, dated March 24, 2016. A month is more than sufficient time to remove a page from a website. Because Lynx has violated a definite and specific order of the Court (entered over three years ago) enjoining it from advertising Customizations, and has *continued* to do so for a *month* after being specifically *held* to have violated such order, Lynx should be held in contempt.

>  C. **Lynx Has Violated the Court's Order to Refrain From Providing Certain Services to "Master Agreement Signatories" Identified in "Confidential" Lists Provided to Lynx's Counsel.**

The Injunction Order enjoins Lynx from providing certain services and accessing, or attempting to access, the MRI Software on the computers of Master Agreement Signatories. The February 2016 Order held that as to "customers so identified [i.e., as Master Agreement Signatories on lists designated "Confidential" and provided to Lynx's counsel], Lynx was expressly prohibited from accessing, attempting to access or knowingly facilitating any access to any instance of MRI Software on the computers of Master Agreement Signatories." D.I. 172, February 2016 Order, p. 15.

As set out in MRI's prior submissions to the Court, lists of Master Agreement Signatories marked "Confidential" were provided to Lynx on October 22, 2012 and February 18, 2013. Exh. B and C. As set out in MRI's Motion for Status Conference, deposition evidence collected in the summer of 2015 (after MRI's original Motion to Show Cause) showed that Lynx routinely ignored the definition of "Master Agreement Signatory" set forth in the Injunction Order, and as a result, continued serving some Master Agreement Signatories as if they were non-Master Agreement Signatories, including by, e.g., dialing in *directly* (i.e., *not* just via Webex) and *using* such clients' MRI Software. D.I., 163, at pp. 10-15.[1] Rather than consulting the lists of Master Agreement Signatories provided to Lynx, to determine which clients' MRI Software they can and cannot access, Lynx personnel instead refer to Lynx's Salesforce records as to who is "SMA" or "non-SMA," which in turn are reportedly based on what clients tell Lynx. *See* D.I. 163, Motion for Status Conference, at pp. 11-12 (summarizing and attaching deposition testimony of Lynx personnel). Lynx obviously cannot, in good faith, purport to comply with the

{03639572.DOC;1 } 3

Injunction Order if its personnel are ignorant of who is and is not a Master Agreement Signatory as defined therein.

Again more recently, on October 27, 2015, counsel for MRI sent another "Confidential" list of Master Agreement Signatories to Lynx's counsel. *See* Exh. D, 10/27/15 letter. This list, naming 90 Lynx-MRI clients, was intended to serve as an omnibus list of Master Agreement Signatories, updated to reflect the new MRI clients for whom Lynx began doing work and the additional companies who signed MRI's Master Agreement since the date of the Injunction Order. The letter expressly requested that Lynx's counsel "confirm that the foregoing information is provided to Lynx and... ensure that Lynx's records, including its Salesforce records, are made consistent with the foregoing." *Id.* at p. 3.

In response to MRI's October 27, 2015 letter, Lynx's counsel promptly wrote back, stating:

> While I acknowledge receipt of your October 27, 2015 letter, neither John McLandrich nor I will be providing a copy of it or any of the information it contains to Lynx or otherwise taking any steps to ensure that Lynx's records are made consistent with it as you have requested.
>
> \*     \*     \*
>
> John McLandrich and I do not have any obligation to communicate any of the information contained in your letter . . . John McLandrich and I do not consent to any attorney for MRI communicating directly or indirectly with Lynx regarding any matter relating to this case, and will not serve as your conduit for indirectly communicating with Lynx.

Exh.E, 10/29/15 Letter. In short, Lynx's counsel *flatly refused* to inform Lynx of the identity of Master Agreement Signatories.

---

[1] Per the Court's February 5, 2016 Order, it is undersigned counsel's understanding that the evidence submitted with MRI's Motion for Status Conference was not considered by the Court in reaching the determinations contained in the February 24, 2016 Order. *See* D.I. 170 at p. 2.

{03639572.DOC;1 }  4

In a responsive letter dated November 13, 2015, MRI addressed each of Lynx's counsel's arguments -- all of which had been raised before in briefs opposing MRI's Motion to Show Cause -- and again requested that its October 27 letter be provided to Lynx and Lynx's records be made consistent. Exh. F, 11/13/15 Letter. Lynx did not respond.

Lynx's counsel's rationalizations for its refusal to provide notice were all raised in the briefs it filed opposing MRI's original Motion to Show Cause, and *rejected* in the Court's February 2016 Order. D.I. 172, at p. 15.

Following the Court's February 2016 Order, MRI again requested that Lynx counsel confirm its October 27, 2015 letter had been provided to Lynx and that Lynx's records, including its Salesforce records, had been made consistent with the list of Master Agreement Signatories contained therein. *See* Exh. G, 3/9/16, 5:01 p.m. email. Lynx persists in its willful refusal to respond.

The Injunction Order and the February 2016 Order clearly and explicitly prohibit Lynx from accessing, attempting to access, or knowingly facilitating any access to any instance of MRI Software on the computers of Master Agreement Signatories. Lynx persists in violating these orders by willfully blinding itself to the identity of Master Agreement Signatories.

Moreover, as set out in MRI's Motion for Status Conference, as a (presumably intended) result of its willful blindness, Lynx has serviced some Master Agreement Signatories as if they were not Master Agreement Signatories, i.e., by directly accessing and using MRI Software, in violation of the Court's orders. D.I., 163, at pp. 10-15. Moreover, MRI has requested that Lynx provide its Salesforce records showing which Lynx clients are reflected in Lynx's records as being subject to the restrictions of the Injunction Order; however Lynx has refused. *See* D.I. 163, Motion for Status Conference at p. 11, and Exh. D thereto.

Equally troubling is Lynx's continuing refusal to respond to (or even acknowledge) MRI's repeated requests that Lynx supplement its production of its Invoice Data, as required under the Federal Rules of Civil Procedure. *See* Exh. H, February 11, 2016 and March 9, 2016 emails. Lynx's Invoice Data includes the service descriptions that are contemporaneously created by Lynx personnel to reflect their daily activities on behalf of Lynx-MRI clients, as well as Lynx's categorization of such services, and invoice amounts for such services. The most recent Invoice Data produced by Lynx is dated April 2015. Updated Invoice Data will show the extent of Lynx's provision of prohibited services to MRI clients erroneously categorized by Lynx as not being Master Agreement Signatories (i.e., "non-SMA"). Perhaps unsurprisingly, Lynx has continued to refuse to provide this evidence, which is in its sole possession.[2]

### III.   Conclusion

MRI respectfully submits that Lynx should show cause why it should not be held in contempt of the Court's February 2016 Order, and that Lynx should now be *held* in contempt of the Injunction Order. Lynx has violated the definite and specific orders of the Court: a) to remove the list of MRI Customizations from its website; b) prohibiting it from advertising Customizations; and c) prohibiting it from providing certain services and accessing, or attempting to access, the MRI Software on the computers of Master Agreement Signatories (i.e., as identified on lists marked "Confidential" and provided to Lynx's counsel).

---

[2] At the Court's request, MRI will submit the Lynx Invoice Data it has received so far, showing the extent of services Lynx has provided for each of the 90 Master Agreement Signatories since the date Lynx received notice that each of them were Master Agreement Signatories. Lynx has invoiced Master Agreement Signatories hundreds of thousands of dollars since the date of the Injunction Order.

**IV.     Requested Relief**

In the February 2016 Order, the Court indicated that would withhold a determination of sanctions for Lynx's violations of the Injunction Order to that date until after the March 2, 2016 Settlement Conference. In its original Motion to Show Cause dated February 5, 2013, MRI requested, *inter alia*, that Lynx purge its contempt by complying with the Injunction Order in full and certify the same to the Court and reimburse MRI for its legal fees in enforcing the Injunction Order. Such relief remains in order.

As a sanction for the violation found in the February 2016 Order and the ongoing and additional violations described above, MRI respectfully requests that the Court enter an Order directed to Defendants Lynx, Don Robinson ("Robinson") and all those acting in active concert or participation with them, as follows:

1. Lynx is held in contempt for continuing to advertise MRI customizations in violation of Section 2(k) of the Injunction Order, including since the Court's express finding of its violation of same, and ordered to pay a penalty of $1,000 per day for each day after February 24, 2016 that such advertising has continued and hereafter continues.

2. Lynx and Robinson are ordered to adhere strictly to the Injunction Order and certify in writing within ten (10) days hereof that they have done so and will continue to do so.

3. Lynx is ordered to pay MRI's attorney fees for bringing its Show Cause Motion, including subsequent briefing. MRI is directed to submit to Lynx its claim for such fees, with appropriate supporting documentation, within thirty (30) days and if they are not paid within thirty (30) days thereafter, the parties are directed to present their differences regarding same to the Court (to the attention of Magistrate Judge Vecchiarelli).

4. Lynx and Robinson are directed to appear and show cause within thirty (30) days why either or both of them should not be held in contempt of the February 2016 Order for a) failing to remove the list of MRI customizations from the Lynx website, as ordered, and b) refusing to acknowledge awareness of the MRI Master Agreement Signatories identified in lists designated as "Confidential" by counsel for MRI and provided to counsel for Defendants, despite the finding in the February 2016 Order.

5. Lynx is ordered to provide an accounting of revenue received for services rendered in violation of the Injunction Order.

March 24, 2016

Respectfully submitted,

*/s/ Georgia Yanchar*
Daniel J. McMullen (OH 0034380)
Georgia K.E. Yanchar (OH 0071458)
Mark W. McDougall (OH 0080698)
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, OH 44114
(216) 622-8233 / (216) 241-0816 Fax
dmcmullen@calfee.com
gyanchar@calfee.com
mmcdougall@calfee.com
*Attorneys for Plaintiff, MRI Software, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 24, 2016, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Any parties not receiving service via the Court's electronic filing system will receive a copy of the filing by regular U.S. mail, postage pre-paid.

                                                        */s/ Georgia E. Yanchar*
                                                        One of the Attorneys for Plaintiff