UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Opposition to MRI Software, LLC's Motion to Show
Cause Why Lynx Should Not Be Held in Contempt of the Court's February
2016 Order and to Hold Lynx in Continued Contempt of the Injunction Order**

Lynx Systems, Inc. and Donald Robinson submit this brief in opposition to MRI Software, LLC's Motion to Show Cause Why Lynx Should Not Be Held in Contempt of the Court's February 2016 Order and to Hold Lynx in Continued Contempt of the Injunction Order (ECF # 176).

Having all but failed to establish a violation of the Stipulated Injunction on its first show cause motion, MRI is back for a second bite at the apple. First, MRI argues that Lynx should be held in contempt based on two references appearing on a single page of its website. For one, however, an exhibit to MRI's own motion proves that Lynx *already removed* the verbiage specifically identified by the Court as being problematic. And for the other, the Court did not find the language in question to be a violation of the Stipulated Injunction, it only was not removed due to an inadvertent oversight of the Court's acceptance of Lynx's voluntary offer to remove it, and Lynx removed it immediately after learning of its oversight. Therefore, neither is grounds for the Court to grant MRI's motion.

{6051016:}

MRI also argues that Lynx should be ordered to show cause because MRI believes that Lynx provided prohibited services to clients that MRI designated as "Master Agreement Signatories." MRI, however, has not come forward with any evidence that Lynx has provided any such services to designated clients following the Court's issuance of its February 2016 Order. MRI therefore has not met its burden of coming forward with clear and convincing evidence that Lynx has violated the Stipulated Injunction and its second motion to should cause should be denied.

## Law and Argument

### A. Legal Standard

Before the Court may issue an order compelling Lynx to appear before it to show cause as to why it should not be held in contempt of the Stipulated Injunction, MRI must establish "by clear and convincing evidence" that Lynx "violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts[.]" *Rolex Watch U.S.A. Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). Under this requirement, courts are to strictly construe "'court decrees to mean rather precisely what they say,' and ambiguities must be resolved in favor of persons charged with contempt." *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996) (quoting *NBA Properties, Inc. v. Gold*, 895 F.2d 30, 32 (1st Cir. 1990) (Breyer, J.)). MRI's motion should be denied because it has not—and cannot—meet this exacting standard.

### A. Lynx's Website

MRI asks the Court to order Lynx to show cause under the Court's February 24, 2016 Order (ECF # 172) for two reasons relating to its website: (a) because Lynx allegedly

continued advertising customizations after the Court's February 2016 Order; and (b) because Lynx did not remove a list of customizations from its website fast enough. The Court should deny MRI's motion on both bases.

The Court in its February 2016 Order found that Lynx violated Section 2(k) of the Stipulated Injunction because its use of the word "also" in the following sentence constituted an advertisement of customizations that Lynx previously had developed:

> The Lynx team has been developing customizations for MRI users over a decade. To better serve our clients we now **_ALSO_** offer SSRS and SharePoint development for customization request. Below are some of the customizations that we have previously developed for MRI users.

(Lynx Website, *quoted in* Order at 12; emphasis by Court.) In moving the Court, MRI represents that, as of the date of its motion, "the same passage *still* appears on Lynx's website." (MRI Br., ECF # 17, at 2; emphasis in original.) As Exhibit A to MRI's motion irrefutably establishes, MRI's assertion is demonstrably false.

Shortly after the Court issued its February 2016 Order, Lynx revised its website to remove the word "also" from the sentence in question. That change is shown clearly by comparing the webpage screenshot attached as Exhibit A to MRI's present motion with the same page MRI attached as an exhibit to its original show cause motion, as follows:

**CUSTOMIZE**

The Lynx team has been developing customizations for MRI users for over a decade. To better serve our clients we now also offer SSRS and SharePoint development for customization requests. Below are some of the customizations that we have previously developed for MRI Users:

**Before February 2016 Order**
(*See* ECF # 40-5, at PageID # 1196; emphasis added.)

> **CUSTOMIZE**
>
> The Lynx team has been developing customizations for MRI users for over a decade. To better serve our clients we now offer SSRS and SharePoint development for customization requests. Below are some of the customizations that we have previously developed for MRI Users:

**After February 2016 Order But Before MRI's Motion**
(See ECF # 176-1, at PageID # 4054; emphasis added.)

As this comparison makes clear, Lynx had removed the word "also" from the relevant sentence on its website *before* MRI filed its present motion. Indeed, it made that change before the March 2, 2016, settlement conference. Lynx therefore has complied fully with both the Stipulated Injunction and the February 2016 Order on this basis.

MRI also asks the Court to order Lynx to show cause because it did not remove a listing of customizations from that same page of its website by the time MRI filed its motion. While MRI is correct that Lynx had not removed the list in question by the time MRI filed its motion, it did not do so out of contempt for the Court's order and no contempt finding is warranted.

In reviewing the February 2016 Order with respect to this issue, Lynx and its counsel first noted the Court's finding that Lynx's list of past customizations did *not* violate the Stipulated Injunction, as follows: "The Court agrees and holds 2(k) is susceptible to both interpretations and therefore, finds no violation." (Order at 11.) Lynx and its counsel then focused on the Order's concluding paragraphs to determine what corrective action was needed. They therefore did not identify the Court's direction on page 11 to remove the list of prior MRI customizations from its website based on Lynx's offer to do so. If they had,

Lynx would have removed the list of customizations at the same time it removed the word "also" from the same page, as discussed above. Lynx and its counsel apologize for that oversight. Lynx also notes that it would have immediately removed the listing of customizations had MRI raised it directly instead of moving the Court.

In any event, Lynx immediately removed the list of customizations from its website upon receiving MRI's motion, as shown by the time-stamped printout of the webpage at issue attached hereto as *Exhibit A*. The listing of customizations thus was removed from Lynx's website within twenty-nine days of the Court's February 2016 Order.

Finally, Lynx respectfully notes that the Court did not set a deadline for removal of the customization list from its website. Lynx and its counsel therefore respectfully submit that there has been no violation of the Order. If, however, the Court concludes that the customization list should have been removed earlier, Lynx and its counsel submit that any delay in doing so was inadvertent and excusable. Under Federal Rule of Civil Procedure 60(b), the Court can grant relief from an interlocutory order arising from "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The Court therefore should also deny MRI's motion with respect to Lynx's listing of former MRI customizations on its website.

**B.      Services to "Master Agreement Signatories"**

The Court also should reject MRI's motion with respect to Lynx's allegedly improper services to so-called "Master Agreement Signatories." While MRI makes much of the correspondence exchanged between counsel after the Court's Order regarding MRI's

designation of customers as "Master Agreement Signatories" under the Stipulated Injunction, that is not evidence that could warrant granting MRI's motion on this issue.

In support of it position, MRI relies on the following statement by the Court on page 15 of the February 2016 Order: "Lynx was expressly prohibited from accessing, attempting to access or knowingly facilitating any access to any instance of MRI Software on the computers of Master Agreement Signatories." (MRI Br. at 3, quoting Order at 15.) MRI, however, ignores the Court's immediately-following sentence, which states:

> However, the ultimate determination of this issue as described above is reserved for the trier of fact as there are genuine issues of material fact whether using WebEx to access MAS computers involves assessing MRI software. Therefore, the Court finds that MRI has failed to demonstrate, by clear and convincing evidence, a violation.

(Order at 15.) MRI also ignores the reference in this sentence to the "issue as described above," in which the Court found:

> The Court finds that determining the issue whether access through WebEx and access to the data involves necessarily accessing or attempting to access MRI software are fact questions requiring expert testimony. Therefore, the Court finds Plaintiff has not shown by clear and convincing evidence a violation. Furthermore, such a determination goes directly to claims in Plaintiff's Complaint. (Computer Fraud, Inducement to Breach, for example.) This issue is more appropriately determined at trial or on summary judgment.

(Order at 14.) These findings in the February 2016 Order are fatal to MRI's motion because the question of whether a particular client has been designated as a "Master Agreement Signatory" is of no moment unless MRI proves that Lynx provided any prohibited services to such clients, which it has not.

As the party moving the Court to order Lynx to show cause as to why it should not be held in contempt, MRI has the burden of establishing "by clear and convincing

evidence" that Lynx "violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts[.]" *Rolex Watch U.S.A. Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). Consistent with the February 2016 Order, MRI had to present the Court with expert testimony on this issue. (*See* Order at 14, 15.) MRI, however, did not present any such evidence regarding whether Lynx's alleged actions, whether by using WebEx or accessing its clients' data directly, violated the Stipulated Injunction. Therefore, even assuming that MRI has now properly notified Lynx of the clients it contends are Master Agreement Signatories, MRI has not met its burden of coming forward with clear and convincing evidence that Lynx has violated the Stipulated Injunction by providing prohibited services to them.

Instead of coming forward with the necessary evidence, MRI relies on its squabbles with Lynx's counsel over what they have or have not communicated to their client and its complaints regarding Lynx's supplementation of its prior discovery responses. Neither proves anything. First, all communications between Lynx and its counsel regarding this issue are subject to the attorney-client privilege. Second, Lynx has already supplemented its production of invoice data on multiple occasions, and it will continue to do so in full compliance with its obligations under the Federal Rules of Civil Procedure. Moreover, if MRI believes that Lynx has failed to do so, the proper course of action would be for its counsel to meet and confer with Lynx's counsel as required by Federal Rule of Civil Procedure 37, Local Rule 37.1 and this Court's previous orders, not to try to leverage that issue by moving the Court for a finding of contempt in the first instance. MRI did not, so the Court should not consider any of MRI's discovery-driven arguments.

Finally, MRI points to deposition testimony cited in its Motion for Status Conference regarding three clients for whom MRI contends that Lynx directly accessed their instances of MRI's software. (*See* ECF # 163, at 12-13.) The Court, however, did not find Lynx in contempt based on MRI's similar arguments in support of its initial show cause motion. (*See, e.g.,* MRI Mot., ECF # 40-1, at 4-11; MRI Reply, ECF # 49, at 8-13.) That notwithstanding, MRI reiterates its well-worn claim that Lynx acted with willful blindness regarding clients that MRI had purported to identify as Master Agreement Signatories under the Stipulated Protective Order. But in so arguing, MRI ignores that the Court had not resolved the question of whether a purported identification under a "CONFIDENTIAL" designation was sufficient under the Stipulated Injunction until its February 2016 Order. Therefore, because such ambiguities must be resolved in favor of the party charged with contempt, *see Grace*, 72 F.3d at 1241, MRI should not be heard to seek retroactive application of that finding to services that Lynx provided before the Court's February 2016 Order. The Court therefore should deny MRI's motion with respect to Lynx's alleged provision of prohibited services to Master Agreement Signatories for each of these reasons.

C. <u>**MRI's Requested Relief**</u>

In addition to the reasons set forth above as to why MRI's motion should be denied, the relief MRI requested is neither appropriate nor warranted if the Court were to find a violation of the Stipulated Injunction. First, a fine of $1,000 per day with respect to Lynx's website is not warranted because (a) Lynx removed the one word the that the Court found to be in violation of the Stipulated Injunction *before* MRI filed its motion, (b) the Court did not find any violation based on the list of prior customizations, (c) the Court did not

set a date certain for removal of that list, and (d) MRI cannot demonstrate any harm to it flowing from the listing remaining on Lynx's website for twenty-nine days. Second, an award of MRI's fees with respect *both* its first *and* second show cause motions is not warranted and would represent a windfall to MRI that would only reward and encourage its scorched-earth litigation tactics. Third, there is no requirement under the Stipulated Injunction that Lynx or Mr. Robinson (who is not the subject of either of MRI's show cause motions) to "acknowledge awareness of the MRI Master Agreement Signatories" identified by MRI under a "CONFIDENTIAL" designation. And fourth, MRI's entitlement to damages for any restricted services Lynx may have provided to Master Agreement Signatories should be determined on the merits of the case at trial, not as a result of MRI's repeated attempts to win this case on bases other than its merits.

## Conclusion

For the foregoing reasons, the Court should deny MRI's Motion to Show Cause Why Lynx Should Not Be Held In Contempt of the Court's February 2016 Order and to Hold Lynx in Continued Contempt of the Injunction Order.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 11, 2016 | /s/ DRAFT<br>David T. Movius (0070132)<br>dmovius@mcdonaldhopkins.com<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400  \|f 216.348.5474<br><br>John T. McLandrich (0021494)<br>jmclandrich@mrrlaw.com<br>MAZANEC, RASKIN & RYDER CO., L.P.A.<br>100 Franklin's Row<br>34305 Solon Road<br>Cleveland, Ohio 44139<br>t 440.248.7906  \|f 440.248.8861<br><br>*Attorneys for Lynx Systems, Inc., and Donald Robinson* |

## Certificate of Service

I hereby certify that, on April 11, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                                      /s/ DRAFT
                                        *Attorney for Lynx Systems,*
                                        *Inc., and Donald Robinson*