UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Defendants' Motion for Sanctions**
**Under Federal Rule of Civil Procedure 37(b)(2)(A)**

Lynx Systems, Inc. and Donald Robinson respectfully move the Court to sanction MRI Software, LLC pursuant to Federal Rule of Civil Procedure 37(b)(2) for failing to obey the Court's September 18, 2014, order compelling production of its source code (ECF # 136).

MRI materially violated the Court's September 2014 order by failing to produce the source code corresponding to five of the so-called "Copyrighted Works" it asserts against Lynx and Mr. Robinson. MRI's failure has materially prejudiced Lynx's and Mr. Robinson's ability to defend against MRI's copyright claims and to prosecute their copyright counterclaims and affirmative defenses, including:

- MRI's claims for copyright infringement (Counts I and V), violation of the Digital Millennium Copyright Act (Count IV) and for an accounting (Count XVII) in its Amended Complaint;

- Lynx's and Mr. Robinson's counterclaims for declarations of fair use (Lynx Count Nine, Robinson Count Two), copyright invalidity and unenforceability (Lynx Count Ten, Robinson Count Three), and copyright misuse (Lynx Count Eleven, Robinson Count Four); and,

{6063612:}

- Lynx's and Mr. Robinson's affirmative defenses of unclean hands, copyright misuse, fair use, and failure to properly register its copyrights.

Therefore, for the reasons set forth more fully Lynx's and Mr. Robinson's memorandum in support, the Court should grant this motion and sanction MRI under Federal Rule of Civil Procedure 37(b)(2)(A)(ii) by prohibiting it from:

(a)  supporting its U.S. and Canadian copyright infringement claims and its Digital Millennium Copyright Act claim;

(b)  opposing Lynx's and Mr. Robinson's counterclaims for declarations of fair use, copyright invalidity and unenforceability, and copyright misuse and their affirmative defenses of unclean hands, copyright misuse, fair use, and failure to properly register copyrights; and

(c)  introducing into evidence for any purpose evidence relating to the "Copyrighted Works" identified in its pleadings.

In the alternative, Lynx and Mr. Robinson ask the Court to sanction MRI by striking all references to the "Copyrighted Works" from MRI's Amended Complaint, granting Lynx and Mr. Robinson leave to move for judgment on the affected claims, prohibiting MRI from introducing any evidence relating to the "Copyrighted Works" in opposition to such motion, and staying this case until their motions are decided.

Finally, in addition to any other sanctions it may impose on MRI for its disobedience of the Court's September 2014 Order, Lynx and Mr. Robinson ask the Court to award them their reasonable attorneys' fees and expenses incurred in seeking discovery of MRI's source code, including with respect to this motion and their retention of their technical expert, Dr. Z. Meral Özsoyoÿlu, under Rule 37(b)(2)(C).

                                                Respectfully submitted,

Dated: April 13, 2016            /s/ David T. Movius
                                          David T. Movius (0070132)
                                           dmovius@mcdonaldhopkins.com
                                           McDonald Hopkins LLC
                                           600 Superior Avenue, East, Ste. 2100
                                           Cleveland, Ohio 44114
                                           t 216.348.5400   |f 216.348.5474

                                           John T. McLandrich (OH 0021494)
                                           jmclandrich@mrrlaw.com
                                           Mazanec, Raskin & Ryder Co., L.P.A.
                                           100 Franklin's Row
                                           34305 Solon Road
                                           Cleveland, Ohio 44139
                                           t 440.248.7906   |f 440.248.8861

                                           *Attorneys for Lynx Systems,*
                                           *Inc., and Donald Robinson*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI Software, LLC, | ) | Case No. 1:12-cv-01082 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynx Systems, Inc. et al., | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum in Support of Defendants' Motion for
Sanctions Under Federal Rule of Civil Procedure 37(b)(2)(A)**

The Court's September 18, 2014, Order (ECF # 136) compelled MRI Software, LLC to produce the source code for each version of its software corresponding to the copyright registrations it asserts in this case. Despite the Court also granting MRI substantial additional protections for its source code, MRI inexplicably failed to produce the source code for five versions of its software. Sanctions therefore are warranted and appropriate.

**Factual and Procedural Background**

The underlying facts relevant to this motion have been fully set forth in the Local Rule 37.1 Declaration of David T. Movius, Esq. (ECF # 95, "Movius Decl.") and Lynx's memoranda in support of its motion to compel (ECF # 96, 107).

In granting Lynx's motion to compel, the Court found that MRI's source code for each version of its "Copyrighted Works" is both "relevant and discoverable under Fed. R. Civ. P. 26(b) as it goes to the heart of Plaintiff's copyright claims." (Sept. 18, 2014 Order, ECF # 136 (the "September 2014 Order"), at 2.) The Court also granted MRI's motion for

{6063612:}

additional protections for its source code, which are embodied in the Source Code Addendum subsequently entered by the Court on March 3, 2015 (ECF # 159).

Despite the September 2014 Order, MRI failed to produce its source code for the following four versions of its software that are identified as part of the "Copyrighted Works" in paragraph 26 of its Complaint:

| Version | Copyright Reg. No. |
|---|---|
| MRI for Windows | TX0005447523 |
| MRI Software v1.3 | TX 452-908 |
| MRI Software v2.1.2 | TX 7-452-905 |
| MRI Software v4.3 | TX 7-501-582 |

MRI also failed to produce the source code for version 4.4 of its software, which it added to the "Copyrighted Works" in paragraph 38 of its Amended Complaint. MRI therefore has not complied with the Court's September 2014 Order, which compelled MRI to produce the complete source code for each asserted version of its "Copyrighted Works."

## Law And Argument

In addition to the Court's inherent authority, Federal Rules of Civil Procedure 37(b) authorizes the Court to impose sanctions if "a party ... fails to obey an order to provide or permit discovery." Fed. R, Civ. P. 37(b)(2)(A). Available sanctions include prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, dismissing all or part of an action, and treating the non-compliance as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii)-(v). The Court also "must" order payment of the requesting party's attorneys' fees "unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. at (b)(2)(C).

A. **Sanctions Are Warranted Because MRI Has Failed to Obey The Court's September 2014 Order**

The September 2014 Order compelled MRI to produce the source code for every software version within the "Copyrighted Works" in its Complaint. MRI, however, did not produce the source code for MRI for Windows, MRI Software v1.3, MRI Software v2.1.2, and MRI Software v. 4.3, which are identified in paragraph 26 of its Complaint, nor did it produce the source code for MRI Software v4.4, which it added to the "Copyrighted Works" in paragraph 38 its Amended Complaint. Sanctions therefore are warranted and should be imposed under Rule 37(b)(2)(A) because MRI failed to comply the September 2014 Order.

B. **The Court Should Prohibit MRI From Supporting its Copyright Claims and Opposing Lynx's and Mr. Robinson's Copyright Counterclaims and Defenses**

The Court has wide discretion to determine an appropriate sanction under Rule 37(b)(2). *See, e.g., Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642–43, (1976); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 955 (6th Cir. 2013). Relevant factors include evidence of willfulness or bad faith, the prejudice caused by the disobedience, whether the disobedient party was warned, and whether less drastic sanctions would suffice. *See Phillips v. Cohen,* 400 F.3d 388, 402 (6th Cir. 2005). Each of these factors weighs in favor of punishing MRI's noncompliance by prohibiting it from supporting its copyright claims and opposing Lynx's and Mr. Robinson's copyright claims and defenses and prohibiting it from otherwise introducing evidence relating to the "Copyrighted Works."

    1. MRI Acted Willfully and in Bad Faith

Willfulness, bad faith and fault are established where the noncompliant party fails to respond to amicable requests, forces an opponent to waste time, money and effort to

pursue discovery that it is entitled to receive, and fails to comply with an order granting a motion to compel. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). They are presumed where "the party has the ability to comply with a discovery order but does not." *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002).

While MRI produced some of its source code, partial compliance with a discovery order is not enough to avoid a finding of willfulness or bad faith. "Misconduct is not any less misconduct because it is executed with a veneer of good intentions." *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988) (noting that party whose case was dismissed "made a colorable effort to seem to be acting in good faith while in fact consistently refusing to supply relevant and unprivileged information"). Before MRI sued Lynx, it submitted its source to the U.S. Copyright Office in support of its applications for registration, so it necessarily had the source code for those versions in anticipation of this lawsuit. Thus, MRI either refused to produce source code in its possession, or it failed to preserve that essential evidence in anticipation of litigation. Either way, MRI's failure to produce all of it upon the Court's order demonstrates willfulness and bad faith.

Put simply, MRI has no conceivable excuse for not producing *all* of its source code. The Court therefore should find that MRI's non-compliance with the September 2014 Order was both willful and in bad faith and impose sanctions that are commensurate with the prejudice that MRI's non-compliance has caused.

    2.    <u>MRI's Disobedience Has Materially Prejudiced Lynx and Mr. Robinson</u>

As the Court found in granting Lynx's motion to compel, MRI's source code "goes to the heart of" its copyright claims. Considering its singular importance to this case, MRI's

failure to produce its source code has materially prejudiced Lynx and Mr. Robinson's ability to defend against MRI's copyright and related claims in at least the following ways:

<u>Ownership and validity</u> – MRI must prove ownership of valid copyrights, and Lynx and Mr. Robinson have asserted declaratory counterclaims of invalidity and unclean hands affirmative defenses. Lynx's and Mr. Robinson's technical expert Dr. Z. Meral Özsoyoÿlu has called into question the validity of MRI's copyrights for the sixteen versions of its software for which it produced source code. (*See* Report of Z. Meral Özsoyoÿlu, Ph.D. (the "Özsoyoÿlu Report"), submitted as Exh. A,[1] at 4-9.) Dr. Özsoyoÿlu was not, however, able to evaluate the validity of MRI's copyright registrations for the five versions of its software for which it has not produced its source code. (*Id.* at 4 fn.1.) Moreover, MRI registered ten of its 21 asserted copyrights more than five years after publication, so they have no presumption of validity under 17 U.S.C. § 410(c). MRI's failure to comply fully with the September 2014 Order thus has materially prejudiced Lynx's and Mr. Robinson's ability to defend against MRI's copyright claims and prosecute their related declaratory judgment counterclaims and unclean hands affirmative defenses.

<u>Copying</u> – MRI must prove copying and that the copied portions "were entitled to copyright protection." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004). To do so, the non-protectable elements, including abstract ideas, elements dictated by external considerations (*e.g.,* efficiency, business practices and industry standards), and elements that follow naturally from the work's theme must be excluded to isolate the "original" elements. *See, e.g., Kohus v. Mariol*, 328 F.3d 848, 853 (6th

---

[1] The exhibits to Dr. Özsoyoÿlu's report are not included because they are designated as "Attorneys' Eyes Only – Source Code" under the Source Code Addendum.

Cir. 2003). Moreover, the "original" elements must fall within the scope of MRI's registrations, which under 17 U.S.C. § 103(b) cover only the incremental changes vis-à-vis the preceding versions, for MRI to maintain this action. *See* 17 U.S.C. § 411(a). As Dr. Özsoyoÿlu opines, however, that cannot be determined without having the source code for every copyrighted iteration of MRI's software. (*See* Özsoyoÿlu Report at 9.) MRI's failure to produce its source code as ordered therefore has materially prejudiced Lynx's and Mr. Robinson's ability to defend against MRI's copyright claims.

<u>Fair Use</u> – Lynx and Mr. Robinson also assert counterclaims and affirmative defenses of fair use. One of the four non-exclusive fair use factors is "the amount … of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107. That factor often turns on a quantitative analysis of how much of a copyrighted work has been copied. *See New Era Publications Inter., ApS v. Carol Publ. Group*, 904 F.2d 152, 158-59 (2d Cir. 1990) (finding fair use and reversing permanent injunction). Lynx and Mr. Robinson cannot perform that analysis for any version of MRI's software for which it has not produced its corresponding source code. MRI's failure to produce that source code therefore has prejudiced Lynx's and Mr. Robinson's ability to assert fair use as a complete infringement defense.

3. <u>MRI Knew that Violation the Court's Order Would Lead to Sanctions</u>

While courts generally require "some notice" to an intransigent party before imposing dismissal sanctions, *see, e.g., Reyes,* 307 F.3d at 458, the filing of a motion for sanctions will satisfy that requirement. *See Harmon,* 110 F.3d at 368. Lynx and Mr. Robinson do not seek dismissal sanctions, so their motion more than satisfies the notice requirement. *See Sexton v. Uniroyal Chemical Co., Inc.*, 62 Fed. Appx. 615, 620 (6th Cir.

2003) (motion and hearing notice provided sufficient notice where sanctions were "tantamount to dismissal").

This motion notwithstanding, the history of this case eliminates any doubt regarding notice. Significantly, MRI itself was the first to raise the specter of sanctions by moving for contempt sanctions with respect to the Stipulated Injunction. Moreover, Lynx's multi-year effort to discover MRI's source code, including its motion to compel and the Court's September 2014 Order granting that motion, put MRI on notice that its source code is centrally importance to this case. Finally, although not directly related to MRI's source code, the Court previously admonished MRI's counsel of the possibility of sanctions in this case. (*See* May 31, 2012 Order, ECF # 20, at 5 fn.2.)

Given the importance of its source code to this case and MRI's own conduct, including its long history of resisting its production, MRI cannot claim surprise if the Court imposes sanctions on it for not complying with the September 2014 Order.

    4.    Prohibiting MRI from Supporting Its Copyright Claims and Opposing Lynx's and Mr. Robinson's Copyright Counterclaims and Affirmative Defenses is Appropriate

Where there is a clear record of willful discovery misconduct, the requirement that courts consider lesser sanctions is diminished or even eliminated. *See, e.g., Harmon,* 110 F.3d at 368 (affirming dismissal sanction "as the first and only sanction"). Thus, this factor becomes significant only "in the absence of contumacious conduct." *Id.*

MRI's failure to comply with the September 2014 Order has been willful and contumacious. MRI necessarily has source code for MRI for Windows and versions 1.3, 2.1.2, 4.3 and 4.4 of its software because it had to deposit it with the U.S. Copyright Office

to register its copyrights. Having done so, MRI voluntarily put its source code at issue by suing Lynx and Mr. Robinson for infringing its copyrights for those versions of its software. It therefore was entirely foreseeable to MRI that it would be asked—and required—to provide discovery of its source code when it filed this case.

Nonetheless, MRI has a long and clear record of resisting discovery of its source code. (*See* Movius Decl. ¶¶ 2-13.) Lynx requested MRI's source code on April 11, 2013. (*Id.* at ¶¶ 2-3.) MRI responded on May 30, 2013, by objecting on the basis of relevance, burden and vagueness (as a software company, MRI incredibly claimed that it did not know what the term "source code" meant), but not confidentiality, only to drop those objections shortly thereafter. (*Id.* at ¶¶ 4-8.) Lynx and MRI then met and conferred over the course of several months, both in writing and by telephone, until MRI stated it would not produce its source code absent a court order. (*Id.* at ¶¶ 6- 13.) While that is exactly what the Court ordered on September 18, 2014, MRI still has not produced all of its source code.

Considering this history, another order compelling MRI to produce the rest of its source code would be too little, too late. Fact discovery has already closed, Lynx and Mr. Robinson have served the report of their technical expert Dr. Özsoyoÿlu, and MRI has served its technical expert's reply report.[2] A further order compelling MRI therefore would be of limited value unless the Court also vacated the recently-ordered trial date and stayed this case so Dr. Özsoyoÿlu could supplement her report after MRI produced the missing source codes. But even then, Lynx and Mr. Robinson would have to pay Dr. Özsoyoÿlu to prepare another report beyond the substantial expense they already have incurred trying to

---

[2] Notably, MRI's technical expert did not respond to Dr. Özsoyoÿlu's discussion of the importance of the missing source code in his reply report.

secure MRI's compliance and the final disposition of this case would be delayed. While that can (and should) be alleviated by awarding Lynx and Mr. Robinson for their attorneys' fees and expenses, MRI should not be allowed to buy its way out of the consequences of its actions, and it cannot undue the non-monetary prejudice it already has caused.

Finally, the sanctions Lynx and Mr. Robinson seek are lesser sanctions. Lynx and Mr. Robinson are not asking the Court to dismiss this action or to render a default judgment against MRI, although both are available to the Court. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (vi). Nor are they asking the Court to find MRI in contempt under Civil Rule 37(b)(2)(A)(vii). Rather, they seek the lesser sanction of precluding MRI from:

(1) supporting its U.S. and Canadian copyright infringement claims and its Digital Millennium Copyright Act claim;

(b) opposing Lynx's and Mr. Robinson's counterclaims for declarations of fair use, copyright invalidity and unenforceability, and copyright misuse and their affirmative defenses of unclean hands, copyright misuse, fair use, and failure to properly register copyrights; and

(c) introducing into evidence for any purpose evidence relating to the "Copyrighted Works" identified in its pleadings.

This sanction, which is authorized by Civil Rule 37(b)(2)(A)(ii), is narrowly tailored to the specific prejudice MRI has caused, is warranted and appropriate under the circumstances.

If, however, the Court were inclined to impose a lesser sanction, Lynx and Mr. Robinson respectfully suggest that it instead strike all references to the "Copyrighted Works" from MRI's Amended Complaint under Federal Rule of Civil Procedure 37(b)(2)(A)(iii), grant Lynx and Mr. Robinson leave to move for judgment on MRI's claims that require proof of copyright ownership, prohibit MRI from introducing evidence relating to the "Copyrighted Works" in opposition to those motions, and stay this case until

their motions have been decided. Such a sanction would be proper under Civil Rule 37(b)(2)(A)(ii)-(iv), is even more narrowly tailored to the prejudice MRI has caused, and would provide Lynx and Mr. Robinson a measure of relief from that prejudice.

**D.     The Court Should Award Lynx and Mr. Robinson Their Attorneys Fees and Expenses**

Finally, in addition to any other sanctions it may impose on MRI for its disobedience of the Court's September 2014 Order, Lynx and Mr. Robinson ask the Court to award them their reasonable attorneys' fees and expenses incurred in seeking discovery of MRI's source code, including with respect to this motion and their retention of Dr. Özsoyoÿlu, under Rule 37(b)(2)(C). For the reasons set forth above, MRI has no justification for its failure to produce the source code for every version of its software as required by the September 2014 Order. An award of Lynx's and Mr. Robinson's fees and expenses therefore is warranted and required by rule.

## Conclusion

For the foregoing reasons, the Court should grant Lynx's and Don Robinson's motion and sanction MRI under Federal Rule of Civil Procedure 37(b)(2)(A) for failing to comply with the Court's September 18, 2014, Order compelling it to produce the source code for each version of its software it asserts in this case.

                                              Respectfully submitted,

Dated: April 13, 2016                /s/ David T. Movius
                                              David T. Movius (0070132)
                                              *dmovius@mcdonaldhopkins.com*
                                              MCDONALD HOPKINS LLC
                                              600 Superior Avenue, East, Ste. 2100
                                              Cleveland, Ohio 44114
                                              t 216.348.5400   |f 216.348.5474

                                              John T. McLandrich (0021494)
                                              *jmclandrich@mrrlaw.com*
                                              MAZANEC, RASKIN & RYDER CO., L.P.A.
                                              100 Franklin's Row
                                              34305 Solon Road
                                              Cleveland, Ohio 44139
                                              t 440.248.7906   |f 440.248.8861

                                              *Attorneys for Lynx Systems,*
                                              *Inc., and Donald Robinson*

## Certificate of Service

I hereby certify that, on April 13, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                          /s/ David T. Movius
                                     *Attorney for Lynx Systems,*
                                     *Inc., and Donald Robinson*